PeerStreet\1567 56th St - 1567 NY LLC\Braun v Chartwell\Rule 12(b) Motion to Dismiss - Declaration

**CHARTWELL LAW**
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
Matthew Burrows (NY ID 4861523)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for The Chartwell Law Offices LLP)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHLOMO BRAUN,** | ) Case No. 1:23-cv-08887 - DEH |
| | ) |
| Plaintiff, | ) **DECLARATION OF** |
| | ) **MATTHEW BURROWS IN** |
| v. | ) **SUPPORT OF MOTION TO** |
| | ) **DISMISS COMPLAINT, AND/OR** |
| **THE CHARTWELL LAW OFFICES, LLP,** | ) **FOR SUMMARY JUDGMENT** |
| | ) **PURSUANT TO FED.R.CIV.P.** |
| Defendant. | ) **RULES 12(b)(1), (b)(6) AND 56** |
| | ) |

Dated: October 20, 2023

    **I, MATTHEW BURROWS,** am over the age of eighteen, have personal knowledge of, and am competent to testify to the facts set forth below, and declare the following to be true and correct to the best of my knowledge, information and belief, pursuant to 28 U.S.C. § 1746:

    1.    I am a member of the New York Bar and of counsel for the firm, The Chartwell Law Offices, LLP (d/b/a Chartwell Law) ("Chartwell"), and counsel for Chartwell in this action, as well as the "Foreclosure Actions" identified below. As such counsel, I am familiar with the facts relevant thereto.

A. <u>**Procedural History**</u>.

2. Shlomo Braun ("Braun") commenced the above-captioned matter by filing a complaint against Chartwell with the Supreme Court of the State of New York, New York County, on August 31, 2023, sounding under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 -1692p (the "FDCPA" and "FDCPA Complaint"), which was docketed at Index No. 158686/2023 (the "FDCPA Action").

3. On September 28, 2023, Chartwell filed a Notice of Removal of the FDCPA Action to the United States District Court for the Eastern District of New York, which was docketed at Civil Action No. 1:23-cv-07241-OEM-TAM. On October 10, 2023, the Honorable Orelia E. Merchant entered a Summary Remand Order remanding the FDCPA Action to the State Court, holding that it should have been filed in the Southern District. Chartwell filed a Notice of Removal to this Court the same day, thereby initiating the above-captioned matter.

B. <u>**Facts Pertaining to 1567 56th St., Brooklyn, NY 11219**</u>.

4. Shlomo Braun (hereinafter "Braun") is the putative owner of real property located at 1567 56th St., Brooklyn, NY 11219 (the "1567 Property"). Braun allegedly took ownership of the 1567 Property by deed dated November 5, 2020, and recorded in the City Register of the City of New York on November 23, 2020 under CRFN: 2020000329861.

5. A review of the public records reveals that Judith Braun and Braun initially acquired the 1567 Property in 1985, as tenants by the entirety, via a deed recorded on October 25, 1985, in Reel 1713 Page 1261. Subsequently, Braun transferred the 1567 Property to 1567 56th t LLC via dated August 4, 2014, and recorded in the City Register of the City of New York on September 22, 2014 under CRFN: 2014000313033. Thereafter, 1567 56th St LLC transferred

2

the 1567 Property to 1567 LLC via deed dated August 20, 2019, recorded in the City Register of the City of New York on September 23, 2019 under CRFN: 2019000306591. Finally, 1567 LLC allegedly transferred the 1567 Property to Braun via deed dated November 5, 2020, and recorded in the City Register of the City of New York on November 19, 2020 under CRFN: 2020000325286.

6. On August 27, 2019, 1567 LLC and Rosa Funding, LLC (hereinafter "Rosa Funding") entered into a Loan Agreement with 1567 LLC (hereinafter "1567 Loan") whereby Rosa Funding lent 1567 LLC the principal sum of $1,200,000.00, with a loan maturity date of September 1, 2020.

7. On August 27, 2019, 1567 LLC duly executed and delivered its promissory note bearing said date, wherein 1567 LLC promised to repay to Rosa Funding, its successors or assigns, the principal sum of $1,200,000.00 with interest at the rate of 9.500% per annum as set forth in the promissory note (hereinafter "1567 Note"). A true and correct copy of the 1567 Note is attached hereto and made a part hereof as Exhibit "A".

8. On August 27, 2019, to secure the payment of the sum represented by the 1567 Note, 1567 LLC duly executed and delivered to Rosa Funding a mortgage and security agreement (the "1567 Mortgage"), dated and acknowledged on that day, whereby 1567 LLC mortgaged to Rosa Funding, its successors or assigns, the premises located at 1567 56th Street, Brooklyn, NY 11219 (Block 5488, Lot 50) (the "1567 Property"). The 1567 Mortgage was recorded in the Office of the City Register of the City of New York County of Kings on September 23, 2019, under CRFN: 2019000306592; and the mortgage recording tax thereon was duly paid. A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B".

9. To further secure the 1567 Loan, hereinbefore set forth, on August 27, 2019, Spitzer, duly executed, acknowledged and delivered to Rosa Funding an unconditional guaranty agreement (hereinafter "1567 Guaranty"), which absolutely and unconditionally guaranteed the prompt payment and performance of the indebtedness due on the 1567 Note and 1567 Mortgage. A true and correct copy of the 1567 Guaranty is attached hereto and made a part hereof as Exhibit "C".

10. PS Funding is the owner and holder of the 1567 Note by virtue of assignment thereof from Rosa Funding, as evidenced by an Allonge Affixed to Note, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "D".

11. On August 27, 2019, Rosa Funding duly executed and delivered to PS Funding, Inc. (hereinafter "PS Funding") an assignment of mortgage (the "1567 Assignment of Mortgage"), which was recorded on September 23, 2019, in the Office of the City Register of the City of New York County of Kings under CRFN: 2019000306593. A true and correct copy of the 1567 Assignment of Mortgage is attached hereto and made a part hereof as Exhibit "E".

12. 1567 LLC and Spitzer have failed to comply with the terms and conditions of the 1567 Note, 1567 Mortgage and 1567 Guaranty by failing and omitting to pay PS Funding all payments of coming due thereunder, and any applicable grace period has expired. PS Funding elected to declare the entire principal sum secured by the 1567 Note and 1567 Mortgage to become immediately due and payable, and such principal balance as of the date of default was $1,200,000.00.

**C. Foreclosure v 1567 56th Street - Procedural History.**

13. A Summons, Verified Complaint in mortgage foreclosure, and Notice of

Pendency of action for the 1567 Property were duly filed in the Office of the Clerk of New York Supreme Court for the County of Kings (the "State Court") on February 15, 2021 at Index Number 503623/2021 (the "1567 Complaint" and "1567 Foreclosure"). True and correct copies of the Summons, Verified Complaint and Notice of Pendency are collectively attached hereto and made a part hereof as Exhibit "F".

14. All of the original defendants in the 1567 Foreclosure were duly served with a copy of the Summons and Verified Complaint. True and correct copies of the Affidavits of Service to such effect are collectively attached hereto and made a part hereof as Exhibit "G".

15. On February 8, 2022, the State Court entered an Order which: (i) granted default judgment in favor of the PS Funding for all of the relief requested in the 1567 Foreclosure Complaint; (ii) referred the action to Anthony Lamberti as Referee to compute the amount due to PS Funding as sought in its Verified Complaint, and to examine and report whether the mortgaged premises should be sold in one parcel or in multiple parcels; and (iii) ordered that upon presentation and coming in of the Referee's Report, and on motion for confirmation thereof, PS Funding would have the usual judgment of foreclosure and sale, together with the costs, disbursements, and allowances of this action (the "1567 Order of Reference"). A true and correct copy of the 1567 Order of Reference is attached hereto and made a part hereof as Exhibit "H".

16. Pursuant to the 1567 Order of Reference, Anthony Lamberti, Esquire, referee, computed the amount due to PS Funding to be in the sum of $1,599,223.38, which included interest as more particularly set forth in the Referee's Report of Amount Due (the "1567 ROC"), and found that the mortgaged premises should be sold in one parcel. A true and correct copy of the 1567 ROC is attached hereto and made a part hereof as Exhibit "I".

17. On February 8, 2023, the State Court entered an Order confirming the 1567 ROC, granting PS Funding a Judgment of Foreclosure and Sale authorizing the auction sale of the 1567 Property (the "1567 Judgment"). A true and correct copy of the 1567 Judgment is attached hereto and made a part hereof as Exhibit "J".

18. On May 25, 2022, upon receipt of a continuation title search, it was discovered that the 1567 Property had been purportedly transferred to Braun subsequent to the recording of the 1567 Mortgage. It was determined that Braun's ownership claim, if valid, would make him a necessary party.

19. Accordingly, on September 22, 2022, PS Funding filed a Motion for Leave to File and Serve an Amended Complaint (the "1567 Motion to Amend"). After three (3) stipulated adjournments of the hearing on the 1567 Motion until May 31, 2023, on May 30, 2023, Braun finally filed his opposition to the 1567 Motion to Amend, on the grounds that he had not been served with the complaint and summons. That may or may not be accurate, since it appears that Braun was in tenancy when PS Funding attempted service at the 1567 Property, but PS Funding filed the 1567 Motion to Amend to afford Braun notice and opportunity to be heard.

20. On November 9, 2022, Levi Huebner, Esquire, counsel for Braun, filed a "Limited Notice of Appearance - Jurisdiction Contest Only", entering his appearance for Braun in the 1567 Foreclosure.

21. On July 14, 2023, an Order granting the 1567 Motion to Amend was entered. A true and correct copy of this order is attached hereto and made a part hereof as Exhibit "K". A notice of entry was e-filed July 20, 2023 (the "1567 Amend NOE"), a true and correct copy of which is attached hereto and made a part hereof as Exhibit "L". Mr. Huebner's representation of Braun was still recorded on the NYSCEF E-filing system at that time.

22.     On July 20, 2023, PS Funding filed a Supplemental Summons, Amended Verified Complaint and Amended Notice of Pendency (the "1567 Amended Complaint"). True and correct copies of the 1567 Amended Complaint are attached hereto and made a part hereof as Exhibit "M".

23.     On July 27, 2023, 1567 LLC was served with the 1567 Amended Complaint via service upon the NY Secretary of State. On July 31, 2023, Spitzer was served with same via substituted service pursuant to CPLR 308 (2), at 2370 Forest Circle, Toms River, NJ 08755. On August 1, 2023, New York City Department of Finance was served with same at 100 Church Street, 4th Floor, New York, NY 10007. Braun was served with same via nail and mail service pursuant to CPLR 308 (4) at 1567 56th Street, Brooklyn, NY 11219. The process server made attempts on July 29, 2023, August 3, 2023 and August 4, 2023 but Braun did not answer the door on any of those days.  On July 28, 2023, Arie Marmelshtein as John Doe #1 was served as a tenant at the 1567 Property. True and correct copies of affidavits of service to such effect are attached hereto and made a part hereof as Exhibit "N".

24.     On August 24, 2023, Braun filed a Notice of Appeal of the June 9, 2023 Order granting PS Funding leave to file and serve an amended complaint (the "1567 Appeal"). A true and correct copy of the 1567 Appeal is attached hereto and made a part hereof as Exhibit "O". On August 25, 2023, PS Funding filed a Notice of Refusal of the untimely appeal (the "1567 Rejection"), due to the fact that Braun's counsel was served via the NYSCEF system with the Notice of Entry more than 30 days prior. A true and correct copy of the 1567 Rejection is attached hereto and made a part hereof as Exhibit "P".

25.     On August 15, 2023, Mr. Huebner withdrew his consent to representation on NYSCEF for Braun, well after the notice of entry and affidavits of service had been filed. Mr.

Huebner did not file an OSC to withdraw or otherwise notice the court or PS Funding that his representation had concluded. Mr. Huebner subsequently re-added his representation on NYSCEF on August 24, 2023, when he filed the Notices of Appeal.

26. On June 26, 2023, PS Funding filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which was docketed at Case No. 23-10815-LSS.

27. On August 21, 2023, PS Funding filed with the State Court a Suggestion of Bankruptcy (the "1567 BK Suggestion"), seeking to voluntarily stay the foreclosure matter as PS Funding had filed for bankruptcy protection. Counsel for PS Funding has placed the matter on hold and no further action has occurred since then. A true and correct copy of the 1567 BK Suggestion is attached hereto and made a part hereof as Exhibit "Q".

D. **Statement of Facts Pertaining to 1569 56th Street**.

28. Braun is the putative owner of the property located at 1569 56th Street, Brooklyn, NY 11219 (the "1569 Property"). Braun allegedly took title to the 1569 Property by deed dated November 5, 2020 and recorded in the City Register of the City of New York on November 19, 2020 under CRFN: 2020000325286.

29. A review of the public records reveals that Braun and his wife, Judith Braun, initially acquired the 1569 Property in 1976. Subsequently, the Brauns transferred ownership of the 1569 Property to 1569 56 St LLC via deed dated February 2, 2014, and recorded in the City Register of the City of New York on February 13, 2014 under CRFN: 2014000057977. Thereafter, 1569 56 St LLC transferred the 1569 Property to 1567 56th Street LLC via deed

dated June 15, 2016, recorded in the City Register of the City of New York on June 30, 2016 under CRFN: 2016000221114. 1567 56th Street LLC transferred the 1569 Property to 1567 LLC via deed dated August 20, 2019 and recorded in the City Register of the City of New York on September 23, 2019 under CRFN: 2019000306603. Finally, after the execution of the 1569 Mortgage, 1567 LLC purportedly transferred the 1569 Property to Braun via deed dated November 5, 2020, recorded in the City Register of the City of New York on November 23, 2020 under CRFN: 2020000329861.

30. On August 27, 2019, Rosa Funding entered into a Loan Agreement with 1567 LLC (hereinafter the "1569 Loan") whereby Rosa Funding lent 1567 LLC the principal sum of $1,200,000.00 with a loan maturity date of September 1, 2020.

31. On August 27, 2019, 1567 LLC duly executed and delivered to Rosa Funding its promissory note bearing the said date, wherein and whereby 1567 LLC promised to repay to Rosa Funding, its successors or assigns, the sum of $1,200,000.00 with interest at the rate of 9.500% per annum as set forth in the promissory note (hereinafter "1569 Note"). A true and correct copy of the 1569 Note is attached hereto and made a part hereof as Exhibit "R".

32. On August 27, 2019, to secure the payment of the sum represented by the Note, 1567 LLC duly executed and delivered to Rosa Funding, a mortgage and security agreement (hereinafter "1569 Mortgage"), whereby 1567 LLC mortgaged to Rosa Funding, its successors or assigns, the premises located at 1569 56th Street, Brooklyn, NY 11219 (Block 5488, Lot 49) (hereinafter "1569 Property"). The 1569 Mortgage was recorded in the Office of the City Register of the City of New York County of Kings on September 23, 2019, under CRFN: 2019000306604 and the mortgage recording tax thereon was duly paid. A true and correct copy of the 1569 Mortgage is attached hereto and made a part hereof as Exhibit "S".

33. To further secure the 1569 Loan, on August 27, 2019, Arthur Spitzer duly executed, acknowledged and delivered to Rosa Funding, its successors and/or assigns, an unconditional guaranty agreement (hereinafter "1569 Guaranty"), which absolutely and unconditionally guaranteed the prompt payment of 1569 Loan. A copy of the 1569 Guaranty is attached hereto and made a part hereof as Exhibit "T".

34. PS Funding is the owner and holder of the 1569 Note by virtue of assignment thereof from the Rosa Funding, evidenced by an Allonge Affixed to Note, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "U", and is the holder of the 1569 Mortgage by virtue of an assignment of mortgage (hereinafter "1569 Assignment of Mortgage") recorded on September 23, 2019, in the Office of the City Register of the City of New York County of Kings under CRFN: 2019000306605. A true and correct copy of the 1569 Assignment of Mortgage is attached hereto and made a part hereof as Exhibit "V".

35. 1567 LLC and Spitzer have failed to comply with the terms and conditions of the 1569 Note, 1569 Mortgage and 1569 Guaranty by failing and omitting to pay PS Funding all payments of coming due thereunder, and any applicable grace period has expired. PS Funding elected to declare the entire principal sum evidenced and secured by the 1569 Note and 1569 Mortgage to become immediately due and payable, and such principal balance as of the date of default was $1,200,000.00.

E. **Foreclosure v. 1569 56th Street - Procedural History.**

36. A Summons, Verified Complaint, and Notice of Pendency of action were duly filed in the Office of the Clerk of the County of Kings on February 18, 2021, at Index Number 503948/2021 (the "1569 Complaint" and "1569 Foreclosure"). True and correct copies of the

1569 Complaint, Summons and Notice of Pendency are collectively attached hereto and made a part hereof as Exhibit "W".

37. All of the original defendants were duly served with a copy of the 1569 Complaint. True and correct copies of Affidavits of Service to such effect (the "1569 Affidavits of Service") are collectively attached hereto and made a part hereof as Exhibit "X".

38. On March 17, 2022, the State Court entered an Order which; (i) granted default judgment in favor of the PS Funding for the relief requested in the 1569 Complaint; (ii) referred the action to Anthony Lamberti as Referee to compute the amount due to PS Funding as sought in the 1569 Complaint, and to examine and report whether the mortgaged premises should be sold in one parcel or in multiple parcels; and (iii) ordered that upon presentation and coming in of the Referee's Report, and on motion for confirmation thereof, the PS Funding would have the usual judgment of foreclosure and sale, together with the costs, disbursements, and allowances of this action (the "1569 Order of Reference"). A true and correct copy of the 1569 Order of Reference is attached hereto and made a part hereof as Exhibit "Y".

39. Pursuant to the Order of the State Court issued on March 4, 2022 and subsequently entered on March 17, 2022, Aaron Maslow, Esquire, referee, computed the amount due to PS Funding to be in the sum of $1,635,321.20, which included interest as more particularly set forth in the Referee's Report of Amount Due, and found that the mortgaged premises should be sold in one parcel (the "1569 ROC"). A true and correct copy of the 1569 ROC is attached hereto and made a part hereof as Exhibit "Z".

40. On September 21, 2022, PS Funding withdrew its pending motion for Judgment of Foreclosure and Sale upon receipt of a continuation title search by PS Funding's counsel showing the 1569 Property had been purportedly transferred to Braun subsequent to the

11

recording of the 1569 Mortgage. Upon reviewing the 1569 Foreclosure, it was determined that Braun's ownership claim, if valid, would make him a necessary party to the matter.

41. Accordingly, on September 23, 2022, PS Funding filed a Motion for Leave to File and Serve an Amended Complaint (the "1569 Motion to Amend"). On January 17, 2023, a stipulation adjourning the 1569 Motion to Amend until March 8, 2023 was filed. After three separate adjournments to May 31, 2023, on May 30, 2023, Braun finally filed his opposition to the 1569 Motion to Amend, on the basis of having not been served with the 1569 Complaint. That may or may not be accurate, since it appears that Braun was in tenancy when PS Funding attempted service at the property, but PS Funding filed the 1567 Motion to Amend to afford Braun notice and opportunity to be heard.

42. On November 9, 2022, Levi Huebner, Esq., as counsel for Braun, filed a "Limited Notice of Appearance - Jurisdiction Contest Only", entering his appearance for Braun.

43. On July 14, 2023, an Order was entered granting the 1569 Amend Motion. A true and correct copy of the July 14, 2023 Order is attached hereto and made a part hereof as Exhibit "AA". A notice of entry was e-filed July 20, 2023 (the "1569 NOE Amend"). A true and correct copy of the 1569 NOE Amend is attached hereto and made a part hereof as Exhibit "BB". Mr. Huebner's representation of Braun was still recorded on the NYSCEF E-filing system at that time.

44. On July 21, 2023, a Supplemental Summons, Amended Verified Complaint and Amended Notice of Pendency were filed (the "1569 Amended Complaint"). A true and correct copy of the 1569 Amended Complaint is attached hereto and made a part hereof as Exhibit "CC".

45. On July 27, 2023, 1567 LLC was served with the 1569 Amended Complaint via

service upon the NY Secretary of State. On August 17, 2023 Spitzer was served with same via substituted service pursuant to CPLR 308 (2), at 2370 Forest Circle, Toms River, NJ 08755, Abe "Doe" and Rivy "Doe" were unable to be served at the 1569 Property, according to Toby Shwartz, a tenant in the units, they no longer resided at the premises. On August 4, 2023, Braun was served with same via nail and mail service pursuant to CPLR 308 (4) at 1567 56th Street, Brooklyn, NY 11219. The process server had made attempts on July 29, 2023, August 3, 2023 and August 4, 2023 but Braun did not answer the door on any of these days. On July 28, 2023 "John" Reichberg and "John Doe" (Refused Name) were served as tenants at 1569 56th Street, Apt. 1, Brooklyn, NY 11219. On August 3, 2023 "Toby Shwartz and "John Doe" (Refused Name) were served with same as tenants at 1569 56th Street, Apt. 2, Brooklyn, NY 11219. True and correct copies of these affidavits of service are attached hereto and made a part hereof as Exhibit "DD".

46. On August 24, 2023, Braun filed a Notice of Appeal of the June 9, 2023 Order granting PS Funding, leave to file and serve an amended complaint (the "1569 Appeal"). A true and correct copy of the 1569 Appeal is attached hereto and made a part hereof as Exhibit "EE".

47. On August 25, 2023, PS Funding filed a Notice of Refusal of the untimely appeal (the "1569 Rejection"), due to the fact that Braun's counsel had been served via the NYSCEF system with the Notice of Entry more than 30 days prior. A true and correct copy of the 1569 Rejection is attached hereto and made a part hereof as Exhibit "FF".

48. On July 21, 2023, the day after the notice of entry was filed and two hours after the supplemental summons and complaint were e-filed, Mr. Huebner withdrew his consent to representation on NYSCEF for Braun. Mr. Huebner did not file an OSC to withdraw or otherwise notice the court or PS Funding that his representation had concluded. In fact, in the

related foreclosure for the 1567 Property Mr. Huebner did not withdraw his representation until August 15, 2023, well after the notice of entry had been filed and after affidavits of service for that matter had been filed. Mr. Huebner re-added his representation on NYSCEF on August 24, 2023, when he filed the Notices of Appeal.

49. On August 21, 2023, PS Funding filed with the State Court a Suggestion of Bankruptcy (the "1569 BK Suggestion") seeking to voluntarily stay the foreclosure matter as PS Funding had filed for bankruptcy protection. Counsel for PS Funding has placed the matter on hold and no further action has occurred since then. A true and correct copy of the 1567 BK Suggestion is attached hereto and made a part hereof as Exhibit "GG".

50. The 1567 Property and the 1569 Property are hereinafter collectively referred to as the "Properties", the 1567 Note and 1569 Note are hereinafter collectively referred to as the "Notes", the 1567 Mortgage and the 1569 Mortgage are hereinafter collectively referred to as the "Mortgages", and the 1567 Foreclosure and 1569 Foreclosure are hereinafter collectively referred to as the "Foreclosures.

**F. The Pending RICO Action.**

51. On August 17, 2022, Braun, 1567 56th Street, LLC and 1569 56th Street, LLC filed a complaint against Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc. and Jehuda Wiesz, in the United States District Court for the Eastern District of New York, which as docketed at Case No. 22-4873-CV (the "RICO Complaint" and "RICO Action"). A true and correct copy of the RICO Complaint is attached hereto and made a part hereof as Exhibit "HH".

52. The RICO Complaint alleges a set of facts that arise from or pertain to the same

transactions of which Braun has complained in the FDCPA Complaint, so that if the FDCPA Complaint is not dismissed, the two actions should be tried together, both in the interests of judicial economy, and to avoid inconsistent results.

### G. **PS Funding's Chapter 11 Bankruptcy.**

53.     As indicated above, PS Funding has filed for chapter 11 bankruptcy protection and the RICO Action and the Foreclosures have been stayed as a result.

54.     On August 31, 2023, Braun filed a Motion for Relief from Stay in the Bankruptcy Court (D.I. No. 317), seeking to proceed with the RICO Action and his defense of the Foreclosure Actions. On September 19, 2023, PS Funding, Inc. filed a response to that Motion for Relief from Stay (D.I. No. 416). Braun filed a reply and supporting Declaration on September 26, 2023 (D.I. Nos. 438, 439). As matters of public record filed in a sister court, these filings are subject to judicial notice, and are incorporated herein by reference and made a part hereof.

55.     By order dated October 12, 2023 and entered on October 16, 2023, Braun's motion for relief from the automatic stay was granted and the automatic stay was modified as follows:

> "Effective 90 days from the date of this Order (the "Stay Period") and without need for further notice, hearing, or order, Braun is hereby granted relief from the automatic stay to (a) continue the Federal Action solely with respect to the following claims for relief set forth in the First Amended Complaint in the Federal Action: (i) the First Claim for Relief; (ii) the Second Claim for Relief, other than a determination of damages due from PS Funding; (iii) the Fourth Claim for Relief; and (iv) the Fifth Claim for Relief (with all claims asserted by Braun in the Federal Action other than claims described in (i)-(iv) being the "Stayed Claims"); and (b) to fully defend itself in each of the Foreclosure Actions, including pursuing and obtaining discovery from the Debtors and asserting

15

and prosecuting counterclaims against the Debtors, provided, however, that to the extent one of PS Funding or Braun asserts against the other any claims or counterclaims in the Foreclosure Actions following the expiration of the Stay Period seeking a monetary award (each such claim a "Monetary Claim"), the prosecution of such Monetary Claim shall be, and hereby is, stayed pursuant to section 362 of the Bankruptcy Code subject to stipulation of the Debtors and Braun or further order of this Court.
4. All parties in the Federal Action are prohibited from prosecuting or defending the Stayed Claims, which remain subject to the automatic stay pursuant to section 362 of the Bankruptcy Code until further order of this Court."

56. As a result of the Order the RICO Action and the Foreclosures have been stayed for a period of 90 days from the date of entry of the Order.

### H. Complaint Should Be Dismissed Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.

57. The FDCPA Complaint is time-barred by the one-year statute of limitations of Section 1692k(d), which runs from the date of the alleged violation, unless later discovered.

58. Even if Braun did not know of the Foreclosure Actions earlier, he clearly knew of the facts giving to Chartwell's alleged FDCPA when he filed the RICO Complaint on August 17, 2022. Because the filing of the RICO Complaint on August 31, 2023 was more than a year later, the Court lacks subject matter jurisdiction over of Braun's FDCPA claims against Chartwell and they should be dismissed.

### I. Complaint Should Be Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim on Which Relief Can be Granted.

59. Under applicable law, the FDCPA does not apply to commercial foreclosure actions against limited liability companies.

60.     Braun lacks standing to raise any FDCPA claims against Chartwell or any other party because: the debts for which Chartwell prosecuted the Foreclosure Actions were not "consumer debts", i.e., those debts incurred primarily for personal, family or household purposes; Braun is neither liable for those debts, nor has any demand been made upon him for payment of them; and, therefore, Braun is not a covered "consumer" or "person" entitled invoke its protections.

61.     The claims raised in the FDCPA Complaint should have been raised, if at all, in the RICO Action, and are therefore barred by the prior pending action doctrine.

62.     For the reasons set forth above, the FDCPA Complaint fails to state a claim or cause of action against Chartwell on which relief can be granted, and must be dismissed pursuant to Fed.R.Civ.P. Rule 12 (b)(6).

**J. Alternatively, FDCPA Action Should be Transferred to the Eastern District of New York and Consolidated With RICO Action.**

63.     Alternatively, in the interests of judicial economy, and the interests of the parties in consistent results, if the Court does not dismiss the FDCPA Action in its entirety, it should be transferred to the United States District Court for the Eastern District of New York and then consolidated with the RICO Action for all purposes, including discovery and trial.

**I DECLARE** under penalty of perjury that the contents of the foregoing Declaration are true and correct.

Dated: New York, NY
      October 20, 2023

Respectfully submitted,

**CHARTWELL LAW**

By:   /s/ Matthew Burrows
       Matthew Burrows, Esquire (NY ID 4861523)
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
e-mail: mburrows@chartwelllaw.com
     and
John J. Winter, Esquire (*Pro Hac Vice*)
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone: (610) 666-8437
Facsimile: (610) 666-7704
e-mail: jwinter@chartwelllaw.com
*(Attorneys for The Chartwell Law Offices, LLP)*