# Exhibit J

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------X
PS FUNDING, INC.,

                Plaintiff,

Index No. 503623/2021

vs.

**ADDITIONAL COSTS DUE PLAINTIFF**

1567 56 NY LLC; ARTHUR SPITZER; NEW YORK CITY – DEPARTMENT OF FINANCE,

**Mortgaged Property**:
1567 56th Street
Brooklyn, NY 11219

                Defendants.

-----------------------------------------------------------X

*[Handwritten: Costs at $ 2521—
This 28th day of July 2022
[signature]
Clerk of Court Kings County]*

## COSTS OF PLAINTIFF

Costs before note of issue CPLR §8201(1)......................................................$200.00
Allowance by statue - CPLR §8202 (a)(b) ......................................................$150.00

    First $200.00 at 10%......................................................$20.00
    Next $800.00 at 5%........................................................$40.00
    Next $2,000.00 at 2%.....................................................$40.00
    Next $5,000.00 at 1%.....................................................$50.00

Additional allowance - CPLR §8202 (d)..........................................................$50.00

Discretionary costs on motion – CPLR 8303 (a)(1) .......................................$400.00

## FEES AND DISBURSEMENTS

Fee for index number CPLR §8018(a)............................................................$400.00
Referee's fee to compute sums due– CPLR §8003(a) ...............................~~$350.00~~ *50*
Serving copy of Summons and Complaint – CPLR §8301(d)....................$1,136.00
Request for Judicial Intervention Fee – CPLR §8020(a)..............................$95.00
Clerk's fee for filing Notice of Pendency – CPLR §8021(a)(10)..................$35.00
Motion Fees – CPLR §8020(a) ........................................................................$90.00
*[handwritten: Scratch Postage   3.00   .15]*
Total Disbursements ....................................................................................~~$2,106.00~~
                                                                                                                2521—

**TOTAL COSTS & DISBURSEMENTS**.........*[stamp: 2022 JUL 28 AM 11:30 KINGS COUNTY CLERK FILED]*............~~$2,906.00~~

## ATTORNEY'S AFFIRMATION

The undersigned, Matthew Burrows, pursuant to CPLR 2106 and under penalties of perjury affirms as follows:

That he is the attorney for record for the Plaintiff in the above-captioned action, that the foregoing disbursements have been incurred in this action and are reasonable in amount, and that copies of the documents or papers charged for herein were actually and necessarily obtained.

Dated:   May 24, 2022

*Matthew Burrows*
_____
Matthew Burrows, Esq.

# PM Legal

PM Legal, LLC

75 Maiden Lane, 11th Floor
New York, NY 10038
(212) 233-4040
(212) 732-4327 (fax)
info@pmlegal.com

For your convenience, below is a summary of individual file charges that are included on Invoice 10299716

ATTN: KIMBERLY A FREDERICKS
THE CHARTWELL LAW OFFICES, LLP
ONE BATTERY PARK PLAZA, SUITE 710
NEW YORK, NY 10004

Route: AS3

For your convenience, below is a summary of this file's charges that are included on Invoice 10299716

File # : 10377.0078502
Index #: 503623/2021
SUPREME COURT KINGS COUNTY STATE OF NEW YORK
PS FUNDING, INC. v. 1567 56 NY LLC, ETAL

Your contact: Lauren R. Hall

| Job # | Date | Servee | Line item detail | Fee Prepaid | Fee Charge | Job Total |
|---|---|---|---|---|---|---|
| 4299723 | 2/25/21 | 1567 56 NY LLC | | | | $76.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Attempted Service in Brooklyn | | 76.00 | |
| 4299731 | 2/20/21 | 1567 56 NY LLC | | | | $161.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Service New Jersey | | 161.00 | |
| 4299749 | 2/24/21 | 1567 56 NY LLC | | | | $105.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Serve Sec. of State; | | 65.00 | |
| | | | SOS FEE ADVANCE - Sec. of State Fee Advai | 40.00 | | |
| 4299780 | 2/25/21 | ARTHUR SPITZER | | | | $76.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Attempted Service in Brooklyn | | 76.00 | |
| 4299798 | 2/22/21 | NEW YORK CITY - DEPARTMENT OF FINANCE | | | | $76.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Service in Manhattan | | 76.00 | |
| 4299806 | 2/23/21 | S/H/A JOHN DOE #1 | | | | $84.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Service in Brooklyn | | 76.00 | |
| | | | POSTAGE - Postal Receipt | | 8.00 | |
| 4299814 | 2/23/21 | S/H/A JOHN DOE #2 | | | | $84.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Service in Brooklyn | | 76.00 | |
| | | | POSTAGE - Postal Receipt | | 8.00 | |
| 4299871 | 2/23/21 | S/H/A JANE DOE #1 | | | | $84.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Service in Brooklyn | | 76.00 | |
| | | | POSTAGE - Postal Receipt | | 8.00 | |
| 4299897 | 2/23/21 | S/H/A JANE DOE #2 | | | | $84.00 |
| | | | SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING | | | |
| | | | CHARGE - Service in Brooklyn | | 76.00 | |
| | | | POSTAGE - Postal Receipt | | 8.00 | |
| | | | | | | $830.00 |

FILED: KINGS COUNTY CLERK 07/28/2022 11:39 AM
INDEX NO. 503623/2021
NYSCEF DOC. NO. [illegible]
RECEIVED NYSCEF: 07/28/2022

Case 1:23-cv-08887-DEH   Document 6-10   Filed 10/26/23   Page 5 of 16

# PM Legal

PM Legal, LLC

75 Maiden Lane, 11th Floor
New York, NY 10038
(212) 233-4040
(212) 732-4327 (fax)
info@pmlegal.com

For your convenience, below is a summary of individual file charges that are included on Invoice 10303639

ATTN: KIMBERLY A FREDERICKS
THE CHARTWELL LAW OFFICES, LLP
ONE BATTERY PARK PLAZA, SUITE 710
NEW YORK, NY 10004

Route: AS3

For your convenience, below is a summary of this file's charges that are included on Invoice 10303639

File #: 10377.0078502
Index #: 503623/2021
Your contact: Lauren R. Hall

SUPREME COURT KINGS COUNTY STATE OF NEW YORK
PS FUNDING, INC. v. 1567 56 NY LLC, ETAL

| Job # | | Servee | Line item detail | Fee Prepaid | Fee | Charge | Job Total |
|---|---|---|---|---|---|---|---|
| 4331195 | 3/3/21 | ARTHUR SPITZER | | | | | $157.00 |
| | | *SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING* | | | | | |
| | | | CHARGE - Service New Jersey | | | 149.00 | |
| | | | POSTAGE - Postal Receipt | | | 8.00 | |
| 4343810 | 3/10/21 | 1567 56 NY LLC | | | | | $149.00 |
| | | *SUMMONS AND VERIFIED COMPLAINT NOTICE OF PENDENCY NOTICE OF ELECTRONIC FILING* | | | | | |
| | | | CHARGE - Service New Jersey | | | 149.00 | |
| | | | | | | | $306.00 |

At Part ComM-6 of the Supreme Court held in the County of Kings, at the Supreme Courthouse thereof, on the 25 day of July, 2022.

PRESENT: Knipel
JUSTICE OF THE SUPREME COURT

-------------------------------------X
PS FUNDING, INC.,

    Plaintiff,

v.

1567 56 NY LLC; ARTHUR SPITZER; NEW YORK CITY – DEPARTMENT OF FINANCE,

    Defendant(s).
-------------------------------------X

INDEX NO.: 503623/2021

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

Mortgaged Property:
1567 56th Street
Brooklyn, NY 11219

UPON the Summons, Complaint, and Notice of Pendency filed in this action on the 15th day of February, 2021, the Notice of Motion dated May 24, 2022, the affirmation by Matthew Burrows, Esq., the affidavit of sums by Brett Peiffer who is an Authorized Signatory of PS Funding, Inc., duly sworn to on March 15, 2022, together with the exhibits annexed thereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

UPON proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has voluntarily appeared either personally or by an attorney or has not served any answer to the Complaint or otherwise appeared, nor had their time to do so extended; and it appearing that more than the legally required number of days has elapsed since defendants 1567 56 NY LLC; ARTHUR SPITZER; and NEW YORK CITY – DEPARTMENT OF FINANCE were so served and/or appeared; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

UPON proof that non-appearing defendants 1567 56 NY LLC; ARTHUR SPITZER; AND NEW YORK CITY – DEPARTMENT OF FINANCE are not absent, in accordance with RPAPL §1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Anthony Lamberti, Esq dated April 6, 2022, showing the sum of $1,599,223.38 due as of the date of said Report and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same; and upon all the prior proceedings and papers filed herein;

NOW, on motion by Matthew Burrows, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the _____Kings County Supreme Courthouse_____

_____ by and under the direction of Anthony Lamberti, Esq., 900 So. Ave., Suite 401, Staten Island, NY 10314 who is hereby appointed Referee for that purpose; that said

Referee give public notice of the time and place of sale in accordance with RPAPL §231 in

_Brooklyn Eagle_ ; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment") and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were

physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in ___any NYC Bank___ in his/her own name as Referee, in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-l of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of

the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in ____said bank____ _____, and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), not to exceed $750.00 unless the property sells for $50,000.00 or more OR *in the event a sale was cancelled or postponed*, Plaintiff shall compensate the Referee in the sum of $ __250__ for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale.

The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $1,599,223.38 with interest at the note rate from June 1, 2020 until March 31, 2021, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage; and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements: $ 2521 adjudged to the Plaintiff for costs and disbursements in this action, as taxed or calculated by the Clerk and inserted herein, with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance: $ 300 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of

entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees: ~~$22,290.50~~ $5000 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer

tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against 1567 NY LLC and Arthur Spitzer in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and

interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 1567 56th Street, Brooklyn, NY 11219 (Block 5488, Lot 50).

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

DATED: 7/25, 2022

ENTER:

_____
J.S.C.

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

[Clerk signature]
clerk

2022 JUL 28 AM 11:31
FILED
KINGS COUNTY CLERK

**stewart title**

Foreclosure Certificate No.: ▮
PSF Loan No. ▮▮▮▮ / FCI Loan No ▮▮▮▮
Chartwell Client Matter No. 10377:0078502

## SCHEDULE A – DESCRIPTION

Block: 5488
Lot: 50

ALL that certain lot, piece or parcel of land, with the buildings and Improvements thereon erected, situate, lying and being in the Borough of Brooklyn, in the County of Kings, State of New York:

KNOWN and designated as Lot 221 in Block 5 as set forth on a certain map entitled, "Map No. 1 of 918 Lots Cowenhoven farm, New Utrecht, drawn by BL Williams, CE, November 1890" situated in the Borough of Brooklyn, County of Kings, State of NY, which map was filed on 07/17/1891 In the Kings County Clerk's Office as Map No. 1013.

BEGINNING at a point on the northerly side of 56th Street, distant 120 feet westerly from the corner formed by the intersection of the northerly side of 56th Street and the westerly side of 16th Avenue;

RUNNING THENCE northerly parallel with 16th Avenue and part of the distance through a party wall, 100 feet 2 inches;

THENCE westerly parallel with 56th Street, 20 feet;

THENCE southerly parallel with 16th Avenue, 100 feet 2 inches to the northerly side of 56th Street;

THENCE easterly along the northerly side of 56th Street, 20 feet to the point or place of BEGINNING