**Exhibit HH**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1567 56TH STREET, LLC, 1569 56TH STREET, LLC, and SHLOMO BRAUN, | Index: 22-4873-CV |
| *Plaintiffs,* | **COMPLAINT** |
| - against - | |
| ARTHUR SPITZER, JOSH WEINFELD, ISIDORE BLEIER, 1567 56 NY LLC, DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM, ROSA FUNDING LLC, PS FUNDING, INC., and JEHUDA WEISZ, | |
| *Defendants.* | |

Plaintiffs Shlomo Braun, 1567 56th Street, LLC, and 1569 56th Street, LLC by their counsel Levi Huebner & Associates PC pleads its case for quiet title and for a money judgment against Defendants, Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz, and states:

**<u>JURISDICTIONAL and PARTIES ALLEGATIONS</u>**

1.       Pursuant to 28 U.S.C. 1332, the diversity subject matter of this case arises from a combined $2,400,000 mortgage fraud of Defendants, operating in the State of New Jersey, and orchestrated against Plaintiffs in the State of New York.

2.       Pursuant to 18 U.S.C. 1964, the subject matter of this case arises from Defendants theft and conversion of property exceeding the value of $2,400,000 and racketeering activity orchestrated as an organized enterprise operating in interstate commerce following a pattern of the same or similar criminal acts committed against Plaintiffs and others.

3.      At all times material to this lawsuit, Plaintiffs, Shlomo Braun (referred as "Rabbi Braun"), 1567 56th Street, LLC and 1569 56th Street, LLC (referred together as "Plaintiffs") are domiciled or located in Brooklyn, New York, County of Kings.

4.      At all times material to this lawsuit, the Defendant Arthur Spitzer is domiciled at 2370 Forest Circle in the Township of Toms River in the State of New Jersey.

5.      At all times material to this lawsuit, the Defendant Josh Weinfeld is domiciled at 54 Gudz Road in the Township of Lakewood in the State of New Jersey.

6.      At all times material to this lawsuit, the Defendant Isidore Bleier is domiciled at 10 Teaberry Court in the Township of Lakewood in the State of New Jersey with a secondary address as New Jersey as 213 2nd Street, Lakewood, New Jersey 08701.

7.      At all times material to this lawsuit, the Defendant 1567 56 NY LLC, is a corporation in the State of New York domiciled at 2370 Forest Circle in the Township of Toms River in the State of New Jersey.

8.      At all times material to this lawsuit, the Defendant Dekel Abstract LLC is a corporation in the State of New Jersey with an address located at 485 Oak Glen Road in the Township of Howell in the State of New Jersey.

9.      At all times material to this lawsuit, the Defendant Abraham Teitelbaum is domiciled at 485 Oak Glen Road in the Township of Howell in the State of New Jersey.

10.     At all times material to this lawsuit, the Defendant Rosa Funding LLC is located at an address known as 213 2nd Street in Lakewood of the State of New Jersey as a consortium between Josh Weinfeld and Isidore Bleier.

11.     At all times material to this lawsuit, the Defendant PS Funding, Inc. is a corporation in the State of Delaware located at Incorporating Services, Ltd. at 3500 S Dupont Hwy in the City of Dover in the State of Delaware.

12.     At all times material to this lawsuit, the Defendant Jehuda Weisz is domiciled at 1303 Hickory Street in Toms River in the State of New Jersey.

13.     Upon information and belief, each individual defendant is a citizen of the United States.  The bases for this belief are derived from the facts of this case, by virtue of the corporation such defendant owns, the license such person holds, the manner of real estate that was handled by each defendant, or the manner the processing of mortgage documents that was handled by each defendant.

14.     The acts necessary or precedent to bringing this lawsuit were calculated to swindle and defraud a resident of the State of New York.

15.     Pursuant to N.Y. Real Prop. Acts. Law § 1515[b] it appears from the public records and from the allegations set forth in this complaint that the Defendant Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Rosa Funding LLC, and PS Funding, Inc., claims, or might claim, an interest in the real property, adverse to that of the Plaintiffs.  The nature of such claims as delineated below appears from the deeds belonging to 1567 56th Street, LLC and 1569 56th Street, LLC that were fraudulently transferred to 1567 56 NY LLC and from the mortgages that Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc., falsely claim as secured lender on the properties belonging to 1567 56th Street, LLC.

16.     Pursuant to N.Y. Real Prop. Acts. Law § 1515[c] Plaintiffs do not have sufficient knowledge to state whether any of the defendants are mentally retarded, mentally ill or an alcohol abuser, but upon information and belief no Defendant is an infant.

17.     Pursuant to N.Y. Real Prop. Acts. Law § 1515[d] Plaintiffs have named all parties who might claim an interest in this action.

18.     At all relevant times, Plaintiffs are unaware about other individuals involved in the underlying swindle that should be named as a party.

19.     This Court has jurisdiction.

## RELEVANT FACTS

20.     Rabbi Braun is the sole member of 1567 56th Street LLC (the "67 LLC").

21.     Rabbi Braun is the sole member of 1569 56th Street LLC (the "69 LLC").

22.     On February 2, 2014, 1569 56th Street LLC received from Rabbi Braun clear title and ownership to the property addressed as 1569 56th Street ("69 Property") located in Brooklyn, New York, County of Kings registered with the City Register as CRFN 2014000057977.

23.     The 69 Property is described at the City Registrar under Block 5488 and Lot number 49 with the following description:

> ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, City of New York, bounded and described as follows: BEGINNING at a point on the northerly side of 56th Street, distant 100 feet westerly from the corner formed by the intersection of the northerly side of 56th Street, with the westerly side of 16th Avenue; RUNNING THENCE northerly parallel with 16th Avenue 100 feet 2 inches; THENCE westerly parallel with 56th Street, 20 feet; THENCE southerly parallel with 16th Avenue and part of the distance through a party wall 100 feet 2 inches to the northerly side of 56th Street; THENCE easterly along the northerly side of 56th Street, 20 feet to the point or place of BEGINNING. NOTE: Being Lot(s) Lot: 49, Block: 5488; Tax Map of the Borough of Brooklyn, County of Kings, State of New York. NOTE: Lot and Block shown for informational purposes only.

24.     On June 15, 2016, 1569 56th Street LLC granted the 67 LLC, 60% of the title and ownership to the property addressed as 1569 56th Street (the "69 Property") located in

Brooklyn, New York, County of Kings registered with the City Register as CRFN 2016000221114.

25.     The 69 Property is described at the City Registrar under Block 5488 and Lot number 49 with the following description:

> ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, City of New York, bounded and described as follows: BEGINNING at a point on the northerly side of 56th Street, distant 100 feet westerly from the corner formed by the intersection of the northerly side of 56th Street, with the westerly side of 16th A venue; RUNNING THENCE northerly parallel with 16th A venue 100 feet 2 inches; THENCE westerly parallel with 56th Street, 20 feet; THENCE southerly parallel with 16th Avenue and part of the distance through a party wall 100 feet 2 inches to the northerly side of 56th Street; THENCE easterly along the northerly side of 56th Street, 20 feet to the point or place of BEGINNING.

26.     On August 4, 2014, the 67 LLC received clear title and ownership to the property with an address known as 1567 56th Street (the "67 Property") located in Brooklyn New York, County of Kings registered with the City Register as CRFN 2014000313033.

27.     The 67 Property is described at the City Registrar under Block 5488 and Lot 50 with the following description:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, known as Block 5, Lot 221 on map entitled, "Map No. 1 of 918 lots. Cowenhoven Farm, New Utrecht, drawn by B.L. Williams, C.E., November 1890 fled July 17, 1891 as Map No. 1013 and which said lot, according to said map is bounded and described as follows: BEGINNING at a point on the northerly side of 56th Street, distant 120 feet westerly from the corner formed by the intersection of the northerly side of 56th Street and the westerly side of 16th Avenue; RUNNING THENCE northerly parallel with 16th Avenue and part of the distance through a party wall, 100 feet 2 inches; THENCE westerly parallel with 56th Street 20 feet; THENCE southerly parallel with 16th Avenue, 100 feet 2 inches to the northerly side of 56th Street; THENCE easterly along the northerly side of 56th Street, 20 feet to the point or place of BEGINNING. SAID PREMISES KNOWN AS 1567 56th Street, BROOKLYN, N.Y.

28.     At all relevant times, the 67 LLC had clear title to the 67 Property.

29.     At all relevant times, there were no encumbrances on the 67 Property.

30.     At all relevant times, the 67 LLC together with the 69 LLC had clear title to the 69 Property with no encumbrances.

31.     At all relevant times, there were no encumbrances on the 69 Property.

32.     At all relevant times, Rabbi Braun was above the age 65.

33.     At some point in 2019, Arthur Spitzer incorporated 1567 56 NY LLC, a sham entity in which he is listed as the sole member of (the "Sham LLC").

34.     At some point in 2019, Arthur Spitzer, with the assistance of one or more of the other Defendants, forged Rabbi Braun's signature transferring the title of 67 Property to Sham LLC.

35.     The transfer of title of the 67 Property to the Sham LLC is registered in the City Register as CRFN 2019000306591.

36.     At some point in 2019, Arthur Spitzer, with the assistance of one or more of the other Defendants, forged Rabbi Braun's signature transferring the title of 69 Property to the Sham LLC.

37.     The transfer of title of the 69 Property to the Sham LLC is registered in the City Register as CRFN 2019000306603.

38.     Dated August 20, 2019, the transfer of title of the 67 Property was done without the consent from Rabbi Braun.

39.     Dated August 20, 2019, the transfer of title of the 69 Property was done without the consent from Rabbi Braun.

40.     67 LLC did not receive any consideration for the transfer of title of the 67 Property to the Sham LLC.

41.     69 LLC did not receive any consideration for the transfer of title of the 69 Property to the Sham LLC.

42.     67 LLC did not receive any consideration for the transfer of title of the 69 Property to the Sham LLC.

43.     Rabbi Braun did not receive any consideration for the transfer of title of the 67 Property to the Sham LLC.

44.     Rabbi Braun did not receive any consideration for the transfer of title of the 69 Property to the Sham LLC.

45.     Rabbi Braun did not gift the 67 Property to either Arthur Spitzer or the Sham LLC.

46.     Rabbi Braun did not gift the 69 Property to either Arthur Spitzer or the Sham LLC.

47.     67 LLC did not gift the 67 Property to either Arthur Spitzer or the Sham LLC.

48.     67 LLC (a 60% owner of the 69 Property) and 69 LLC (a 40% owner of the 69 Property) did not gift the 69 Property to either Arthur Spitzer or the Sham LLC.

49.     Dekel Abstract LLC and Abraham Teitelbaum preformed the transfer of title of the properties.

50.     Jehuda Weisz notarized the forged signatures of Rabbi Braun.

51.     At all relevant times, Rabbi Braun never appeared before Jehuda Weisz for any notary services.

52.     At all relevant times, Rabbi Braun did not request any notarization services from Jehuda Weisz.

53.     Utilizing the umbrella of Rosa Funding LLC, Josh Weinfeld and Isidore Bleier created a false instrument, dated August 29, 2019, conveying a $1,200,000 mortgage on the 67 Property that is registered with the City Register as CRFN 2019000306592.

54.     Utilizing the umbrella of Rosa Funding LLC, Josh Weinfeld and Isidore Bleier created a false instrument, dated August 29, 2019, conveying a $1,200,000 mortgage on the 69 Property that is registered with the City Register as CRFN 2019000306604.

55.     Upon information and belief, Jehuda Weisz is an associate of Josh Weinfeld and Isidore Bleier.

56.     Dekel Abstract LLC and Abraham Teitelbaum did not perform due diligence to ascertain the legitimacy for transferring the 67 Property for no consideration and encumbering the 67 Property.

57.     Dekel Abstract LLC and Abraham Teitelbaum did not perform due diligence to ascertain the basis for transferring the 69 Property for no consideration and encumbering the 69 Property.

58.     At all relevant times, there was no contract of sale for the 67 Property by either 67 LLC or Rabbi Braun.

59.     At all relevant times, there was no contract of sale for the 69 Property by either 69 LLC, 67 LLC or Rabbi Braun.

60.     The same day the fraudulent deed and mortgage of the 69 Property was recorded, Dekel Abstract LLC and Abraham Teitelbaum submitted an assignment of the mortgage from Rosa Funding LLC to PS Funding, Inc. upon the 69 Property registered with the City Register as CRFN 2019000306605.

61.     The same day the fraudulent deed and mortgage of the 67 Property was recorded, Dekel Abstract LLC and Abraham Teitelbaum submitted an assignment of the mortgage from Rosa Funding LLC to PS Funding, Inc. upon the 67 Property registered with the City Register as CRFN 2019000306592.

62.     At all relevant times, there was no closing on the 67 Property where either Rabbi Braun or 67 LLC were participants prior to Rosa Funding encumbering the 67 Property registered with the City Register as CRFN 2019000306591, 2019000306592 and 2019000306593.

63.     At all relevant times, there was no closing on the 69 Property where either Rabbi Braun, 67 LLC or 69 LLC were participants prior to Rosa Funding encumbering the 69 Property registered with the City Register as CRFN 2019000306603, 2019000306604 and 2019000306605.

64.     It appears that PS Funding is attempting to foreclose upon the 67 Property by suing the Sham LLC, ARTHUR SPITZER, NEW YORK CITY – DEPARTMENT OF FINANCE, and JANE/JOHN DOE Nos. 1-12, in the Supreme Court of Kings County under 503948/2021. ("67 Foreclosure").

65.     At all relevant times, Rabbi Braun resided and continues to reside at 67 Property.

66.     At all relevant times, PS Funding did not deliver notice to Rabbi Braun as required under N.Y. Real Prop. Acts. Law § 1303 within 10 days of commencing the 67 Foreclosure.

67.     It appears that PS Funding is attempting to foreclose upon the 69 Property by suing the Sham LLC, ARTHUR SPITZER, NEW YORK CITY – DEPARTMENT OF

FINANCE, and JANE/JOHN DOE Nos. 1-12, in the Supreme Court of Kings County under 503623/2021. ("69 Foreclosure").

68. At all relevant times, PS Funding did not deliver notice to any tenant of the 69 Property as required under N.Y. Real Prop. Acts. Law § 1303 within 10 days of commencing the 69 Foreclosure.

69. PS Funding did not name Rabbi Braun or 67 LLC in the 67 Foreclosure.

70. PS Funding did not name Rabbi Braun, 67 LLC or 69 LLC in the 69 Foreclosure.

71. PS Funding did not serve Rabbi Braun or 67 LLC in the 67 Foreclosure.

72. PS Funding did not serve Rabbi Braun or 67 LLC in the 69 Foreclosure.

73. PS Funding did not name Rabbi Braun or 67 LLC in the 67 Foreclosure in furtherance of a sophisticated scam to execute a judgment of foreclosure against the 67 Property without Rabbi Braun or 67 LLC having any due process to challenge such illegitimate foreclosure.

74. PS Funding did not name Rabbi Braun, 67 LLC or 69 LLC in the 69 Foreclosure in furtherance of a sophisticated scam to execute a judgment of foreclosure against the 69 Property without Rabbi Braun, 67 LLC or 69 LLC having any due process to challenge such illegitimate foreclosure.

75. At no time did PS Funding deliver an account statement to Plaintiffs showing a mortgage balance that was owed.

76. At no time did PS Funding deliver a default letter to Plaintiffs demanding payment to redeem a mortgage balance that was delinquent.

## **FIRST CLAIM FOR RELIEF**

77.     Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 76, for relief against Arthur Spitzer and the Sham LLC requesting declaratory relief and injunctive relief to quiet title, and money damages pursuant to Real Property Actions, Article 8, RPAPL Article 15, and Real Property Actions and Proceedings Law of the State of New York.

78.     Diversity jurisdiction exists for this claim for relief, since each property value involved exceed the threshold of $75,000, and since Arthur Spitzer and the Sham LLC are domiciled or located outside the State of New York, and all of the plaintiffs are domiciled or located in the State of New York.

79.     A live controversy exists begging the question whether the transfer of the title of the 67 Property to the Sham LLC is void ab initio.

80.     A live controversy exists begging the question whether the transfer of the title of the 69 Property to the Sham LLC is void ab initio.

81.     At all relevant times, neither Rabbi Braun nor 67 LLC gifted the 67 Property to anyone.

82.     At all relevant times, neither Rabbi Braun nor 67 LLC or 69 LLC gifted the 69 Property to anyone.

83.     At all relevant times, 67 LLC is in possession of the 67 Property.

84.     At all relevant times, 69 LLC and 67 LLC are in possession of the 69 Property.

85.     At all relevant times, 67 LLC did not relinquish its possession of true title to the 67 Property.

86.     At all relevant times, 69 LLC and 67 LLC did not relinquish its possession of true title to the 69 Property.

87.    At all relevant times, 67 LLC did not sell the 67 Property to anyone.

88.    At all relevant times, 69 LLC and 67 LLC did not sell the 69 Property to anyone.

89.    At all relevant times, 67 LLC did not receive any consideration for the transfer of the 67 Property to the Sham LLC.

90.    At all relevant times, 67 LLC did not receive any consideration for the transfer of the 69 Property to the Sham LLC.

91.    Neither Rabbi Braun nor 67 LLC conveyed title of the 67 Property to the Sham LLC.

92.    Neither Rabbi Braun nor 69 LLC or 67 LLC conveyed title to the 69 Property to the Sham LLC.

93.    The title to the 67 Property was fraudulently transferred to the Sham LLC utilizing forged signatures of Rabbi Braun.

94.    The title to the 69 Property was fraudulently transferred to the Sham LLC utilizing forged signatures of Rabbi Braun.

95.    At all relevant times, 67 LLC's possession to title in the 67 Property is superior to that of Arthur Spitzer and the Sham LLC.

96.    At all relevant times, 69 LLC and 67 LLC's right to title in the 69 Property is superior to that of Arthur Spitzer and the Sham LLC.

97.    Plaintiffs' requests judgment declaring that the transfer of the 67 Property to the Sham LLC is void ab initio with no legal affect.

98.    Plaintiffs' requests judgment declaring that the transfer of the 69 Property to the Sham LLC is void ab initio with no legal affect.

99. Plaintiffs' requests judgment directing the City Register to strike CRFN 2019000306591 the transfer of the 67 Property to the Sham LLC from the record of registered deeds.

100. Plaintiffs' requests judgment directing the City Register to strike CRFN 2019000306603 the transfer of the 69 Property to the Sham LLC from the record of registered deeds.

101. Plaintiffs' requests judgment pursuant FRCP 70(b) divesting Arthur Spitzer and the Sham LLC from any claim to title of the 67 Property.

102. Plaintiffs' requests judgment pursuant FRCP 70(b) divesting Arthur Spitzer and the Sham LLC from any claim to title of the 69 Property.

103. As a direct result of the foregoing acts committed by Arthur Spitzer and the Sham LLC, Rabbi Braun and 67 LLC's right to clean title of the 67 Property was slandered.

104. As a direct of the foregoing acts committed by Arthur Spitzer and the Sham LLC, Rabbi Braun and 69 LLC and 67 LLC's right to clean title of the 69 Property was slandered.

105. As a direct of the foregoing acts committed by Arthur Spitzer and the Sham LLC, Plaintiffs suffered damages.

106. Plaintiffs' requests a money judgment for the injuries incurred by virtue of and encumbrance of the property with an invalid

107. Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

## SECOND CLAIM FOR RELIEF

108. Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 107, for relief against Defendants, Arthur Spitzer, Josh Weinfeld, Isidore Bleier, the Sham LLC,

Rosa Funding LLC, and PS Funding, Inc. requesting declaratory relief and injunctive relief to quiet title, and money damages pursuant to Real Property Actions, Article 8, RPAPL Article 15, and Real Property Actions and Proceedings Law of the State of New York.

109. Diversity jurisdiction exists for this claim for relief, since each property involved exceed the threshold value of $75,000, and since Arthur Spitzer, Josh Weinfeld, Isidore Bleier, the Sham LLC, Rosa Funding LLC, and PS Funding, Inc. are domiciled or located outside the State of New York, and all of the plaintiffs are domiciled or located in the State of New York.

110. A live controversy exists begging the question whether the mortgage on the 67 Property is void ab initio.

111. A live controversy exists begging the question whether the mortgage on the 69 Property is void ab initio.

112. At all relevant times, 67 LLC is in possession of the 67 Property.

113. At all relevant times, 69 LLC and 67 LLC are in possession of the 69 Property.

114. At all relevant times, 67 LLC did not relinquish its possession of true title to the 67 Property.

115. At all relevant times, 69 LLC and 67 LLC did not relinquish its possession of true title to the 69 Property.

116. At all relevant times, neither Rabbi Braun nor 67 LLC gifted the 67 Property to anyone or any entity.

117. At all relevant times, neither Rabbi Braun nor 69 LLC nor 67 LLC gifted the 69 Property to anyone or any entity.

118.     At all relevant times, 67 LLC did not sell the 67 Property to anyone or any entity.

119.     At all relevant times, 69 LLC and 67 LLC did not sell the 69 Property to anyone or any entity.

120.     At all relevant times, 67 LLC did not receive any consideration for the transfer of the 67 Property to the Sham LLC.

121.     At all relevant times, 69 LLC and 67 LLC did not receive any consideration for the transfer of the 69 Property to the Sham LLC.

122.     PS Funding presents itself as the holder of the mortgage on the 67 Property.

123.     PS Funding presents itself as the holder of the mortgage on the 69 Property.

124.     Neither Rabbi Braun nor 67 LLC conveyed title of the 67 Property to the Sham LLC.

125.     Neither Rabbi Braun nor 69 LLC or 67 LLC conveyed title of the 69 Property to the Sham LLC.

126.     The title to the 67 Property was fraudulently transferred to the Sham LLC utilizing the forged signatures of Rabbi Braun.

127.     The title to the 69 Property was fraudulently transferred to 67 LLC utilizing the forged signatures of Rabbi Braun.

128.     At all relevant times, 67 LLC's possession to of title in the 67 Property is superior to that of any of the Defendants.

129.     At all relevant times, 67 LLC's right to title in the 69 Property is superior to that of any of the Defendants.

130.    Plaintiffs' requests judgment declaring that the encumbrances of the 69 Property created by the Sham LLC and Rosa Funding LLC are void ab initio with no legal affect.

131.    Plaintiffs' requests judgment declaring that the encumbrances of the 67 Property created by the Sham LLC and Rosa Funding LLC are void ab initio with no legal affect.

132.    Plaintiffs' requests judgment directing the City Register to strike CRFN 2019000306592 and 2019000306593 the encumbrance of the 67 Property to the Sham LLC from the record of registered mortgages.

133.    Plaintiffs' requests judgment directing the City Register to strike CRFN 2019000306604 and 2019000306605 the encumbrance of the 69 Property to the Sham LLC from the record of registered mortgages.

134.    Plaintiffs' requests judgment pursuant FRCP 70(b) divesting Arthur Spitzer, Josh Weinfeld, Isidore Bleier, the Sham LLC, Rosa Funding LLC, and PS Funding, Inc. from any claim of title to the 67 Property.

135.    Plaintiffs' requests judgment pursuant FRCP 70(b) divesting Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Rosa Funding LLC, and PS Funding, Inc. from any claim of title to the 69 Property.

136.    As a direct of the foregoing acts committed by Defendants, Rabbi Braun and 67 LLC's right to clean title of the 67 Property was slandered.

137.     As a direct of the foregoing acts committed by Arthur Spitzer and the Sham LLC, Rabbi Braun and 69 LLC and 67 LLC's right to clean title of the 69 Property was slandered.

138.    As a direct of the foregoing acts committed by Defendants, Plaintiffs suffered damages.

139.     Plaintiffs' requests a money judgment for the injuries incurred by virtue of and encumbrance of the property with an invalid mortgage.

140.     Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

### THIRD CLAIM FOR RELIEF

141.     Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 140, for relief against all the Defendants requesting money damages and treble damages for each remedy available at law.

142.     The following factual allegations are based upon information and belief from a preliminary quest conducted by Plaintiffs:

143.     Arthur Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc., are part of a sophisticated enterprise for the common purpose to claim title to property they are not entitled to and to enrich themselves at the behest of unsuspecting victims ("common purpose").

144.     Dekel Abstract LLC, Abraham Teitelbaum, and Jehuda Weisz aid and abet the enterprise to achieve the common purpose.

145.     At all relevant times, Josh Weinfeld and Isidore Bleier are business partners presenting themselves under the guise of Rosa Funding LLC.

146.     At all relevant times, Isidore Bleier was the commander of Rosa Funding LLC and its registered agent.

147.     At all relevant times, Josh Weinfeld presented himself as the manager of Rosa Funding LLC.

148.     At all relevant times, Arthur Spitzer is the servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC to fraudulently obtain properties from unsuspecting vulnerable victims.

149.     The common pattern is almost always the same, the prize being a property that has no encumbrance on it and being free from any encumbrance, making the property a prime target for conversion ("common pattern").

150.     The operation of the hierarchy of the enterprise is that: Arthur Spitzer hunts for the property, such as creating a forged deed transferring title of a property to an LLC, as a shell corporation (referred to as the "Shell LLC").  The placing of the property into a Shell LLC is done at the direction of Josh Weinfeld and Isidore Bleier to present itself at a distance from the victim(s) and exert a maximum interest rate.  Josh Weinfeld and Isidore Bleier, under the guise of Rosa Funding LLC together with its personnel create a false encumbrance on the property based on the forged deed.  Jehuda Weisz as an associate of Rosa Funding LLC notarizes the forged deed, so the forgery would seem legitimate and be acceptable for filing with local government offices.  Dekel Abstract LLC with its personnel and Abraham Teitelbaum function as the title insurance agents to give the false appearance under CPLR 4523 of a legitimate title and to transmit the forged deed to the County Clerk or City Register to ruse the forgery. Dekel Abstract LLC with its personnel and Abraham Teitelbaum expedite the mortgage and transmit the forged documents to the County Clerk or City Register to ruse the forgery.  Dekel Abstract LLC with its personnel and Abraham Teitelbaum facilitate the assignment of the mortgage from Rosa Funding LLC to PS Funding Inc. PS Funding Inc. together with its personnel presents itself as the vehicle to the foreclose on the false encumbrance even when knowing that the deed is a bald forgery.

151.     The game played by the enterprise is to present itself themselves as bona fide businesspersons conducting a routine transaction and blame Arthur Spitzer as the bad guy, a scapegoat for all wrongdoing.  By blaming Arthur Spitzer for all the wrong, the remainder of the enterprise attempts to brand themselves as victims, distance themselves from the blame, and avoid any responsibility of the wrongs committed. However, that game falls short of success, because Arthur Spitzer by himself would have been unable to mastermind the same pattern multiple times without the entire enterprise having its commitment for the common purpose.  For instance, Arthur Spitzer created title to LLCs in his name for multiple properties throughout 2018 and 2022 all properties received "financing" from Rosa Funding LLC, all which were handled by Dekel Abstract LLC with its personnel and Abraham Teitelbaum, all which were then assigned to PS Funding Inc., and all which ended in foreclosure (objectively speaking that Arthur Spitzer never made payments on any of these mortgages) that were filed throughout 2018, 2019, 2020, 2021 and 2022. It follows that at some point either Rosa Funding LLC or PS Funding Inc. would have exercised due diligence and stopped advancing more money to Arthur Spitzer, given his pattern of defaulting on mortgages.  It follows that at some point either Rosa Funding LLC or PS Funding Inc. would have exercised due diligence and examined the bases of multiple mortgages and its default.  It follows that at some point either Rosa Funding LLC would have exercised due diligence and recalled the faulty mortgages, or that PS Funding Inc. would cease pursing foreclosure, on any property which Arthur Spitzer illegitimately claimed title.  It follows that at some point that Jehuda Weisz would have exercised due diligence and the conscious to cease advancing his notary stamp for every other deed presented by Arthur Spitzer in the absence of the signee.  It follows that at some point either Dekel Abstract LLC or Abraham Teitelbaum would exercise due diligence and do a title search and ask how it is that Arthur Spitzer came into title of multiple real property in a

short period of time without a contract of sale and without having tendered any consideration. Neither Defendant exercised the due diligence entrusted to them by law and common sense necessary to have prevented the injury that Plaintiffs are now facing. The Defendants did not exercise due diligence because these duties do not follow the common purpose of the enterprise of converting title of property they are not entitled to and enriching themselves at the behest of unsuspecting victims. Rather it is the omission of due diligence that enables the enterprise of converting title of property they are not entitled to and enriching themselves at the behest of unsuspecting victims.

152.    At all relevant times, Josh Weinfeld, Isidore Bleier and Rosa Funding LLC paid Arthur Spitzer for the prize of each property that is swindled from its true owners.

153.    The acts of the enterprise include forging the signature of the victim to fabricate title to real property under the name of a Shell LLC belonging to one of the perpetrators, Josh Weinfeld, Isidore Bleier, or Arthur Spitzer. Then the perpetrators encumber the stolen property through using shell corporations, such as Rosa Funding LLC to create an instrument of funding with the false appearance of lending money.

154.    Josh Weinfeld and Isidore Bleier, when asked about the mortgages created on a property involving Arthur Spitzer play ignorant as if Arthur Spitzer purchased the property from the unsuspecting victim.

155.    At all relevant times, Abraham Teitelbaum was a licensed insurance agent in the State of New York, operating under Dekel Abstract LLC.

156.    Abraham Teitelbaum and Dekel Abstract LLC, present themselves as title insurance agents, as if they did a title search, assist the perpetrators with preparing closing documents to pass the appearance of clear title on properties that are deeded for no consideration

to the Shell LLC. Meanwhile, neither Abraham Teitelbaum nor Dekel Abstract LLC did any title search. For instance, as delineated earlier, in 2016, the entity 69 LLC transferred to 67 LLC, 60% of the title to the 69 Property and retained 40% of its title. It is apparent that neither Abraham Teitelbaum nor Dekel Abstract LLC did a title search, because the forgery transferred 100% of the title of the 69 Property from 1567 56th Street LLC (67 LLC) to 1567 56 NY LLC (Sham LLC). Yet, 67 LLC held only 60% of the title, not 100%. This omission by Abraham Teitelbaum and Dekel Abstract LLC illustrate the fact that no title search was done at all.

157.    Jehuda Weisz avails himself to the perpetrators as an associate of Josh Weinfeld and Isidore Bleier to notarize each forgery to lend an appearance that the deed transfer is legitimate.

158.    Then, Josh Weinfeld, Abraham Teitelbaum, and Dekel Abstract LLC assign the fake mortgage to PS Funding as a vehicle to enforce the fraudulent mortgage.

159.    Neither Arthur Spitzer, nor Josh Weinfeld, Isidore Bleier, Abraham Teitelbaum, and Dekel Abstract LLC or PS Funding fronted any money to purchase the property. Rather the game is shaped as if PS Funding advanced funding under the method of "table funding", where PS Funding holds itself as if the loan was funded by PS Funding as a contemporaneous "bona fide" lender advancing the funds for a purchase. Meanwhile, there were no funds advanced to purchase the property from the unsuspecting victim. It is possible that the forged deeds are the basis for using stolen title to borrow collateral for investment properties, but that chain of transactions would require discovery.

160.    PS Funding is aware that mortgages originating with Rosa Funding LLC through Abraham Teitelbaum and Dekel Abstract LLC are faulty. Rather than returning the faulty mortgages to Rosa Funding LLC, PS Funding is happily pursuing foreclosures on properties where

the title is void in a concentrated effort to profit off from the fraudulent mortgages which originated from Rosa Funding LLC. In part, the basis for this belief is found in over ten (10) of foreclosure lawsuits, where each of the mortgages came about in 2019 from a conveyance for no consideration that has the same fingerprints of Arthur Spitzer as the purchaser and Rosa Funding LLC as the financier with PS Funding as the assignee and claimant for foreclosure.

161. Meanwhile, the victim is unaware that their real property has been stolen and encumbered. Under this blindness, PS Funding works to enforce the mortgage in a foreclosure proceeding, doing the foreclosure themselves or through other entities. The pattern is almost always the same, the victim is never named as a party to the foreclosure proceeding nor served with the foreclosure lawsuit. By the time the victim learns of the foreclosure, there is already a default, the victim is caught off guard, leaving the victim with the uphill battle to catch the rare discretion of an overworked state court judge to intervene and vacate the default judgment in a foreclosure proceeding in which the victim was not named as a party. By the time the victim can grasp what has befallen, the property is in foreclosure, and the victim is at that point at the mercy of survival without a roof over their head, and not even having the money to hire attorneys to litigate restoring title.

162. The following allegations are based upon personal knowledge supporting the aforementioned information and beliefs:

163. Months after the forgery was registered, upon learning of the fraud, Plaintiff Rabbi Braun confronted Arthur Spitzer over this ordeal.

164. Arthur Spitzer admitted to Rabbi Braun that he forged the signature of Rabbi Braun to transfer the property but exclaimed that he was "forced" to do it. Arthur Spitzer did not say who forced him to forge Rabbi Braun's signature, but in a quest for answers, all leads

led to information and belief that Arthur Spitzer is a faithful servant who follows orders of Josh Weinfeld and Isidore Bleier.

165.    Jehuda Weisz notarized the fraudulent transfer of the deeds bearing the forged signatures of "Shlomo Braun." Neither Rabbi Braun nor 67 LLC, nor 69 LLC ever appeared before Jehuda Weisz to notarize any of the forged deeds.

166.    Neither Rabbi Braun nor 67 LLC, nor 69 LLC ever entered into a contract sale of the 67 Property or 69 Property.

167.    Neither Rabbi Braun nor 67 LLC, nor 69 LLC ever appeared before Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc. to consummate a closing.

168.    All the acts were committed by the Defendants amongst themselves in the absence of Plaintiffs.

169.    All the acts committed by the Defendants against Plaintiffs occurred between 2019 and the present day.

170.    The properties of Plaintiffs were transferred to a Sham LLC in conformity to the enterprise requirement that the forgery of the deed be registered in the name of a Shell LLC owned by one of the perpetrators.

171.    The properties of Plaintiffs became encumbered with a mortgage through the Sham LLC in conformity to the practice of the enterprise where Josh Weinfeld, Isidore Bleier, and Rosa Funding create an encumbrance of the property to make it appear as if Arthur Spitzer or Sham/Shell LLC was a bona fide purchaser.

172.    The mortgages were assigned to PS Funding for the purposes of enforcing the encumbrance.

173.     Dekel Abstract LLC and Abraham Teitelbaum created the mock process of a title search, clear title, and registered the fraudulent documents with the City Register.

174.     The 67 Foreclosure action was commenced by PS Funding against the 67 Property without Rabbi Braun and 67 LLC being named as a party.

175.     The 69 Foreclosure action was commenced by PS Funding against the 69 Property without Rabbi Braun and 69 LLC or 67 LLC being named as a party.

176.     Neither Rabbi Braun nor 67 LLC was served with the 67 Foreclosure action.

177.     Neither Rabbi Braun nor 69 LLC nor 67 LLC were served with the 69 Foreclosure action.

178.     Upon information and belief, identical or similar acts have been committed in the years from November 1, 2018 through 2022 by the key Defendants, Arthur Spitzer purportedly borrowing money from Rosa Funding LLC and PS Funding Inc., was followed by a blindfold foreclosure, against the following properties:

        a)  138 Nobility Court, Toms River, NJ,

        b)  1412 Collage Avenue, Bronx, NY,

        c)   23-25 Chelsea Avenue, Newark NJ,

        d)  62 S 13th Street, Newark, NJ,

        e)  240 Amherst St, East Orange, NJ,

        f)  96 Sussex Avenue, Newark, NJ,

        g)  134 N. 15th Street, East Orange, NJ,

        h)  106 Sunset Avenue, Newark, NJ,

        i)  64 S. 13th Street, Newark, NJ,

        j)  54 Chelsea Avenue, Newark, NJ,

k) 625 Bedford Avenue, Brooklyn, NY,

l) 38 Headley Terrace, Irvington, NJ,

m) 808 South 14th Street, Newark, NJ,

n) 624 15th Avenue, Newark, NJ,

o) 94 North Maple Avenue, East Orange, NJ,

p) 59 Davenport Avenue, Newark, NJ,

q) 57 Cedar Avenue, Newark, NJ, and

r) 20 Girard Avenue, East Orange, NJ.

179.     It is elementary that lenders would not proceed to lend money on a property without a closing in the presence of the sellers and borrowers. This elementary step serves as a meeting of the minds and to verify the identity of the sellers and borrowers.  Yet, Rosa Funding LLC and PS Funding, Inc., purportedly proceeded to finance property from 67 LLC to the Sham LLC and encumber the 67 Property and 69 Property without a closing where Rabbi Braun and 67 LLC were to be present. It follows that both Rosa Funding LLC and PS Funding, Inc., knew or should have known that the transfer of the deeds from 67 LLC to the Sham LLC is not legitimate, and that both Rosa Funding LLC and PS Funding, Inc., knew or should have known that no legitimate funding was advanced to purchase the 67 Property and 69 Property.

180.     Defendants Arthur Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc., are engaged in racketeering activity by attempting to extort money from Plaintiffs, namely having stolen title to Plaintiffs property and using foreclosure proceedings to extort money from Plaintiffs to save losing the property in foreclosure despite each Defendant is knowingly aware that there is no valid mortgage on Plaintiffs property. The following facts illustrate the acts of extortion being committed by Arthur Spitzer, Josh Weinfeld, Isidore Bleier,

Rosa Funding LLC, and PS Funding, Inc. aided and abetted by Jehuda Weisz, Abraham Teitelbaum and Dekel Abstract LLC:

    a.    (i) As delineated earlier, in 2016, the entity 69 LLC transferred 60% of the title of the 69 Property to 67 LLC and 69 LLC retained 40% of the interest in that title.  (ii) Defendants stole 100% title of the 69 Property through utilizing a forgery of Rabbi Braun's signature initiated by Arthur Spitzer, transferring 100% of the title of the 69 Property from 67 LLC to the Sham LLC. (iii) Josh Weinfeld, Isidore Bleier and Rosa Funding LLC knowingly used the theft to create a mortgage on the 69 Property.  (iv) PS Funding, Inc. knowingly makes use of the theft to foreclose on the 69 Property by way of the 69 Foreclosure.  (v) Each Defendant knew or should have known that the Sham LLC did not receive title to the 69 Property by the fact that 67 LLC could not grant 100% title of the 69 Property and that Plaintiffs are the genuine owners of the 69 Property.  (vi) The attempt of extortion is brought to life by the 69 Foreclosure, wherein Defendants are threatening to have the 69 Property auctioned off in an effort to induce Plaintiffs pay a ransom of $1,200,000.00 plus 15% in interests and fees albeit that Plaintiffs did not incur either obligation.  (vii) Defendants operating with a unified mindset to mastermind the extortion: by enabling Arthur Spitzer to initiate the attempt of extortion through the forgery that was notarized by Jehuda Weisz (who is also a servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC); the extortion was conceived by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC in creating a mortgage on a property that of which the Sham LLC did not have genuine title; the attempt of extortion was made possible when the forged deed with the mortgages were filed with the City Register by Abraham Teitelbaum and Dekel Abstract LLC; and the attempt of extortion is realized by PS Funding, Inc. with its prosecution of the 69 Foreclosure. (viii) Defendants attempt to extort money from Plaintiffs in the State of New York in seeking deliverance of payment in commerce by way of PS Funding being located in Delaware and California; Josh Weinfeld, Isidore Bleier and Rosa Funding LLC, Abraham Teitelbaum, Dekel Abstract LLC and Jehuda Weisz profiteering in the State of New Jersey. (ix) The attempt of extortion to force Plaintiffs to pay for a debt on Plaintiffs property, that was not incurred by Plaintiffs is chargeable as probable cause of a crime within the meaning of 18 USC 1951(a), N.Y. Penal Law § 135.65(A)(1).

    b.    (i) neither Arthur Spitzer nor the Sham LLC had a contract of sale with Plaintiffs Rabbi Braun or the 67 LLC to purchase the 67 Property. (ii) Defendants stole title of the 67 Property through utilizing a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of

the title of the 67 Property from the 67 LLC to the Sham LLC. (iii) The theft was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (iv) Josh Weinfeld, Isidore Bleier and Rosa Funding LLC knowingly used the theft to create a mortgage on the 67 Property. (iv) PS Funding, Inc. knowingly makes use of the theft to induce payment in return for title to the 67 Property by way of the 67 Foreclosure. (v) Each Defendant knew or should have known that the Sham LLC did not receive title to the 67 Property by the fact that neither the 67 LLC issued a contract of sale, received any consideration, or had any reason to gift the 67 Property to Arthur Spitzer or the Sham LLC. (vi) The attempt of extortion is brought to life by the 67 Foreclosure, wherein Defendants are threatening to have the 67 Property belonging to Plaintiffs auctioned off to induce Plaintiffs to pay a ransom of $1,200,000.00 plus 15% in interests and fees albeit neither sum was incurred by Plaintiffs. (vii) Defendants operating with a unified mindset to mastermind the attempt of extortion, by enabling Arthur Spitzer to initiate the attempt of extortion through the forgery that was notarized by Jehuda Weisz (who is also a servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC); the extortion was commenced by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC in creating a mortgage on a property that in which the Sham LLC did not have genuine title; the extortion was made possible when the forged deed with the mortgages were filed with the City Register by Abraham Teitelbaum and Dekel Abstract LLC; and the extortion is enforced by PS Funding, Inc. with its prosecution of the 67 Foreclosure. (viii) Defendants attempt to extort money from Plaintiffs in the State of New York when seeking deliverance of payment in commerce by way of PS Funding being situated in Delaware and California; Josh Weinfeld, Isidore Bleier and Rosa Funding LLC, Abraham Teitelbaum, Dekel Abstract LLC and Jehuda Weisz profiteering in the State of New Jersey. (ix) The attempt of extortion is to force Plaintiffs to pay for a debt on Plaintiffs property, that was not incurred by Plaintiffs, is chargeable as probable cause of a crime within the meaning of 18 USC 1951(a), N.Y. Penal Law § 135.65(A)(1).

c.   (i) neither Arthur Spitzer nor the Sham LLC had a contract of sale with Plaintiffs Rabbi Braun, the 67 LLC and the 69 LLC to purchase the 69 Property. (ii) Defendants stole title of the 69 Property through utilizing a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 69 Property from 67 LLC to the Sham LLC. (iii) The theft was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (iv) Josh Weinfeld, Isidore Bleier and Rosa Funding LLC knowingly used the theft to create a mortgage on the 69 Property. (iv) PS Funding, Inc. knowingly makes use of the theft to foreclose on the 69 Property by way

of the 69 Foreclosure.  (v) Each Defendant knew or should have known that the Sham LLC did not receive title to the 69 Property by the fact that neither the 67 LLC nor the 69 LLC issued a contract of sale, received any consideration, or had any reason to gift the 69 Property to Arthur Spitzer or the Sham LLC.  (vi) The attempt of extortion is brought to life by the 69 Foreclosure, wherein Defendants are threatening to have the 69 Property belonging to Plaintiffs auctioned off to induce Plaintiffs pay a ransom of $1,200,000.00 plus 15% in interests and fees albeit Plaintiffs did not incur either obligation.  (vii) Defendants operating with a unified mindset to mastermind the extortion, by enabling Arthur Spitzer to initiate the extortion through the forgery that was notarized by Jehuda Weisz (who is also a servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC); the extortion was commenced by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC in creating a mortgage on a property that in which the Sham LLC did not have genuine title; the extortion was made possible when the forged deed with the mortgages were filed with the City Register by Abraham Teitelbaum and Dekel Abstract LLC; and the attempt of extortion is realized by PS Funding, Inc. with its prosecution of the 69 Foreclosure. (viii) Defendants attempt to extort money from Plaintiffs in the State of New York when seeking deliverance of payment in commerce by way of PS Funding being situated in Delaware and California; Josh Weinfeld, Isidore Bleier and Rosa Funding LLC, Abraham Teitelbaum, Dekel Abstract LLC and Jehuda Weisz profiteering in the State of New Jersey. (ix) The attempt of extortion is the efforts to force Plaintiffs to pay for a debt on Plaintiffs property, that was not incurred by Plaintiffs, is chargeable as probable cause of a crime within the meaning of 18 USC 1951(a), N.Y. Penal Law § 135.65(A)(1).

181.    Defendants Arthur Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc., are engaged in racketeering activity by way of robbery of Plaintiffs property, by having stolen title to Plaintiffs property and threatening Plaintiffs with an actionable injury.  The following facts illustrate the acts of robbery being committed by Arthur Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc. aided and abetted by Jehuda Weisz, Abraham Teitelbaum and Dekel Abstract LLC:

a.    (i) Defendants committed robbery by an unlawful taking of title from Plaintiffs of the 67 Property through a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 67 Property from the 67 LLC to the Sham LLC. (ii) Defendants unlawful taking of Plaintiffs title to the 67 Property continues to threaten Plaintiffs rightful

possession to the 67 Property and certainly instilled such fear. (iii) The robbery was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (iv) Josh Weinfeld, Isidore Bleier and Rosa Funding LLC knowingly advanced the robbery by creating a mortgage on the 67 Property. (iv) PS Funding, Inc. knowingly makes use of the robbery to foreclose the 67 Property by way of the 67 Foreclosure. (v) Each Defendant knew or should have known that the Sham LLC did not receive title to the 67 Property by the fact that neither the 67 LLC nor Rabbi Braun issued a contract of sale, received any consideration, or had any reason to gift the 67 Property to Arthur Spitzer or the Sham LLC. (vi) The robbery is brought to life, wherein Arthur Spitzer made several threats in the name of all Defendants to a family member of Rabbi Braun threatening to injure the family member in the event that Plaintiffs raise any claim or defense that the deed from 67 LLC to the Sham LLC was a forgery. (vii) The threat involved accusing the family member of owing money to Defendants and the robbery was made for the satisfaction of such debt and otherwise the nonexistent debt would be collected against that family member. (viii) The threat also involved of subjugating Plaintiffs as being a "partner" to whatever business (i.e., crime operation) that Defendants are involved in amongst themselves even though neither Plaintiff had any partnership with either Defendant. (ix) Defendants operating with a unified mindset to mastermind the robbery, by enabling Arthur Spitzer to initiate the robbery through the forgery that was notarized by Jehuda Weisz (who is also a servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC); the robbery was commenced by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC in creating a mortgage on a property that the Sham LLC did not have genuine title; the robbery was made possible when the forged deed with the mortgages were filed with the City Register by Abraham Teitelbaum and Dekel Abstract LLC; and the robbery is enforced by PS Funding, Inc. with its prosecution of the 67 Foreclosure. (x) The act of robbery is chargeable as probable cause of a crime within the meaning of 18 USC 1951(a), N.Y. Penal Law § 160.00. (xi) Each threat was made within two years prior to bringing this action in an attempt to instill fear into Plaintiffs to deter any attempt to interfere with Defendants completing the robbery through the 69 Foreclosure.

b.  (i) Defendants committed robbery by an unlawful taking of title from Plaintiffs of the 69 Property through a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 69 Property from 67 LLC to the Sham LLC. (ii) Defendants unlawful taking of Plaintiffs title to the 69 Property continues to threaten Plaintiffs rightful possession to the 69 Property and certainly instilled such fear. (iii) The robbery was made possible by Josh Weinfeld, Isidore Bleier and Rosa

Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (iv) Josh Weinfeld, Isidore Bleier and Rosa Funding LLC knowingly advanced the robbery to create a mortgage on the 69 Property. (iv) PS Funding, Inc. knowingly makes use of the robbery to foreclose the 69 Property by way of the 69 Foreclosure. (v) Each Defendant knew or should have known that the Sham LLC did not receive title to the 69 Property by the fact that neither 67 LLC nor 69 LLC or Rabbi Braun issued a contract of sale, received any consideration, or had any reason to gift the 69 Property to Arthur Spitzer or the Sham LLC. (vi) The robbery is brought to life by the 69 Foreclosure, wherein Arthur Spitzer made several threats to a family member of Rabbi Braun threatening to injure the family member in the event that Plaintiffs raise any claim or defense that the deed from 67 LLC to the Sham LLC was a forgery. (vii) The threat involved accusing the family member of owing money to Defendants and the robbery was made for the satisfaction of such debt and otherwise the nonexistent debt would be collected against that family member. (viii) The threat also involved of subjugating Plaintiffs as being a "partner" to whatever business (i.e., crime operation) that Defendants are involved in amongst themselves even though neither Plaintiff had any partnership with either Defendant. (ix) Defendants operating with a unified mindset to mastermind the robbery, by enabling Arthur Spitzer to initiate the robbery through the forgery that was notarized by Jehuda Weisz (who is also a servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC); the robbery was commenced by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC in creating a mortgage on a property that the Sham LLC did not have genuine title; the robbery was made possible when the forged deed with the mortgages were filed with the City Register by Abraham Teitelbaum and Dekel Abstract LLC; and the robbery is enforced PS Funding, Inc. with its prosecution of the 69 Foreclosure. (x) The act of robbery is chargeable as probable cause of a crime within the meaning of 18 USC 1951(a), N.Y. Penal Law § 160.00. (xi) Each threat was made within two years prior to bringing this action in an attempt to instill fear into Plaintiffs to deter any attempt to interfere with completing the robbery through the 69 Foreclosure.

182. Defendants Arthur Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc., are engaged in racketeering activity by taking possession of stolen property, namely having stolen title to Plaintiffs property and using foreclosure proceedings to realize money from the stolen property despite each Defendant is knowingly aware that there is no valid mortgage on Plaintiffs property. The following facts illustrate the acts committed by Arthur

Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc. aided and abetted

by Jehuda Weisz, Abraham Teitelbaum and Dekel Abstract LLC:

    a.    (i) Defendants engaged in an unlawful taking of title from Plaintiffs of the 67 Property through a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 67 Property from 67 LLC to the Sham LLC. (ii) The forgery of a deed is a financial transaction under 18 USC 1956(c)(4), Defendants unlawful taking of Plaintiffs title to the 67 Property was brought into effect by transmitting the forgery from the State of New Jersey to the City Register located in the City of New York and was initiated by Rosa Funding LLC and progressed by PS Funding Inc. both who are financial institutions located outside the State of New York and affecting transactions within the State of New York. (iii) Forgery in this case is a criminal offense under N.Y. Penal Law 170.10, 170.25 and is also federal offense 18 USC 495 to the extent that Defendants are representing the forged deed to the Court in claiming that the Sham LLC is the genuine owner of the 67 Property. (iv) The forgery was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (iv) Defendants Josh Weinfeld, Isidore Bleier and Rosa Funding LLC engaged in a monetary transaction of criminal derived property of at least $1.2 million by knowingly creating a mortgage on the 67 Property while knowing that the deed of the Sham LLC is a forgery. (v) PS Funding, Inc. knowingly makes use of the criminal derived transaction to foreclose the 67 Property by way of the 67 Foreclosure despite knowing that the Sham LLC does not have valid title. (v) Each Defendant knew or should have known that the Sham LLC did not receive title to the 67 Property by the fact that neither 67 LLC or Rabbi Braun issued a contract of sale, received any consideration, or had any sound reason to gift the 67 Property to Arthur Spitzer or the Sham LLC. (ix) Defendants operating with a unified mindset to mastermind the criminal activity, by enabling Arthur Spitzer to initiate the forgery that was notarized by Jehuda Weisz (who is also a servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC); the forgery was advanced to a monetary transaction by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC as a financial institution creating a mortgage on a property despite knowing that the Sham LLC did not have genuine title; the monetary transaction was made possible when the forged deed with the mortgages were filed with the City Register by Abraham Teitelbaum and Dekel Abstract LLC; and the monetary transaction was made a reality with the assignment of the mortgage to PS Funding, Inc., a financial institution, and PS Funding Inc. knowingly advancing the monetary transaction with its prosecution of the 67 Foreclosure. (x)

Defendants' acts are chargeable as probable cause of a crime under 18 USC 1957.

b. (i) Defendants engaged in an unlawful taking of title from Plaintiffs of the 69 Property through a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 69 Property from 69 LLC to the Sham LLC. (ii) The forgery of a deed is a financial transaction under 18 USC 1956(c)(4), Defendants unlawful taking of Plaintiffs title to the 69 Property was brought into effect by transmitting the forgery from the State of New Jersey to the City Register located in the City of New York and was initiated by Rosa Funding LLC and progressed by PS Funding Inc. both who are financial institutions located outside the State of New York and affecting transactions within the State of New York. (iii) Forgery in this case is a criminal offense under N.Y. Penal Law 170.10, 170.25 and is also federal offense 18 USC 495 to the extent that Defendants are representing the forged deed to the Court in claiming that the Sham LLC is the genuine owner of the 69 Property. (iv) The forgery was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (iv) Defendants Josh Weinfeld, Isidore Bleier and Rosa Funding LLC engaged in a monetary transaction of criminal derived property of financing $1.2 million by knowingly creating a mortgage on the 69 Property while knowing that the deed of the Sham LLC is a forgery. (v) PS Funding, Inc. knowingly makes use of the criminal derived transaction to foreclose the 69 Property by way of the 69 Foreclosure despite knowing that the Sham LLC does not have valid title. (v) Each Defendant knew or should have known that the Sham LLC did not receive title to the 69 Property by the fact that neither the 69 LLC nor 67 LLC or Rabbi Braun issued a contract of sale, received any consideration, or had any sound reason to gift the 69 Property to Arthur Spitzer or the Sham LLC. (ix) Defendants operating with a unified mindset to mastermind the criminal activity, by enabling Arthur Spitzer to initiate the forgery that was notarized by Jehuda Weisz (who is also a servant of Josh Weinfeld, Isidore Bleier and Rosa Funding LLC); the forgery was advanced to a monetary transaction by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC as a financial institution creating a mortgage on a property despite knowing that the Sham LLC did not have genuine title; the monetary transaction was made possible when the forged deed with the mortgages were filed with the City Register by Abraham Teitelbaum and Dekel Abstract LLC; and the monetary transaction was made a reality with the assignment of the mortgage to PS Funding, Inc., a financial institution, and PS Funding Inc. knowingly advancing the monetary transaction with its prosecution of the 69 Foreclosure. (x) Defendants' acts are chargeable as probable cause of a crime under 18 USC 1957.

c.    (i) Defendants engaged in an unlawful taking of title from Plaintiffs of the 67 Property through utilizing a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 67 Property from the 67 LLC to the Sham LLC. (ii) The forgery of a deed is a security as a certificate of interest in property under 18 USC 2311. (iii) Defendants unlawful taking of Plaintiffs title to the 67 Property was transmitted from the State of New Jersey to the City Register located in the City of New York. (iv) The forgery was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (v) Defendants Josh Weinfeld, Isidore Bleier, Rosa Funding LLC and PS Funding pledged security on the forgery by way of a mortgage of $1.2 million on the 67 Property while knowing that the deed of the Sham LLC is a forgery. (vi) The forged deed with the mortgages were transmitted to the City Register by Abraham Teitelbaum and Dekel Abstract LLC. (vii) Each Defendant knew or should have known that the Sham LLC did not receive title to the 67 Property by the fact that neither 67 LLC or Rabbi Braun issued a contract of sale, received any consideration, or had any sound reason to gift the 67 Property to Arthur Spitzer or the Sham LLC. (ix) Defendants are attempting to obtain money for the forgery by way of the 67 Foreclosure in an amount exceeding $5,000 in value. (x) Defendants are attempting to obtain money for the forgery by way of claiming a security on the 67 Property in an amount exceeding $5,000 in value. (xi) These acts by Defendants are chargeable as probable cause of a crime under 18 USC 2314, 2315.

d.    (i) Defendants engaged in an unlawful taking of title from Plaintiffs of the 69 Property through a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 69 Property from 69 LLC to the Sham LLC. (ii) The forgery of a deed is a security as a certificate of interest in property under 18 USC 2311. (iii) Defendants unlawful taking of Plaintiffs title to the 69 Property was transmitted from the State of New Jersey to the City Register located in the City of New York. (iv) The forgery was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (v) Defendants Josh Weinfeld, Isidore Bleier, Rosa Funding LLC and PS Funding pledged security on the forgery by way of a mortgage of $1.2 million on the 69 Property while knowing that the deed of the Sham LLC is a forgery. (vi) The forged deed with the mortgages were transmitted to the City Register by Abraham Teitelbaum and Dekel Abstract LLC. (vii) Each Defendant knew or should have known that the Sham LLC did not receive title to the 69 Property by the fact that neither the 69 LLC nor the 67 LLC or Rabbi Braun issued a contract of sale, received any consideration, or had any sound reason to gift the 69 Property to Arthur Spitzer or the Sham LLC. (ix) Defendants are attempting to

obtain money for the forgery by way of the 69 Foreclosure in amount exceeding $5,000 in value. (x) Defendants are attempting to obtain money for the forgery by way of claiming a security on the 69 Property in an amount exceeding $5,000 in value. (xi) These acts by Defendants are chargeable as probable cause of a crime under 18 USC 2314, 2315.

183. Defendants Arthur Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc., are engaged in racketeering activity by taking committing mail and wire fraud, namely creating a forgery of stolen title to Plaintiffs property and transmitting them to the internet and inducing the City Register to mail the forged deed through the United States Postal Services. The following facts illustrate the acts committed by Arthur Spitzer, Josh Weinfeld, Isidore Bleier, Rosa Funding LLC, and PS Funding, Inc. aided and abetted by Jehuda Weisz, Abraham Teitelbaum and Dekel Abstract LLC:

    a. Defendants engaged in an unlawful taking of title from Plaintiffs of the 67 Property through a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 67 Property from the 67 LLC to the Sham LLC. (ii) The forgery of the deed was the means by which to place a mortgage on the 67 Property. (iii) Defendants unlawful taking of Plaintiffs title to the 67 Property was transmitted through the wires of the internet from the State of New Jersey to the City Register located in the City of New York. (iv) The forgery was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (v) Defendants Josh Weinfeld, Isidore Bleier, Rosa Funding LLC and PS Funding pledged security on the forgery by way of a mortgage of $1.2 million on the 67 Property while knowing that the deed of the Sham LLC is a forgery. (vi) The forged deed with the mortgages was transmitted to the City Register by Abraham Teitelbaum and Dekel Abstract LLC. (vii) Abraham Teitelbaum and Dekel Abstract LLC directed the City Register to use the United States Postal Services to return the forged deed accompanied with the mortgage. (viii) Each Defendant knew or should have known that the Sham LLC did not receive title to the 67 Property by the fact that neither the 67 LLC nor Rabbi Braun issued a contract of sale, received any consideration, or had any sound reason to gift the 67 Property to Arthur Spitzer or the Sham LLC. (ix) These acts in totality support the charge of criminality under 18 USC 1341, 1343, and 1952 and were also committed to accomplish a state crime prohibited under N.Y. Real Prop. Law § 430.

b.     Defendants engaged in an unlawful taking of title from Plaintiffs of the 69 Property through a forgery of Rabbi Braun's signature initiated by Arthur Spitzer transferring 100% of the title of the 69 Property from the 69 LLC to the Sham LLC. (ii) The forgery of the deed was the means by which to place a mortgage on the 69 Property. (iii) Defendants unlawful taking of Plaintiffs title to the 69 Property was transmitted through the wires of the internet from the State of New Jersey to the City Register located in the City of New York. (iv) The forgery was made possible by Josh Weinfeld, Isidore Bleier and Rosa Funding LLC directing its servant Jehuda Weisz to notarize the forgery. (v) Defendants Josh Weinfeld, Isidore Bleier, Rosa Funding LLC and PS Funding pledged security on the forgery by way of a mortgage of $1.2 million on the 69 Property while knowing that the deed of the Sham LLC is a forgery. (vi) The forged deed with the mortgages was transmitted to the City Register by Abraham Teitelbaum and Dekel Abstract LLC. (vii) Abraham Teitelbaum and Dekel Abstract LLC directed the City Register to use the United States Postal Services to return the forged deed accompanied with the mortgage. (viii) Each Defendant knew or should have known that the Sham LLC did not receive title to the 69 Property by the fact that neither the 69 LLC or the 67 LLC or Rabbi Braun issued a contract of sale, received any consideration, or had any sound reason to gift the 69 Property to Arthur Spitzer or the Sham LLC. (ix) These acts in totality support the charge of criminality under 18 USC 1341, 1343, and 1952 and were also committed to accomplish a state crime prohibited under N.Y. Real Prop. Law § 430.

184.     Acting individually and in concert with each other, Defendants caused damages to Plaintiffs by encumbering real property without any authority from any of the Plaintiffs.

185.     Acting individually and in concert with each other, Defendants caused damages to Plaintiffs by slandering the title of the 67 Property without any authority from any of the Plaintiffs.

186.     Acting individually and in concert with each other, Defendants caused damages to Plaintiffs by slandering the title of the 69 Property without any authority from any of the Plaintiffs.

187. As a direct of the foregoing acts committed by Defendants, Rabbi Braun and the 67 LLC's right to clean title of the 67 Property was slandered.

188. As a direct of the foregoing acts committed by Arthur Spitzer and the Sham LLC, Rabbi Braun and the 69 LLC and the 67 LLC's right to clean title of the 69 Property was slandered.

189. As a direct of the foregoing acts committed by Defendants, Plaintiffs suffered damages.

190. Plaintiffs' requests a money judgment for the injuries incurred by virtue of the fraud committed against Plaintiffs.

191. Plaintiffs' requests a money judgment of treble damages for the injuries incurred by virtue of the racketeering acts committed against Plaintiffs

192. Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

## **FOURTH CLAIM FOR RELIEF**

193. Plaintiffs incorporates herein all the allegations stated in paragraphs from 1 to 192, for relief against Jehuda Weisz requesting money damages for each remedy available at law.

194. N.Y. Exec. Law § 135 provides that "For any misconduct by a notary public in the performance of any of his powers such notary public shall be liable to the parties injured for all damages sustained by them."

195. Jehuda Weisz committed misconduct in notarizing the forged signatures of Rabbi Braun on the deeds transferring title from 67 LLC to Sham LLC.

196.     Jehuda Weisz committed misconduct in notarizing the forged signatures of Rabbi Braun on the deeds transferring title from and 67 LLC to Sham LLC.

197.     The misconduct is confirmed by the fact that Rabbi Braun never appeared before Jehuda Weisz nor requested any notary services from him.

198.     As a direct result, Jehuda Weisz is individually liable for all damages sustained by the Plaintiffs.

## FIFTH CLAIM FOR RELIEF

199.     Plaintiffs incorporates herein all the allegations stated in paragraphs from 1 to 198, for relief against Dekel Abstract LLC, Abraham Teitelbaum, and Jehuda Weisz requesting money damages for each remedy available at law.

200.     N.Y. Real Prop. Law § 330 provides that "An officer authorized to take the acknowledgment or proof of a conveyance or other instrument, or to certify such proof or acknowledgment, or to record the same, who is guilty of malfeasance or fraudulent practice in the execution of any duty prescribed by law in relation thereto, is liable in damages to the person injured."

201.     Jehuda Weisz breached Real Property Law § 303 and committed malfeasance or engaged in fraudulent practice in creating an acknowledgement of forged signatures of Rabbi Braun conveying title of real property from the 67 LLC to the Sham LLC in the absence of Rabbi Braun.

202.     Jehuda Weisz breached Real Property Law § 303 and committed malfeasance or engaged in fraudulent practice in creating an acknowledgement of forged signatures of Rabbi Braun conveying title of real property from the 67 LLC to the Sham LLC in the absence of Rabbi Braun.

203. The malfeasance or engagement in fraudulent practice is confirmed by the fact that Rabbi Braun never appeared before Jehuda Weisz nor requested any acknowledgement from him.

204. Dekel Abstract LLC and Abraham Teitelbaum committed malfeasance or engaged in fraudulent practice in registering instruments affecting real title on the 67 Property without there being a corporate acknowledgment or resolution by a corporate officer on behalf of the 67 LLC.

205. Dekel Abstract LLC and Abraham Teitelbaum committed malfeasance or engaged in fraudulent practice in registering instruments affecting real title on the 69 Property without there being a corporate acknowledgment or resolution by a corporate officer member on behalf of the 69 LLC and 67 LLC.

206. Dekel Abstract LLC and Abraham Teitelbaum, holding themselves out to be a title insurance agent, committed malfeasance or engaged in fraudulent practice in registering instruments affecting real title on the 69 Property without doing any title search. For instance, as delineated earlier, in 2016, the entity 69 LLC transferred to the 67 LLC 60% of the title to the 69 Property and retained 40% title to the 69 Property. It is apparent that neither Abraham Teitelbaum nor Dekel Abstract LLC did a title search, because the forgery transferred 100% of the title of the 69 Property from the 67 LLC to the Sham LLC. Yet, the 67 LLC only held only 60% of the title, not 100%. This omission by Abraham Teitelbaum and Dekel Abstract LLC illustrate the fact that no title search was done at all, and Abraham Teitelbaum with Dekel Abstract LLC presented a false image as if they did a title search prior to encumbering the property.

207.     Dekel Abstract LLC and Abraham Teitelbaum committed malfeasance or engaged in fraudulent practice in registering deed transfers of a forgery together with mortgages despite there being no closing in which Plaintiffs were present.

208.     Dekel Abstract LLC and Abraham Teitelbaum committed malfeasance or engaged in fraudulent practice in registering a forgery deed together with a mortgage despite knowing that Rabbi Braun and the 67 LLC were still in possession as the owners of the 67 Property to such degree that Dekel Abstract LLC and Abraham Teitelbaum knew or should have known that no conveyance was made by Rabbi Braun and the 67 LLC to Arthur Spitzer and the Sham LLC.

209.     Dekel Abstract LLC and Abraham Teitelbaum committed malfeasance or engaged in fraudulent practice in registering a forgery deed together with a mortgage despite knowing that Rabbi Braun and the 69 LLC and the 67 LLC were still in possession as the owners of the 69 Property to such degree that Dekel Abstract LLC and Abraham Teitelbaum knew or should have known that no conveyance was made by Rabbi Braun and the 67 LLC to Arthur Spitzer and the Sham LLC.

210.     Dekel Abstract LLC and Abraham Teitelbaum committed malfeasance or engaged in fraudulent practice in registering a forgery deed together with a mortgage despite knowing that there was no contract of sale on the 67 Property.

211.     Dekel Abstract LLC and Abraham Teitelbaum committed malfeasance or engaged in fraudulent practice in registering a forgery deed together with a mortgage despite knowing that there was no contract of sale on the 69 Property.

212.     In particular, at all relevant times, Abraham Teitelbaum was acquainted with Jehuda Weisz, knowing that Jehuda Weisz lives and works in Lakewood, New Jersey, and

has no business for notarizing a deed by Rabbi Braun living in Brooklyn. Abraham Teitelbaum knew that Jehuda Weisz is an employee of Rosa Funding, Josh Weinfeld, and Isidore Bleier and should have not omitted due diligence prior to affecting the real property.

213.    As a direct result, Jehuda Weisz is individually liable for damages sustained by the Plaintiffs.

214.    As a direct result, Dekel Abstract LLC and Abraham Teitelbaum is jointly and severally liable for damages sustained by the Plaintiffs.

215.    Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiffs' favor:

a.    declaring that any conveyance from 1567 56th Street, LLC to 1567 56 NY LLC is void ab initio;

b.    declaring that any conveyance from 1569 56th Street, LLC to 1567 56 NY LLC is void ab initio;

c.    injunctive relief striking the deeds of 1567 56 NY LLC on the 67 Property;

d.    injunctive relief striking the deeds of 1567 56 NY LLC on the 69 Property;

e.    injunctive relief striking the mortgages created by Rosa Funding LLC on the 67 Property;

f.    injunctive relief striking the mortgages created by Rosa Funding LLC on the 69 Property;

g.    divesting Defendants Defendants, Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz from any claim to the 67 Property;

h.    divesting Defendants Defendants, Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz from any claim to the 69 Property;

i.    awarding money damages;

j.   awarding punitive damages;

k.   awarding treble damages, and awarding attorney fees with legal costs, and

l.   together with such other and further relief available at law to make the Plaintiffs whole.

Dated: Brooklyn, New York
    August 17, 2022

Respectfully submitted,

Levi Huebner & Associates PC

By: /s/ Levi Huebner
_____

488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tell: (212) 354-5555

*Attorneys for Plaintiffs*