PeerStreet\1567 56ᵗʰ St - 1567 NY LLC\Braun v Chartwell\Rule 12(b) Motion to Dismiss – Memorandum

**CHARTWELL LAW**
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
Matthew Burrows (NY ID 4861523)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for The Chartwell Law Offices LLP)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHLOMO BRAUN,** | ) Case No. 1:23-cv-08887-DEH |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **MEMORANDUM OF LAW IN** |
| v. | ) **SUPPORT OF MOTION TO** |
| | ) **DISMISS COMPLAINT, AND/OR** |
| **THE CHARTWELL LAW OFFICES, LLP,** | ) **FOR SUMMARY JUDGMENT** |
| | ) **PURSUANT TO FED.R.CIV.P.** |
| Defendant. | ) **RULES 12(b)(1), (b)(6) AND 56** |
| | ) |

 **NOW COMES** the Defendant, The Chartwell Law Offices, LLP, d/b/a Chartwell Law

("Chartwell"), and files the following Memorandum of Law in Support of its Motion to Dismiss

Complaint, and/or for Summary Judgment Pursuant to Fed.R.Civ.P. Rules 12(b)(1), (b)(6) and

56, and/or for Transfer to the Eastern District of New York for Consolidation with a Prior

Pending Action (the "Motion").

1

## **TABLE OF CONTENTS**

Page No(s).

Table of Authorities Cited                                                    3

Procedural History                                                            5

Statement of Facts                                                            5-19

## **ARGUMENT**

A.      The Fair Debt Collection Practices Act.                               20

B.      FDCPA Complaint Should Be Dismissed Pursuant to Rule 12(b)(1)
for Lack of Subject Matter Jurisdiction.                                      20-21

C.      Complaint Should Be Dismissed Pursuant to Rule 12(b)(6)
for Failure to State a Claim on Which Relief Can be Granted                   21-25

D.      Alternatively, FDCPA Action Should be Transferred to the Eastern
District of New York for Convenience of the Parties and Interests of Justice  25-26

E.      Upon Transfer to the Eastern District, the FDCPA Action Should
be Consolidated With RICO Action                                             27

Conclusion                                                                    27-28

## TABLE OF AUTHORITIES CITED

### Constitution, Statutes, Regulations, and Rules

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 –1692p

28 U.S.C. §§ 1391(a), 1391(c)

N.Y. C.P.L.R 3211

28 U.S.C. § 1404(a).

### Cases

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))          21

*Bonner v. Bank of N.Y. Mellon*, 2016 U.S. Dist. LEXIS 41135, *1          23

*Diaz v. Philip Morris Companies,* 28 AD3d 703, 815 NYS2d 109 (2d Dept., 2006)          24

*Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994)          26

*Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990)   26

*Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520
(2d Cir. 1989)          26

*Gabriele v. Am. Home Mortgage Servicing, Inc.,* 503 F. App'x 89, 95 (2d Cir. 2012)          23

*Gray v. Four Oak Court Ass'n,* 580 F. Supp. 2d 883, 2008 U.S. Dist. LEXIS 72419
 (D. Minn. 2008)          23

*Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009)          21

*Houck v. US Bank NA,* No. 15-CV-10042, 2016 U.S. Dist. LEXIS 136033,
2016 WL 5720783, at *4 (S.D.N.Y. Sept. 30, 2016)          21

*In re E. Dist. Repetitive Stress Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994)          26

*In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995)          25, 26

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)          25

*Newby v. GVC II, Inc.,* No. 17-CV-9742, 2018 U.S. Dist. LEXIS 86110,
2018 WL 1989588, at *2 (S.D.N.Y. Apr. 25, 2018)                                21

*Okyere v. Palisades Collection, LLC,* 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013)   22

*Pacesetter Sys. v Medtronic, Inc.,* 678 F.2d 93, 96, n 3 (9th Cir 1982)      25

*Rowe v. United States Bank N.A.,* 2021 N.Y. Misc. LEXIS 2521 (2021)          24

*Scottsdale Insurance Company v. Indemnity Insurance Corp,* RRG, 110 AD3d 783,
974 NYS2d 476 (2d Dept., 2013)                                                24

*State of New York v Thwaites Place Assocs.,* 155 AD2d 3 (1990)               25

*Syncora Guarantee Inc. v. J.P. Morgan Securities LLC,* 110 A.D.3d 87, 96,
970 N.Y.S.2d 526 (1st Dep't 2013)                                             24

*TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)  26

## I.  PROCEDURAL HISTORY.

Shlomo Braun ("Braun") commenced the above-captioned matter by filing a complaint against Chartwell with the Supreme Court of the State of New York, New York County, on August 31, 2023, sounding under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 – 1692p (the "FDCPA" and "FDCPA Complaint"), which was docketed at Index No. 158686/2023 (the "FDCPA Action").

On September 28, 2023, Chartwell filed a Notice of Removal of the FDCPA Action to the United States District Court for the Eastern District of New York, which was docketed at Civil Action No. 1:23-cv-07241-OEM-TAM.  On October 10, 2023, the Honorable Orelia E. Merchant entered a Summary Remand Order remanding the FDCPA Action to the State Court, holding that it should have been filed in the Southern District.  Chartwell filed a Notice of Removal to this Court the same day, thereby initiating the above-captioned matter.

## II.  STATEMENT OF FACTS.

### A.  Facts Pertaining to 1567 56th St., Brooklyn, NY 11219.

Shlomo Braun (hereinafter "Braun") is the putative owner of real property located at 1567 56th St., Brooklyn, NY 11219 (the "1567 Property"). Braun allegedly took title to the 1567 Property by deed dated November 5, 2020, and recorded in the City Register of the City of New York on November 23, 2020 under CRFN: 2020000329861.

Public records in the Office of the New York City Register reveal that Judith Braun and Braun acquired the 1567 Property in 1985, as tenants by the entirety, by deed recorded on October 25, 1985, in Reel 1713 Page 1261. Subsequently, Braun transferred the 1567 Property to 1567 56th St LLC via deed dated August 4, 2014, recorded in the City Register of the City of New York on September 22, 2014 under CRFN: 2014000313033. Thereafter, 1567 56th St LLC

transferred the 1567 Property to 1567 LLC via deed dated August 20, 2019, recorded in the City

Register of the City of New York on September 23, 2019 under CRFN: 2019000306591. Finally,

1567 LLC allegedly transferred the 1567 Property to Braun via deed dated November 5, 2020,

and recorded in the City Register of the City of New York on November 19, 2020 under CRFN:

2020000325286.

On August 27, 2019, 1567 LLC and Rosa Funding, LLC (hereinafter "Rosa Funding")

entered into a Loan Agreement with 1567 LLC (hereinafter "1567 Loan") whereby Rosa

Funding lent 1567 LLC the principal sum of $1,200,000.00 with a loan maturity date of

September 1, 2020.

On August 27, 2019, 1567 LLC duly executed and delivered its promissory note bearing

the said date wherein and whereby 1567 LLC promised to repay to Rosa Funding, its successors

or assigns, the sum of $1,200,000.00 with interest at the rate of 9.500% per annum as set forth in

the promissory note (hereinafter "1567 Note").  A true and correct copy of the 1567 Note is

attached to the Declaration of Matthew Burrows filed in Support of the Motion (the "Burrows

Declaration") and made a part thereof as Exhibit "A".

To secure the 1567 Loan, on August 27, 2019, 1567 LLC duly executed and delivered to

Rosa Funding a mortgage and security agreement (hereinafter "1567 Mortgage"), whereby 1567

LLC mortgaged to Rosa Funding, its successors or assigns, the premises located at 1567 56th

Street, Brooklyn, NY 11219 (Block 5488, Lot 50) (hereinafter "1567 Property").  The 1567

Mortgage was recorded in the Office of the City Register of the City of New York County of

Kings on September 23, 2019, under CRFN: 2019000306592 and the mortgage recording tax

thereon was duly paid.  A true and correct copy of the 1567 Mortgage is attached to the Burrows

Declaration and made a part thereof as Exhibit "B".

To further secure the 1567 Loan, on August 27, 2019, Spitzer duly executed, acknowledged and delivered to Rosa Funding, its successors and/or assigns, an unconditional guaranty agreement (hereinafter "1567 Guaranty"), which absolutely and unconditionally guaranteed the prompt payment and performance of the indebtedness due on the 1567 Note and 1567 Mortgage. A true and correct copy of the 1567 Guaranty is attached to the Burrows Declaration and made a part thereof as Exhibit "C".

PS Funding is the owner and holder of the 1567 Note by virtue of assignment thereof from Rosa Funding, as evidenced by an Allonge Affixed to Note, a true and correct copy of which is attached to the Burrows Declaration and made a part thereof as Exhibit "D".

On August 27, 2019, Rosa Funding duly executed and delivered to PS Funding, Inc. ("PS Funding") an assignment of mortgage (the "1567 Assignment of Mortgage") recorded on September 23, 2019, in the Office of the City Register of the City of New York County of Kings under CRFN: 2019000306593. A true and correct copy of the 1567 Assignment of Mortgage is attached hereto and made a part hereof as Exhibit "E".

1567 LLC and Spitzer have failed to comply with the terms and conditions of the 1567 Note, 1567 Mortgage and 1567 Guaranty by failing and omitting to pay PS Funding all payments coming due thereunder, and any applicable grace period has expired.  PS Funding elected to declare the entire principal sum secured by the 1567 Note and 1567 Mortgage to become immediately due and payable, and such principal balance as of the date of default was $1,200,000.00.

**B.  Foreclosure v 1567 56th Street – Procedural History.**

A Summons, Verified Complaint in mortgage foreclosure, and Notice of Pendency of action for the 1567 Property were duly filed in the Office of the Clerk of New York Supreme Court for the County of Kings (the "State Court") on February 15, 2021 at Index Number 503623/2021 (the "1567 Complaint" and "1567 Foreclosure"). True and correct copies of the Summons, Verified Complaint and Notice of Pendency are collectively attached to the Burrows Declaration and made a part thereof as Exhibit "F".

All of the original defendants in the 1567 Foreclosure were duly served with a copy of the Summons and Verified Complaint.  True and correct copies of the Affidavits of Service to such effect are collectively attached to the Burrows Declaration and made a part thereof as Exhibit "G".

On February 8, 2022, the State Court entered an Order which: (i) granted default judgment in favor of the PS Funding for the relief requested in the 1567 Foreclosure Complaint; (ii) referred the action to Anthony Lamberti as Referee to compute the amount due to PS Funding as sought in its Verified Complaint, and to examine and report whether the mortgaged premises should be sold in one parcel or in multiple parcels; and (iii) ordered that upon filing and presentation of the Referee's Report, and on motion for confirmation thereof, the PS Funding would have the usual judgment of foreclosure and sale, together with the costs, disbursements, and allowances of this action (the "1567 Order of Reference"). A true and correct copy of the 1567 Order of Reference is attached to the Burrows Declaration and made a part thereof as Exhibit "H".

Pursuant to the Order of the State Court entered on February 8, 2022, Anthony Lamberti, Esquire, referee, computed the amount due to PS Funding to be in the sum of $1,599,223.38,

which included interest as more particularly set forth in the Referee's Report of Amount Due (the "1567 ROC"), and found that the mortgaged premises should be sold in one parcel. A true and correct copy of the 1567 ROC is attached to the Burrows Declaration and made a part thereof as Exhibit "I".

On February 8, 2022, the State Court entered an Order Confirming the 1567 ROC and granted PS Funding a Judgment of Foreclosure and Sale authorizing the auction of the 1567 Property (the "1567 Judgment"). A true and correct copy of the 1567 Judgment is attached to the Burrows Declaration and made a part thereof as Exhibit "J".

On May 25, 2022, it was discovered upon receipt of a continuation title search by PS Funding's foreclosure counsel that title to the 1567 Property had been purportedly transferred to Braun subsequent to the recording of the 1567 Mortgage. Upon reviewing the 1567 Foreclosure, it was determined that Braun's ownership claim, if valid, would make him a necessary party to the matter.

Accordingly, on September 22, 2022, PS Funding filed a Motion For Leave to File and Serve an Amended Complaint (the "1567 Motion to Amend").  After three (3) stipulated adjournments of the hearing on the 1567 Motion until May 31, 2023, on May 30, 2023, Braun finally filed his opposition to the 1567 Motion to Amend, on the grounds that he had not been served with the complaint and summons. That may or may not be accurate, since it appears that Braun was in tenancy when PS Funding attempted service at the 1567 Property, but PS Funding filed the 1567 Motion to Amend to afford Braun notice and opportunity to be heard.

On November 9, 2022, Mr. Huebner, as counsel for Braun, filed a "Limited Notice of Appearance – Jurisdiction Contest Only", entering his appearance for Braun in the 1567 Foreclosure.

On June 9, 2023, the 1567 Motion to Amend was granted, and entered on July 14, 2023. A true and correct copy of this order is attached to the Burrows Declaration and made a part thereof as Exhibit "K".  A notice of entry was e-filed July 20, 2023 (the "1567 Amend NOE"), a true and correct copy of which is attached to the Burrows Declaration and made a part thereof as Exhibit "L".  Mr. Huebner's representation of Braun was still recorded on the NYSCEF E-filing system at that time.

On July 20, 2023, the Supplemental Summons, Amended Verified Complaint and Amended Notice of Pendency (the "1567 Amended Complaint") were filed. True and correct copies of the 1567 Amended Complaint are attached to the Burrows Declaration and made a part thereof as Exhibit "M".

On July 27, 2023, 1567 LLC was served with the 1567 Amended Complaint via service upon the NY Secretary of State. On July 31, 2023, Spitzer was served with same via substituted service pursuant to CPLR 308 (2), at 2370 Forest Circle, Toms River, NJ 08755. On August 1, 2023, New York City Department of Finance was served with same at 100 Church Street, 4th Floor, New York, NY 10007. Braun was served with same via nail and mail service pursuant to CPLR 308 (4) at 1567 56th Street, Brooklyn, NY 11219. The process server had made attempts on July 29, 2023, August 3, and August 4, 2023 but Braun did not answer the door on any of those days.  On July 28, 2023, Arie Marmelshtein as John Doe #1 was served as a tenant at 1567 56th Street, Brooklyn, NY 11219. True and correct copies of affidavits of service to such effect are attached to the Burrows Declaration and made a part thereof as Exhibit "N".

On August 24, 2023, Braun filed a Notice of Appeal of the June 9, 2023 Order granting PS Funding leave to file and serve an amended complaint (the "1567 Appeal"). A true and correct copy of the 1567 Appeal is attached to the Burrows Declaration and made a part thereof

and made a part hereof  as Exhibit "O".  On August 25, 2023, PS Funding filed a Notice of Refusal of the untimely appeal (the "1567 Rejection"), due to the fact that Braun's counsel was served via the NYSCEF system with the Notice of Entry more than 30 days prior. A true and correct copy of the 1567 Rejection is attached to the Burrows Declaration and made a part thereof as Exhibit "P".

On August 15, 2023, Mr. Huebner withdrew his consent to representation on NYSCEF for Braun, well after the notice of entry had been filed and after affidavits of service for that matter had been filed. Mr. Huebner subsequently re-added his representation. Mr. Huebner did not file an OSC to withdraw or otherwise notice the court or PS Funding that his representation had concluded. Mr. Huebner subsequently re-added his representation on NYSCEF on August 24, 2023, when he filed the Notices of Appeal.

On June 26, 2023, PS Funding filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which was docketed at Case No. 23-10815-LSS.

On August 21, 2023, PS Funding filed with the State Court a Suggestion of Bankruptcy (the "1567 BK Suggestion") seeking to voluntarily stay the 1567 Foreclosure as PS Funding had filed for bankruptcy protection. Counsel for PS Funding has placed the matter on hold and no further action has occurred since then. A true and correct copy of the 1567 BK Suggestion is attached to the Burrows Declaration and made a part thereof as Exhibit "Q".

**C.  Statement of Facts Pertaining to 1569 56th Street.**

Braun is the putative owner of the property located at 1569 56th St., Brooklyn, NY 11219 (the "1569 Property"). Braun allegedly took ownership and possession of the property by deed dated November 5, 2020 and recorded in the City Register of the City of New York on November 19, 2020 under CRFN: 2020000325286.

A review of the public records reveals that Braun and his wife, Judith Braun, initially acquired the 1569 Property in 1976. Subsequently, the Brauns transferred ownership of the 1569 Property to 1569 56 St LLC via deed dated February 2, 2014, and recorded in the City Register of the City of New York on February 13, 2014 under CRFN: 2014000057977. Thereafter, 1569 56 St LLC transferred ownership of the 1569 Property to 1567 56th Street LLC via deed dated June 15, 2016 and recorded in the City Register of the City of New York on June 30, 2016 under CRFN: 2016000221114. 1567 56th Street LLC transferred ownership of the 1569 Property to 1567 LLC via deed dated August 20, 2019 and recorded in the City Register of the City of New York on September 23, 2019 under CRFN: 2019000306603. Finally, after the execution of the 1569 Mortgage, 1567 LLC purportedly transferred ownership of the 1569 Property to Braun via deed dated November 5, 2020, and recorded in the City Register of the City of New York on November 23, 2020 under CRFN: 2020000329861.

On August 27, 2019, Rosa Funding entered into a Loan Agreement with 1567 LLC (hereinafter the "1569 Loan") whereby inta alia Rosa Funding lent 1567 LLC the principal sum of $1,200,000.00 with a loan maturity date of September 1, 2020.

On August 27, 2019, 1567 LLC duly and delivered its promissory note bearing the said date, wherein and whereby 1567 LLC promised to repay to Rosa Funding, its successors or assigns, the sum of $1,200,000.00 with interest at the rate of 9.500% per annum as set forth in

the promissory note (hereinafter "1569 Note"). A true and correct copy of the 1569 Note is attached to the Burrows Declaration and made a part thereof as Exhibit "R".

To secure the payment of the sum represented by the Note, 1567 LLC duly executed and delivered to Rosa Funding, on August 27, 2019, its first mortgage and security agreement (hereinafter "1569 Mortgage"), whereby 1567 LLC mortgaged to Rosa Funding, its successors or assigns, the premises located at 1569 56th Street, Brooklyn, NY 11219 (Block 5488, Lot 49) (hereinafter "1569 Property"). The 1569 Mortgage was recorded in the Office of the City Register of the City of New York County of Kings on September 23, 2019, under CRFN: 2019000306604 and the mortgage recording tax thereon was duly paid. A copy of the 1569 Mortgage is attached to the Burrows Declaration and made a part thereof as Exhibit "S".

To further secure the 1569 Loan, on August 27, 2019, Arthur Spitzer, duly executed, acknowledged and delivered to Rosa Funding, its successors and/or assigns, an unconditional guaranty agreement (hereinafter "1569 Guaranty"), which absolutely and unconditionally guaranteed the prompt payment and performance of the indebtedness due on the Note and Mortgage. A copy of the 1569 Guaranty is attached to the Burrows Declaration and made a part thereof as Exhibit "T".

PS Funding is the owner and holder of the 1569 Note by virtue of assignment thereof from the Rosa Funding, as evidenced by an Allonge Affixed to Note, a true and correct copy of which is attached to the Burrows Declaration and made a part thereof as Exhibit "U", and is the holder of the 1569 Mortgage by way of assignment of mortgage (hereinafter "1569 Assignment of Mortgage") recorded on September 23, 2019, in the Office of the City Register of the City of New York County of Kings under CRFN: 2019000306605. A copy of the 1569 Assignment of Mortgage is attached to the Burrows Declaration and made a part thereof as Exhibit "V".

13

1567 LLC and Spitzer have failed to comply with the terms and conditions of the 1569 Note, 1569 Mortgage and 1569 Guaranty by failing and omitting to pay PS Funding all payments due thereunder, and any applicable grace period has expired.  PS Funding elected to declare the entire principal sum secured by the 1569 Note and 1569 Mortgage to become immediately due and payable, and such principal balance as of the date of default was $1,200,000.00.

**D.  Foreclosure v. 1569 56th Street – Procedural History.**

A Summons, Verified Complaint, and Notice of Pendency of action were duly filed in the Office of the Clerk of the County of Kings on February 18, 2021, at Index Number 503948/2021 (the "1569 Complaint" and "1569 Foreclosure"), and all documents were in the form prescribed by the Civil Practice Law and Rules of the State of New York and contained all the particulars required by law to be stated in the documents. True and correct copies of the 1569 Complaint are collectively attached hereto and made a part hereof as Exhibit "W".

All of the original defendants were duly served with a copy of the 1569 Complaint.  True and correct copies of Affidavits of Service to such effect (the "1569 Affidavits of Service") are attached collectively to the Burrows Declaration and made a part thereof as Exhibit "X".

On March 17, 2022, the State Court entered an Order which: (i) entered default judgment in favor of the PS Funding for all of the relief requested in the 1569 Complaint; (ii) referred the action to Anthony Lamberti as Referee to compute the amount due to PS Funding as sought in the 1569 Complaint, and to examine and report whether the mortgaged premises should be sold in one parcel or in multiple parcels; and (iii) ordered that upon presentation and coming in of the Referee's Report, and on motion for confirmation thereof, the PS Funding would have the usual judgment of foreclosure and sale, together with the costs, disbursements, and allowances of this

action (the "1569 Order of Reference"). A true and correct copy of the 1569 Order of Reference

is attached to the Burrows Declaration and made a part thereof as Exhibit "Y".

Pursuant to Order of the State Court entered on March 17, 2022, Aaron Maslow, Esquire,

referee, computed the amount due to PS Funding to be in the sum of $1,635,321.20, which

included interest as more particularly set forth in the Referee's Report of Amount, and found that

the mortgaged premises should be sold in one parcel (the "1569 ROC"). A true and correct copy

of the 1569 ROC is attached to the Burrows Declaration and made a part thereof as Exhibit "Z".

On September 21, 2022, PS Funding withdrew its pending motion for Judgment of

Foreclosure and Sale upon receipt of a continuation title search by PS Funding's counsel

showing that title to the 1569 Property was purportedly transferred to Braun subsequent to the

recording of the 1569 Mortgage. Upon reviewing the 1569 Foreclosure, it was determined that

Braun's ownership claim, if valid, would make him a necessary party to the matter.

Accordingly, on September 23, 2022, PS Funding filed a Motion For Leave to File and

Serve an Amended Complaint (the "1569 Motion to Amend"). After three separate adjournments

to May 31, 2023, on May 30, 2023, Braun finally filed his opposition to the 1569 Motion to

Amend, on the basis of having not been served with the 1569 Complaint.  That may or may not

be accurate, since it appears that Braun was in tenancy when PS Funding attempted service at the

property, but PS Funding filed the 1567 Motion to Amend to afford Braun notice and

opportunity to be heard.

On November 9, 2022, Mr. Huebner, as counsel for Braun, filed a "Limited Notice of

Appearance – Jurisdiction Contest Only", entering his appearance for Braun.

On July 14, 2023 an Order was entered granting the 1569 Amend Motion. A true and

correct copy of the July 14, 2023 Order is attached to the Burrows Declaration and made a part

thereof as Exhibit "AA". A notice of entry was e-filed July 20, 2023 (the "1569 NOE Amend"). A true and correct copy of the 1569 NOE Amend is attached to the Burrows Declaration and made a part thereof as Exhibit "BB".  Mr. Huebner's representation of Braun was still recorded on the NYSCEF E-filing system at that time.

On July 21, 2023, a Supplemental Summons, Amended Verified Complaint and Amended Notice of Pendency were filed (the "1569 Amended Complaint"). A true and correct copy of the 1569 Amended Compliant is attached to the Burrows Declaration and made a part thereof as Exhibit "CC".

On July 27, 2023, 1567 LLC was served with the 1569 Amended Complaint via service upon the NY Secretary of State. On August 17, 2023 Spitzer was served with same via substituted service pursuant to CPLR 308 (2), at 2370 Forest Circle, Toms River, NJ 08755, Abe "Doe" and Rivy "Doe" were unable to be served at the 1569 Property, according to Toby Shwartz, a tenant in the units, they no longer resided at the premises. On August 4, 2023, Braun was served with same via nail and mail service pursuant to CPLR 308 (4) at 1567 56th Street, Brooklyn, NY 11219. The process server had made attempts on July 29, 2023, August 3, 2023 and August 4, 2023 but Braun did not answer the door on any of these days.  On July 28, 2023 "John" Reichberg and "John Doe" (Refused Name) were served as tenants at 1569 56th Street, Apt. 1, Brooklyn, NY 11219. On August 3, 2023 "Toby Shwartz and "John Doe" (Refused Name) were served with same as tenants at 1569 56th Street, Apt. 2, Brooklyn, NY 11219. True and correct copies of affidavits of service to such effect are attached to the Burrows Declaration and made a part thereof as Exhibit "DD".

On August 24, 2023, Braun filed a Notice of Appeal of the June 9, 2023 Order granting PS Funding leave to file and serve an amended complaint (the "1569 Appeal"). A true and

correct copy of the 1569 Appeal is attached to the Burrows Declaration and made a part thereof as Exhibit "EE".

On August 25, 2023, PS Funding filed a Notice of Refusal of the untimely appeal (the "1569 Rejection"), due to the fact that Braun's counsel had been served via the NYSCEF system with the Notice of Entry more than 30 days prior. A true and correct copy of the 1569 Rejection is attached to the Burrows Declaration and made a part thereof as Exhibit "FF".

On July 21, 2023, the day after the notice of entry was filed and two hours after the supplemental summons and complaint were e-filed Mr. Huebner, withdrew his consent to representation on NYSCEF for Braun. Mr. Huebner did not file an OSC to withdraw or otherwise notice the court or PS Funding that his representation had concluded. In fact, in the related foreclosure for the 1567 Property Mr. Huebner did not withdraw his representation until August 15, 2023, well after the notice of entry had been filed and after affidavits of service for that matter had been filed. Mr. Huebner re-added his representation on NYSCEF on August 24, 2023, when he filed the Notices of Appeal.

On August 21, 2023, PS Funding filed with the State Court a Suggestion of Bankruptcy (the "1569 BK Suggestion") seeking to voluntarily stay the foreclosure matter as PS Funding had filed for bankruptcy protection. Counsel for PS Funding has placed the matter on hold and no further action has occurred since then. A true and correct copy of the 1569 BK Suggestion is attached to the Burrows Declaration and made a part thereof as Exhibit "GG".

The 1567 Property and the 1569 Property are hereinafter collectively referred to as the "Properties", the 1567 Note and 1569 Note are hereinafter collectively referred to as the "Notes", the 1567 Mortgage and the 1569 Mortgage are hereinafter collectively referred to as the

"Mortgages", and the 1567 Foreclosure and 1569 Foreclosure are hereinafter collectively referred to as the "Foreclosures.

### E.  <u>The Pending RICO Action</u>.

On August 17, 2022, Braun, 1567 56th Street, LLC and 1569 56th Street, LLC filed a lawsuit against Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc. and Jehuda Wiesz, in the United States District Court for the Eastern District of New York at Civil Action Number 22-4873-CV (the "RICO Complaint" and "RICO Action").  A true and correct copy of the RICO Complaint is attached to the Burrows Declaration and made a part thereof as Exhibit "HH".

The RICO Complaint alleges the same set of facts and transactions of which Braun has complained in the FDCPA Complaint, so that if the FDCPA Complaint is not dismissed by this Court, this action should be transferred to the Eastern District for consolidation with the RICO Action, in the interests of judicial economy, and to avoid inconsistent results.

### F.  <u>PS Funding's Chapter 11 Bankruptcy</u>.

The RICO Action and the Foreclosures have been stayed as a result of PS Funding filing a chapter 11 petition for bankruptcy protection.

On August 31, 2023, Braun filed a Motion for Relief from Stay in the Bankruptcy Court (D.I. No. 317) so as to proceed with the RICO Action and his defense of the Foreclosure Actions.  On September 19, 2023, PS Funding filed a response to that Motion for Relief from Stay (D.I. No. 416).  Braun filed a reply and supporting Declaration on September 26, 2023 (D.I. Nos. 438, 439).

By order dated October 12, 2023 Braun's motion for relief from the automatic stay was granted and the automatic stay was modified as follows:

> "Effective 90 days from the date of this Order (the "Stay Period") and without need for further notice, hearing, or order, Braun is hereby granted relief from the automatic stay to (a) continue the Federal Action solely with respect to the following claims for relief set forth in the First Amended Complaint in the Federal Action: (i) the First Claim for Relief; (ii) the Second Claim for Relief, other than a determination of damages due from PS Funding; (iii) the Fourth Claim for Relief; and (iv) the Fifth Claim for Relief (with all claims asserted by Braun in the Federal Action other than claims described in (i)-(iv) being the "Stayed Claims"); and (b) to fully defend itself in each of the Foreclosure Actions, including pursuing and obtaining discovery from the Debtors and asserting and prosecuting counterclaims against the Debtors, provided, however, that to the extent one of PS Funding or Braun asserts against the other any claims or counterclaims in the Foreclosure Actions following the expiration of the Stay Period seeking a monetary award (each such claim a "Monetary Claim"), the prosecution of such Monetary Claim shall be, and hereby is, stayed pursuant to section 362 of the Bankruptcy Code subject to stipulation of the Debtors and Braun or further order of this Court. 4. All parties in the Federal Action are prohibited from prosecuting or defending the Stayed Claims, which remain subject to the automatic stay pursuant to section 362 of the Bankruptcy Code until further order of this Court."

As a result of the Order the RICO Action and the Foreclosures have been stayed for a period of 90 days from the date of entry of the Order.  As matters of public record in a sister court, these filings are subject to judicial notice, and are incorporated herein by reference and made a part hereof.

### III.  <u>LEGAL ARGUMENT</u>.

**A.  The Fair Debt Collection Practices Act.**

Under the FDCPA, when trying to collect a debt, a "debt collector" must give "consumers" specific information in its first communication, called a "validation notice," including: the amount of the debt; the name of the creditor to whom the debt is currently owed; a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  The "initial communication" is the first time a debt collector conveys info, directly or indirectly, about a debt to a consumer, but does not include legal pleadings, including bankruptcy proof of claims, limited content messages, and certain legally required notices.  *See generally,* 15 U.S.C. § 1692g(a).

**B.  FDCPA Complaint Should Be Dismissed Pursuant to Rule 12(b)(1)**
**<u>for Lack of Subject Matter Jurisdiction</u>.**

The FDCPA was filed more than one (1) year after the latest date on which Braun knew, or should have known of his alleged claims against Chartwell, i.e., when the RICO Complaint was filed.  It is therefore time-barred by operation of the one-year statute of limitations found in FDCPA Section 1692k(d).  Failure to satisfy that statute of limitations deprived the Court of

subject matter jurisdiction over Braun's FDCPA claims and the FDCPA Complaint it must be dismissed.

### C.  Complaint Should Be Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim on Which Relief Can be Granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.') *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that tenet is 'inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (alterations and internal quotation marks omitted) (*quoting Iqbal,* 556 U.S. at 678).

Accordingly, the Court will consider only the documents attached to or relied on in the Complaint, and documents of which the Court may take judicial notice, including "documents filed in other courts," which the Court may properly consider not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *See Newby v. GVC II, Inc.,* No. 17-CV-9742, 2018 U.S. Dist. LEXIS 86110, 2018 WL 1989588, at *2 (S.D.N.Y. Apr. 25, 2018) (court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6); *Houck v. US Bank NA,* No. 15-CV-10042, 2016 U.S. Dist.

LEXIS 136033, 2016 WL 5720783, at *4 (S.D.N.Y. Sept. 30, 2016) (courts are permitted to take

judicial notice of state court documents, even on a motion to dismiss), *aff'd,* 689 F. App'x 662,

664-65 (2d Cir. 2017).

      In the case *sub judice*, Braun fails to state a claim that is plausible on its face. The

FDCPA Complaint itself discloses that Braun is not obligated on the Notes and Mortgages, and

the debts are commercial in nature, as pled in the Foreclosures. Moreover, Plaintiff admits in

paragraphs 14-17, 40, 49, 50-53, 59, and 90-94 of the FDCPA Complaint that Plaintiff's LLCs,

not natural persons, are the true owners of the Properties, and thus by Braun's own admission,

the Properties are owned by commercial entities.  Since only commercial debts are involved,

Braun does not qualify as a "consumer", and the FDCPA is inapplicable.

      To establish a violation under the FDCPA, (1) the plaintiff must be a "consumer",

allegedly owing a "consumer debt" which has been the object of collection efforts; (2) the

defendant collecting the debt must qualify as a "debt collector"; and (3) the defendant must have

engaged in an act or omission in violation of its requirements. *Okyere v. Palisades Collection,*

*LLC,* 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013) (*citing Schuh v. Druckman & Sinel L.L.P.,* 751

F. Supp. 2d 542, 548 (S.D.N.Y. 2010)).  Braun is simply not a "consumer" entitled to FDCPA

protection, and clearly lacks standing to raise any FDCPA claims because the debts for which

Chartwell prosecuted the Foreclosure Actions were not "consumer debts" incurred primarily for

personal, family or household purposes, Braun is not liable for those debts, and no demand for

payment has been made upon him.  Moreover, it has been held that the third sentence of FDCPA

§ 1692a(6) would be rendered surplusage if enforcement of security interest were synonymous

with debt collection, and, therefore, the mere enforcement of a security interest through

foreclosure proceedings does not constitute collection of a "debt" under the FDCPA, and §

1692e is inapplicable. *Gray v. Four Oak Court Ass'n,* 580 F. Supp. 2d 883, 2008 U.S. Dist. LEXIS 72419 (D. Minn. 2008).

Moreover, the FDCPA does not apply to commercial foreclosure actions against limited liability companies, particularly where the limited liability companies are represented by counsel.  *See, Bonner v. Bank of N.Y. Mellon,* 2016 U.S. Dist. LEXIS 41135,  (FDCPA is inapplicable to state mortgage foreclosure proceeding, and where an attorney is interposed as an intermediary between a debt collector and a consumer, the court will assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior).  *See also, Gabriele v. Am. Home Mortgage Servicing, Inc.,* 503 F. App'x 89, 95 (2d Cir. 2012).

Indeed, these factual and legal issues are already the subject of a prior pending action in the Eastern District of New York, styled as *1567 56th Street, LLC, 1569 56th Street, LLC and Shlomo Braun et al. v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Titlebaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz,* Case No. 22-4873-CV (the "RICO Action"), commenced by complaint filed August 17, 2022 (the "RICO Complaint"), well after the commencement of the Foreclosures. To date, there has been no judicial finding by any court that the subject deeds of the Properties into 1567 LLC were invalid or forged as of the filing of the original Foreclosure Complaints, and the allegations set forth therein, and in the Amended Foreclosure Complaints were true to the best of PS Funding and Chartwell's knowledge.

Finally, the claims raised in the FDCPA Complaint should have been raised, if at all, in the RICO Action, and are therefore barred by the prior pending action doctrine.  Under New York State law, CPLR § 3211(a)(4) provides that a party may move for dismissal if "there is

another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires." N.Y. C.P.L.R 3211 (McKinney).  To prevail on such a motion, the movant must demonstrate that (a) there is a "sufficient identity" of parties in the prior action and the later action which the defendant seeks to dismiss, and (b) both actions seek "to recover for the same alleged harm based on the same underlying events." *Syncora Guarantee Inc. v. J.P. Morgan Securities LLC,* 110 A.D.3d 87, 96, 970 N.Y.S.2d 526 (1st Dep't 2013) (*quoting White Light Productions v. On the Scene Productions,* 231 A.D.2d 90, 93, 660 N.Y.S.2d 568 (1st Dep't 1997)).

New York law, at CPLR §3211(a)(4), provides that a motion to dismiss a lawsuit on the grounds another lawsuit is pending should be granted when "both suits arise out of the same subject matter or series of alleged wrongs". *See, Aurora Loan Services LLC v. Reid,* 132 AD3d 778, 17 NYS3d 894, 2d Dept., 2015).  Dismissal is appropriate where the forms of relief sought in the two actions are "substantially the same".  *Scottsdale Insurance Company v. Indemnity Insurance Corp,* RRG, 110 AD3d 783, 974 NYS2d 476 (2d Dept., 2013). The term "substantially the same" is defined as a cause of action sufficiently similar to a simultaneously pending cause of action, when the ruling of one may directly conflict with the ruling of the other. *See, Diaz v. Philip Morris Companies,* 28 AD3d 703, 815 NYS2d 109 (2d Dept., 2006).

In *Rowe v. United States Bank N.A.,* 2021 N.Y. Misc. LEXIS 2521 (2021), the court dismissed FDCPA claims brought by a borrower in a separate action from the foreclosure stating that the proper action for those claims would be in the foreclosure action. A cursory review of the FDCPA Action and RICO Action clearly reveals that the same allegations against the same parties arising from the same transactions are involved. Thus, if this matter is not dismissed, it

should be transferred to the Eastern District of New York for consolidation with the RICO

Action. "Where another action is pending, a major concern, as a matter of comity, is to avoid the

potential for conflicts that might result from rulings issued by courts of concurrent jurisdiction.

*See, State of New York v Thwaites Place Assocs.,* 155 AD2d 3, 7 (1990), *citing Pennsylvania v*

*Williams,* 294 US 176 (1935); *Pacesetter Sys. v Medtronic, Inc.,* 678 F.2d 93, 96, n 3 (9th Cir

1982).


## D.  **Alternatively, FDCPA Action Should be Transferred to the Eastern District of New York for Convenience of the Parties and Interests of Justice.**

For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought or

to any district or division to which all parties have consented. It is clear that this action "might

have been brought" in the Eastern District of New York. It is clear that Defendant would have

been amenable to suit there, and venue would, of course, be proper there under 28 U.S.C.

§§ 1391(a), 1391(c).

The question presented is this: would a transfer best serve the convenience of the parties

and the witnesses and the interests of justice? In deciding this question, the plaintiff's choice of

forum must be given considerable weight. *In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995).

However, if the plaintiff's choice is clearly outweighed by considerations of convenience, cost,

judicial economy, and expedition of the discovery and trial processes, a district court has

discretion to disregard the plaintiff's choice of forum and transfer the action to a forum that

better promotes these interests. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.

1995). The weighing of relative inconveniences and the determination of the forum in which

judicial resources can most efficiently be utilized is a matter committed to the discretion of the

trial court. *Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989).

The plaintiff's choice of venue is usually given less weight than normal when, as in this case, the operative events leading to the suit occurred elsewhere. *See, e.g., In re E. Dist. Repetitive Stress Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994). Although some of the events involving this lawsuit might be found to have occurred in this judicial district, as stressed by Plaintiff, it is beyond dispute that the Properties and Foreclosures were located and venued in Kings County, which lies within the Eastern District of New York.

By contrast, Braun's only contact with the Southern District may be his residence there. The relative ease and ability of the parties to litigate in a forum other than their primary residence is a factor properly considered in determining this motion. *See, e.g., Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994).  Since Braun already conducts business in the Eastern District, and has elected to maintain the RICO Action there, it cannot be found that he would be inconvenienced by the transfer of this matter to the Eastern District for consolidation with the RICO Action.  Moreover, the district in which physical evidence is located is usually considered the most convenient forum. *In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995).

Because of the obvious relationship and connectedness of the claims involved in the FDCPA Action and RICO Action, transfer would promote judicial economy and avoid the possibility of inconsistent results.  *Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990).  As the second filed, the proper venue for the FDCPA Complaint, if this Court does not dismiss it outright, would be the venue of the earlier RICO Action. *See, e.g., TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996).

For the foregoing reasons, this Court is authorized to transfer this matter to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

### E.  Upon Transfer to the Eastern District, the FDCPA Action Should be Consolidated With RICO Action.

Alternatively, in the interests of judicial economy, and the interests of the parties in consistent results, if the FDCPA Action is not dismissed in its entirety, it should be consolidated upon transfer with the RICO Action for all purposes, including discovery and trial.

### IV.  CONCLUSION.

The FDCPA Complaint was filed more than one (1) year after the latest date on which Braun knew, or should have known of his alleged FDCPA claims against Chartwell, i.e., when the RICO Complaint was filed on August 22, 2022.  It is therefore time-barred by operation of the one-year statute of limitations found in FDCPA Section 1692k(d).  Because that statute of limitations is jurisdictional, the Court lacks subject matter jurisdiction over Braun's FDCPA claims and the FDCPA Complaint must be dismissed.

Braun lacks standing to raise any FDCPA claims against Chartwell or any other party, because the debts for which Chartwell prosecuted the Foreclosure Actions were not "consumer debts" incurred primarily for personal, family or household purposes, Braun is neither liable for those debts, and no demand been made upon him for their payment. Moreover, under applicable law, the FDCPA does not apply to commercial foreclosure actions against limited liability companies.  Finally, the claims raised in the FDCPA Complaint should have been raised, if at all, in the RICO Action, and are therefore barred by the prior pending action doctrine.

For the reasons set forth above, the FDCPA Complaint fails to state a claim or cause of action against Chartwell on which relief can be granted, and must be dismissed pursuant to Fed.R.Civ.P. Rules 12 (b)(1) and (b)(6).  Alternatively, Chartwell is entitled to the entry of summary judgment dismissing the Complaint pursuant to Fed.R.Civ.P. Rule 56.

Alternatively, in the interests of judicial economy, and the interests of the parties in consistent results, if the FDCPA Action is not dismissed in its entirety, it should be transferred to the Eastern District of New York and consolidated with the RICO Action for all purposes, including discovery and trial.

Respectfully submitted,

**CHARTWELL LAW**

Dated: October 20, 2023

By:     /s/ Matthew Burrows
        Matthew Burrows, Esquire (NY ID 4861523)
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
e-mail: mburrows@chartwelllaw.com
        and
John J. Winter, Esquire (*Pro Hac Vice*)
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone: (610) 666-8437
Facsimile: (610) 666-7704
e-mail: jwinter@chartwelllaw.com
*(Attorneys for The Chartwell Law Offices, LLP)*