UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHLOMO BRAUN,

                *Plaintiff,*

v.

THE CHARTWELL LAW OFFICES, LLP,

                *Defendant.*

Index: 1:23-cv-08887 (DEH-OTW)

Levi Huebner of Levi Huebner & Associates PC, as attorneys for Plaintiff, Rabbi Shlomo Braun, states the following under the laws prohibiting perjury:

1.    I make the within affirmation stating the facts supporting an order remanding this case to the Supreme Court of New York, for the County of New York, to the index number 158686/2023.

## PROCEDURAL HISTORY

2.    On August 31, 2023, the Plaintiff filed the Summons and Complaint in the Supreme Court of New York, for the County of New York, under the index number 158686/2023. (the "State Case").

3.    On September 11, 2023, the Summons and Complaint in the State Case was duly served upon the Defendant.

4.    On September 28, 2023, the Defendant filed a Notice of Removal in the State Case, removing this case from the Supreme Court of New York, County of New York to the United States District Court for the Eastern District of New York, under the docket number 1:23-cv-07241-OEM-TAM.

5. On October 10, 2023, the Honorable Judge Orelia E. Merchant, issued an order remanding the within case to the Supreme Court of the State of New York, County of New York (the "Summary Remand Order").

6. Attached hereto as **Exhibit A** is a true copy of the Summary Remand Order certified by the Clerk of the Court for the Eastern District on October 11, 2023.

7. On October 10, 2023, the Defendant filed a Notice of Removal in the State Case to remove the within mater to this Court [ECF 1-2] (the "second Notice of Removal").

8. Pursuant to 28 U.S.C.A. § 1447(c) this motion to remand is timely.

## THIS CASE WAS NOT IN STATE COURT WHEN THE SECOND NOTICE OF REMOVAL WAS FILED

9. Before the Summary Remand Order was certified and mailed to the State court, the Defendant attempted to remove the within matter to this Court. However, as demonstrated below, at the time of the filing of the second Notice of Removal, this matter was not before the state court.

10. On August 31, 2023, the Plaintiff filed the Summons and Complaint in the Supreme Court of New York, for the County of New York, under the index number 158686/2023. (the "State Case").

11. On September 11, 2023, the Summons and Complaint in the State Case was duly served upon the Defendant.

12. On September 28, 2023, the Defendant filed a Notice of Removal in the State Case, removing this case from the Supreme Court of New York, County of New York to the United States

District Court for the Eastern District of New York, under the docket number 1:23-cv-07241-OEM-TAM.

13.     On October 10, 2023, at approximately 1:55 p.m. the clerk of United States District Court for the Eastern District entered a Summary Remand Order, of the Honorable Judge Orelia E. Merchant, remanding the within case to the Supreme Court of the State of New York, County of New York.

14.     On October 10, 2023, at about 3:48 p.m. in the State Case, the Defendant filed the second Notice of Removal, indicating that the State Case was being removed from the Supreme Court of New York to the United States District Court for the Southern District of New York.

15.     Meanwhile, on October 10, 2023, the Clerk for the Eastern District had neither certified the Summary Remand Order nor caused the Summary Remand Order to be mailed to the New York County Supreme Court.  The Clerk for the Eastern District only certified the order of remand on October 11, 2023.

16.     The Summary Remand Order was not filed in the State Case until October 18, 2023. See Exhibit A which is a true copy of the Summary Remand Order certified by the Clerk of the Court for the Eastern District on October 11, 2023.

17.     Pursuant to 28 U.S.C.A. § 1446(a) "A defendant …desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is **pending** a notice of removal . . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (emphasis added).

18. On October 10, 2023, the day the second Notice of Removal was filed with this Court, there was no case pending in the Supreme Court of New York, as the within case was still before the Eastern District of New York, and the United States District Court for the Eastern District of New York still retained jurisdiction because the Summary Remand Order had not yet been Certified and had not yet been mailed to the clerk of the Supreme Court, County of New York.

19. The meaning of the word pending in relation to removal and remand is defined in the statute itself, 28 U.S.C.A. 1447(c) states that, "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Under this plain language, until the Clerk of the federal court performs its task, the case is not pending before the State Court but before the Federal Court.

20. "Section 1447(c) … creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005). "Thus, section 1447(d) divests the district court of jurisdiction upon mailing of a remand order *based on section 1447(c) grounds* to state court. ... Once a district court certifies a remand order to state court on section 1447(c) grounds it is divested of jurisdiction and can take no further action on the case." *Id*.

21. A notice of removal "oust the state court of jurisdiction … and once the state court had been divested of jurisdiction in this way, federal jurisdiction continued until, at the earliest, a certified copy of the federal court's order of remand was mailed to the clerk of the state court, 28 U.S.C. § 1447(c)." *Keating v. Air & Liquid Sys. Corp.*, No. 18-CV-12258 (JPO), 2019 WL 3423235, at *4 (S.D.N.Y. July 30, 2019).

22. Here remand is required as a matter of law. On the day of October 10, 2023, at the time when Defendant filed the second Notice of Removal, this case was simply not pending before the State Court as a matter of law. The matter was pending in the Federal District Court in the Eastern District. As such, the Notice of Removal did not actually remove the case because it was not pending in the State Court and as such the defective second Notice of Removal is a nullity.

### THE SECOND NOTICE OF REMOVAL IS DEFECTIVE

23. Pursuant to 28 U.S.C.A. 1446(a): A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

24. Here, the Defendant simply failed to comply with 28 U.S.C.A. 1446(a) and did not file "all process, pleadings, and orders served upon such defendant."

25. Filing "all process, pleadings, and orders" would have given this Court notice of the Summary Remand Order and notice of the impropriety of the Defendant's removal. The second Notice of Removal to this Court only attached the summons and complaint, but did not attach the certified copy of the Summary Remand Order and Other prior state court filings.

### THE DEFENDANT IS IMPROPERLY TRYING TO APPEAL THE SUMMARY REMAND ORDER WITH THE FILING OF THE WITHIN SECOND REMOVAL

26. Before the Eastern District, the Defendant made a motion to consolidate this case with *1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz*, EDNY 1:22-cv-

04873 ("forgery action").   The Honorable Judge Orelia E. Merchant in her Summary Remand Order declined and found that "Removal of an action to the wrong venue is a procedural error, not a bar to subject matter jurisdiction. . . . . However, pursuant to 42 U.S.C. § 1447(c), this Court may remand a case sua sponte for a procedural defect within 30 days of the filing of a notice of removal."

27. Pursuant to 42 U.S.C. § 1447(d), "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

28. In sum, the Honorable Judge Orelia E Merchant did not transfer the matter to this district court nor consolidate with the forgery action, but rather, remanded the case.

29. The Defendant is now attempting to use this second Notice of Removal as a vehicle to appeal the Summary Remand Order, in contravention of 42 U.S.C. § 1447(d). Moreover, before this Court, the Defendant repeats the same motion which was declined by the Honorable Judge Orelia E. Merchant in her Summary Remand Order, where the Defendant sought to consolidate this case with the forgery action. This is improper and constitutes an appeal from the Summary Remand Order, relief which the Eastern District declined.

30. In the case of *Grohs v. Grohs*, No. 3:17-cv-01605 (SRU), 2017 U.S. Dist. LEXIS 184830, *6-7, 2017 WL 5171845 (D.Conn, 2017) the court found that remand is not reviewable and the case is not retrievable:

> As the Second Circuit has held, section 1447(d)'s prohibition of review "on 'appeal or otherwise' . . . preclude[s] not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA*, 412 F.3d 307, 311 (2d Cir. 2005) (quoting *Seedman v. U.S. District Court*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam)); *accord Three J Farms v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979) (Section 1447(d) "not only forecloses appellate review, but also bars reconsideration of such an order by

the district court."). Reconsideration is barred "out of respect for the state court and in recognition of principles of comity." [*7] *Three J Farms*, 609 F.2d at 115 (quoting *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969)). Federal circuits have observed that district courts should "interfere[] with" state proceedings through removal "once, at most," and that "[t]he action must not ricochet back and forth depending upon the most recent determination of a federal court." *Id.* (quoting *In re La Providencia Dev. Corp.*, 406 F.2d at 252). Thus, "once a section 1447(c) remand order has been mailed to the state court . . . , federal jurisdiction is at an end," and the district court "has no power to retrieve" the remanded case. *Shapiro*, 412 F.3d at 312; *Seedman*, 837 F.2d at 414. *Grohs v. Grohs*, 2017 U.S. Dist. LEXIS 184830, *6-7, 2017 WL 5171845.

31. Likewise, the Defendant is improperly using the second removal as a means to improperly review what the Summary Remand Order disposed of and declined by the Honorable Judge Orelia E. Merchant.

### THE NOTICE OF REMOVAL FAILS TO INVOKE ARTICLE III

32. This case was filed alleging technical violations under the FDCPA, in that sense a federal question is involved.

33. Nonetheless, even if it was effective, the Notice of Removal does not meet the burden of invoking federal standing under Article III.

34. Article III requires that a Notice of Removal allege the basis of jurisdiction, this includes showing Article III standing. Here the Defendant "fails to allege any actual injury" even in the context of the FDCPA. *Lanza v. Client Servs., Inc.*, No. 221CV06319LDHST, 2022 WL 17787465, at *4 (E.D.N.Y. Sept. 12, 2022). "Damage to personal credit and vague claims of attempts to get financing and negative impact, without an allegation that such damage resulted in a materialized injury, or a sufficiently imminent and substantial risk of injury, are insufficient to

confer standing." *Richard H. Campbell, v. Portfolio Recovery Associates, LLC*, No. 21CV1322PKCRML, 2022 WL 657225, at *1 (E.D.N.Y. Mar. 4, 2022). "Plaintiff's claim of emotional damages similarly falls short because he does not plead enough facts to make it plausible that he did indeed suffer the sort of injury that would entitle him to relief." *Id*.

35. The burden of federal jurisdiction is on the party asserting it, in this case the Defendant. The Notice of Removal asserts a federal question under the FDCPA but fails to denominate the elements under Article III pursuant to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021) and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), as such remand to the Supreme Court of the State of New York, New County is required as a matter of law.

36. The Defendant has not shown a concrete injury arising from the FDCPA violation. As such, remand is required as a matter of law.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter and Order remanding this case to the to the Supreme Court of the State of New York, for the County of New York, under the index number 158686/2023.

Dated:   Brooklyn, NY
         November 1, 2023

Levi Huebner & Associates, PC

/s/   Levi Huebner
_____
By: Levi Huebner

488 Empire Blvd Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555

*Attorneys for Plaintiff*