FILED: NEW YORK COUNTY CLERK 10/18/2023 09:38 AM
NYSCEF DOC. NO. 12
INDEX NO. 158686/2023
RECEIVED NYSCEF: 10/18/2023

Case 1:23-cv-08887-DEH  Document 14-1  Filed 11/03/23  Page 1 of 2
Case 1:23-cv-07241-OEM-TAM  Document 8  Filed 10/10/23  Page 1 of 2 PageID #: 878

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHLOMO BRAUN,

                        Plaintiff,

          v.

THE CHARTWELL LAW OFFICES, LLP,

                        Defendants.
------------------------------------------------------------x

A TRUE COPY ATTEST
DATE October 11 2023
BRENNA B. MAHONEY
BY [signature] CLERK
DEPUTY CLERK

Index Number 158686/2023
1:23-cv-07241-OEM-TAM

## SUMMARY REMAND ORDER

ORELIA E. MERCHANT, United States District Judge:

      On September 28, 2023, Defendant Chartwell Law Offices, LLP ("Defendant") filed a Notice of Removal ("Notice") seeking to remove this case from the Supreme Court of the State of New York, New York County, assigned index number 158686/2023, to this Court. *See* ECF 1, Notice at 1; ECF 1-1, Summons and Complaint at 1. Defendant alleges that this Court has removal jurisdiction under 28 U.S.C. §1441 and 28 U.S.C. §1446. *See* ECF 1, Notice at 1.

      Pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such an action is pending." 28 U.S.C. § 1441(a); *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 228 (S.D.N.Y. 2013) ("For cases removed from state court, venue is proper in the federal district which embraces the state court from which the action was removed."). The district that embraces New York County is the Southern District of New York, not the Eastern District of New York. 28 U.S.C. § 112(b). Defendant improperly removed this case to the Eastern District of New York.

FILED: NEW YORK COUNTY CLERK 10/18/2023 09:38 AM
NYSCEF DOC. NO. 17
Case 1:23-cv-08887-DEH   Document 14-1   Filed 11/03/23   Page 2 of 2
Case 1:23-cv-07241-OEM-TAM   Document 8   Filed 10/10/23   Page 2 of 2 PageID #: 879
INDEX NO. 158686/2023
RECEIVED NYSCEF: 10/18/2023

Removal of an action to the wrong venue is a procedural error, not a bar to subject matter jurisdiction. *Maignan et al v. BFL, Inc. et al*, No. 09-cv-04305-ILG-CLP, 2010 WL 2079774, at *1 (E.D.N.Y. May 25, 2010). However, pursuant to 42 U.S.C. § 1447(c), this Court may remand a case sua sponte for a procedural defect within 30 days of the filing of a notice of removal. *See, e.g.*, *U.S. Bank Tr. Nat'l Ass'n v. Wilson et al.*, No. 17-cv-6689-JFB-SIL, 2017 U.S. Dist. LEXIS 189910, at *3 (E.D.N.Y. Nov. 16, 2017) (remanding case sua sponte for procedural defect); *Allfour v. Bono*, No. 11-CV-1619-JFB-ARL, 2011 WL 2470742, at *1 (E.D.N.Y. May 5, 2011), *report and recommendation adopted*, No. 11-CV-1619-JFB-ARL, 2011 WL 2470734 (E.D.N.Y. June 22, 2011) ("Such a procedural defect, by itself, would authorize sua sponte remand in this circuit."); *Cassara v. Ralston*, 832 F.Supp. 752, 753–54 (S.D.N.Y.1993) (same); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (implicitly recognizing a district court's authority to remand actions sua sponte for procedural defects within 30 days of removal); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993) (same). Accordingly, this case is hereby remanded to state court.

The Clerk of Court is directed to: (1) mail a certified copy of this Order to the Clerk of the Court of the State of New York, New York County, pursuant to 42 U.S.C. § 1447(c); and (2) close this case.

**SO ORDERED.**

/s/
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
October 10, 2023.