**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
Matthew Burrows (NY ID 4861523)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for The Chartwell Law Offices LLP)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHLOMO BRAUN,** | ) Case No. 1:23-cv-08887-DEH |
| Plaintiff, | ) |
| | ) **AFFIRMATON IN OPPOSITION** |
| v. | ) **TO SHLMO BRAUN'S MOTION FOR** |
| | ) **REMAND** |
| **THE CHARTWELL LAW OFFICES, LLP,** | ) |
| Defendant. | ) |

    **I, MATTHEW BURROWS,** am over the age of eighteen, have personal knowledge of, and am competent to testify to the facts set forth below, and declare the following to be true and correct to the best of my knowledge, information and belief, pursuant to 28 U.S.C. § 1746:

    1.    I am a member of the New York Bar and of counsel for the firm, The Chartwell Law Offices, LLP (d/b/a Chartwell Law) ("Chartwell"), and counsel for Chartwell in this action. I submit this affirmation in opposition to Shlomo Braun's ("Plaintiff") motion for remand of this matter to the Supreme Court of New York in and for New York County (the "State Court").

    2.    Any civil action brought in state court that could have originally been brought in federal court may be removed by the defendants. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. The procedure for removal is set forth in 28 U.S.C. § 1446, which requires a

removing defendant to file a notice of removal in the district court within thirty (30) days of being served with an initial pleading. 28 U.S.C. § 1446(a), (b)(1).

3. Chartwell filed the pending notice of removal on October 10, 2023 (the "Second Removal Notice") after its prior, timely notice of removal (the "First Removal Notice") was remanded, *sua* sponte, by the United States District Court for the Eastern District of New York (the "Eastern District"), to the State Court, by Order entered on October 10, 2023 (the "Remand Order").

4. The Remand Order was entered on October 10, 2023, the 30th day after Plaintiff's Complaint was filed. To assure compliance with the 30-day filing deadline, Chartwell had to file the Second Removal Notice to the United States District Court for the Southern District of New York ("the "Southern District") on October 10, 2023, and there was no time to wait for the Eastern District Clerk to mail a certified copy of the Remand Order to the parties.

5. Plaintiff's Motion for Remand must be denied because diversity and federal question jurisdiction both clearly exist. *See Gentile v. Am. Express Co.*, 2022 U.S. Dist. LEXIS 122123, *4 (E.D.N.Y. April 8, 2022) (denying plaintiff's motion for remand where amended complaint asserted claims under the "Fair Debt Collection Practices Act", 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

6. Plaintiff's Complaint and pending motion clearly reflect that the only basis for his claims against Chartwell involve alleged FDCPA violations, triggering federal question jurisdiction. *See also, Kennedy v. Bell South Telecommunications, Inc.,* 546 Fed. Appx. 817, 2013 U.S. App. LEXIS 21111 (11th Cir. 2013) (affirming District Court's denial of motion for remand to state court because removal was both timely and involved federal questions). And, because Plaintiff is a citizen of the State of New York, and the Defendant is a citizen of the

Commonwealth of Pennsylvania, then to the extent that the Plaintiff ever asserts specific monetary damages in excess of the jurisdictional amount is met, diversity jurisdiction will also exist.

7. The Remand Order was entered on strictly procedural grounds, and recognized that the First Removal Notice was merely a procedural error, not a bar to subject matter jurisdiction. Because the Remand Order was not based on jurisdictional or substantive grounds, the doctrines of *res judicata* and law of the case do not apply to bar the relief Chartwell is seeking.

8. The doctrine of *res judicata,* or issue preclusion, bars re-litigation of a specific legal or factual issue in a second proceeding where both proceedings involve identical issues, the issues in the prior proceeding were actually litigated and decided, there was a full and fair opportunity to litigate the issues in the prior proceeding, and) the issues previously litigated were necessary to support a valid and final judgment on the merits. *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001). *Res judicata* is clearly inapplicable in this case, because the Remand Order did not address the substance of Plaintiff's alleged FDCPA claims, and those claims have not been litigated. *Cf.,Rosenberg v. Shemiran Co.*, LLC, 2020 U.S. Dist. LEXIS 71655, *5 (S.D.N.Y. April 22, 2020) (*pro se* tenant's first attempt to remove state court eviction proceedings to District Court failed to allege facts sufficient to establish either diversity jurisdiction or federal question jurisdiction; *res judicata* applied to bar second removal attempt which alleged no new facts).

9. The propriety of a party's selection of venue focuses not on a party's deliberate contacts, a factor relevant in the analysis of personal jurisdiction, but on the location where events occurred. Under the new version of 28 U.S.C. § 1391(b)(2), the court must determine only

whether a "substantial part of the events . . . giving rise to the claim" occurred in the Eastern District of New York, which is why Chartwell elected to file the First Removal Notice there. *See Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 867-868 (2d Cir. 1992).

10. Although the Eastern District remanded the matter to the State Court, *sua sponte*, it could have instead simply transferred it to the Southern District pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties, or 28 U.S.C. § 1406(a), where the action could have originally been brought there. *See Mortensen v. Wheel Horse Products, Inc.*, 772 F. Supp. 85, 90 (N.D.N.Y 1991) (affirming transfer of removed products liability action based on diversity jurisdiction from Northern District to Southern District pursuant to 28 U.S.C. § 1406(a)).

11. Plaintiff's Complaint failed to specify his damages resulting from Chartwell's alleged FDCPA violations. As a consequence, the removal clock may not even have begun ticking. The Second Circuit Court of Appeals held in *Moltner v. Starbucks Coffee Co.,* "we join the Eighth Circuit, as well as all of the district courts in this Circuit. . . in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.,* 624 F.3d 34, 38 (2d Cir. 2010).

12. The Second Circuit later clarified that under *Moltner*, although defendants must apply a reasonable amount of intelligence in ascertaining removability, they have no independent duty to look beyond the initial pleading for facts to determine whether a case is removable. *Cutrone v. Mortgage Electronic Registrations Systems, Inc.,* 749 F.3d 137, 143 (2d Cir. 2014)

13. Because the 30-day removal period of 28 U.S.C. § 1446(b) only commences when plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability, the Second Removal Notice is timely in any event,

and represents an appropriate avenue for Chartwell to seek the Southern District's disposition of Plaintiff's alleged FDCPA claims.

14. Plaintiff alleges that the Second Removal Notice improperly failed to include a certified copy of the Remand Order. This is not a fatal defect, and can be cured by amendment of the Second Removal Notice, even after the 30-day filing deadline has expired. *Pizarro v. Langer Transp. Corp.*, 2021 U.S. Dist. LEXIS 222178, *5-6 (S.D.N.Y. 2021) (defendant's failure to file with the removal notice copies of all process, pleadings and orders served on the defendant was not a jurisdictional defect, and could be amended even after the 30-day removal period has expired).

15. Plaintiff's claim that the failure to initially include the Remand Order with the Second Removal Notice is not grounds for remand of this matter to the State Court, as it can, and has, been cured, by both Chartwell's and Plaintiff's filings, and such a merely technical defect can be amended after the 30-day period has run. *See Fulfree v. Manchester*, 95-CV-7723, 1996 U.S. Dist. LEXIS 1, at *4 (S.D.N.Y. Jan. 2, 1996) (citing *CBS Inc. v. Snyder*, 762 F. Supp. 71, 75 & n.5 (S.D.N.Y. 1991)). See *generally* 14C Charles Alan Wright & Arthur R. Miller, *Federal Civil Practice and Procedure* § 3733 (Rev. 4th ed.). While the former is grounds for remand, the latter, standing alone, is not. *Id. See also, CBS Inc. v. Snyder*, 762 F. Supp. 71, 74 (S.D.N.Y. 1991) ("[p]ro forma defects cannot suffice to deprive a party of a plain entitlement to a federal forum."). Indeed, 28 U.S.C. § 1653 even provides for the amendment of removal notices which contain technical defects. *Id.* at 73; 28 U.S.C. § 1653. *Accord, Pizarro v. Langer Transp. Corp.*, supra.

16. Plaintiff's third challenge is so in-artfully worded that it is unclear what he is trying to convey. Chartwell removed this matter on two bases: federal question jurisdiction

arising out of the FDCPA, which Plaintiff admits involves a federal question; and diversity jurisdiction as Chartwell is a Pennsylvania Limited Liability Partnership and Plaintiff is a resident of the County of Kings. Moreover, Plaintiff has completely failed to allege how he was injured by Chartwell's alleged FDCPA violations, and indeed has made admissions and raised arguments that actually support Chartwell's motion for dismissal of the Complaint for failure to state a claim. On that basis, Plaintiff's motion for remand should be denied and Chartwell's motion to dismiss should be granted.

Dated: New York, NY
      November 8, 2023

Respectfully submitted,

**CHARTWELL LAW**

By:    /s/ Matthew Burrows
Matthew Burrows, Esquire (NY ID 4861523)
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
e-mail: mburrows@chartwelllaw.com
      and
John J. Winter, Esquire (*Pro Hac Vice*)
700 American Avenue, Suite 303
King of Prussia, PA 19406
Telephone: (610) 666-8437
Facsimile: (610) 666-7704
e-mail: jwinter@chartwelllaw.com
*(Attorneys for The Chartwell Law Offices, LLP)*