| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| SHLOMO BRAUN,<br><br>                            *Plaintiff,*<br>v.<br>THE CHARTWELL LAW OFFICES, LLP,<br>                            *Defendant.* | Index: 1:23-cv-08887 (DEH-OTW)<br><br><u>REPLY IN SUPPORT OF REMAND</u> |

      Levi Huebner of Levi Huebner & Associates PC, attorneys for Plaintiff, Rabbi Shlomo Braun, states the following under the laws prohibiting perjury:

      1.      I make the within reply to the Defendant's opposition to Plaintiff's motion seeking an order remanding this case to the Supreme Court of New York, for the County of New York, Index Number 158686/2023.

      2.      On October 10, 2023, at approximately 1:55 p.m. the clerk of United States District Court for the Eastern District entered a Summary Remand Order, of the Honorable Judge Orelia E. Merchant, remanding the within case to the Supreme Court of the State of New York, County of New York (the "Summary Remand Order"). [ECF 14-1].

      3.      Defendant asserts that on October 10, 2023, the day when the District Court for Eastern District issued the order of remand, "there was no time to wait for the Eastern District Clerk to mail a certified copy of the Remand Order to the parties." [ECF 19 ¶ 4].

      4.      If it is true that Defendant was time crunched, Defendant could have simply gone to the Courthouse of the Eastern District and in person obtained a certified copy of the Summary Remand Order, filed the certified copy on NYSCEF of the Supreme Court of New York, for the County of New York, under the index number 158686/2023, and afterwards filed a notice of

removal. That is not what happened here. Rather, on October 10, 2023, at about 3:48 p.m. in the State Case, the Defendant filed a second Notice of Removal, purportedly indicating that the State Case was being removed from the Supreme Court of New York to the United States District Court for the Southern District of New York. In plain words, Defendant did not even try to effectuate 28 U.S.C.A. 1447(c) and now claims that on October 10, 2023 "there was no time to wait for the Eastern District Clerk to mail a certified copy of the Remand Order to the parties." [ECF 19 ¶ 4].

5. The law is clear, "A motion to remand will be granted when the opposing party fails to demonstrate a basis for federal jurisdiction or fails to show strict compliance with statutory removal requirements." *Vanderhorst v Heitner*, No. 14-CV-4268 SLT VVP, 2015 WL 4162732, at *2 (E.D.N.Y. July 9, 2015). Here, on October 10, 2023, at the time when the Defendant filed the Second Removal Notice, this case was simply not pending before the Supreme Court of New York because the Clerk for Eastern District had not certified the Summary Remand Order.

6. There is no statutory scheme for filing a second notice of removal to remove a case from state court to federal court, while the case is still pending in a different federal venue.

7. The facts compelling the remanding of this case are obvious. "The rule barring successive removal is strict. Even when the first remand was due to a procedural error on the part of the defendant, the defendant must overcome the hurdles for successive removal. Clearly, here, the Defendant did not overcome the hurdles when counsel for the Defendant attempted to remove the case to the [wrong venue]. Thus, if not dispositive, the fact that this is a second petition for removal raises the already high bar." *O'Reilly v. Mackris*, 556 F. Supp. 3d 166, 171 (E.D.N.Y. 2021). Having improperly removed this case to the Eastern District, even if it was just a procedural error, the Defendant is subject to the high bar of strict compliance and could not remove this case before the Clerk issued its certified copy of the Summary Remand Order.

8. "Another consideration is the effect that legal maneuvers have had on the affected courts (and, by extension, the public), as well as the costs and delays imposed on the parties. Through its mishandling, defense counsel has unnecessarily multiplied this proceeding in a manner that is particularly unacceptable in the context of removal. As one appellate court held: Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court." *O'Reilly v. Mackris*, 556 F. Supp. 3d 166, 172 (E.D.N.Y. 2021) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) and *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969)). The Defendant could have done its original removal properly and asked that this Court refer the case to the Eastern District, which did not happen.

9. "A party who deliberately removes an action to the wrong district court has acted improvidently and outside of the removal statute, thereby violating removal procedure…. District courts can and should police the situation by remanding cases brought in the wrong district. To do otherwise might encourage litigants to forum shop in order to gain an advantage over plaintiff and disregard plaintiff's choice of forum." *Addison v. N. Carolina Dep't of Crime & Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994).[1] "There is no provision of federal law which would permit a defendant to remove an action to a federal court sitting in a district and division other than that

---

[1] "Therefore, for policy reasons, it appears that district courts should not permit an improper removal under the guise that such may be corrected by the court ruling on a motion to transfer. This requires a plaintiff to litigate the transfer motion in a distant district. It also turns matters on their head by giving defendants the initial choice of forum and disregarding plaintiff's choice. If, after remand, defendants will have lost the opportunity to timely remove the case to the correct district, that is simply the consequence of taking the law into one's own hands." *Addison v. N. Carolina Dep't of Crime & Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994).

where the state court action is pending. If a defendant removes a case to an improper district, district courts can and should police the situation and remand the case back to the appropriate state court." *Ego Express, Inc. v. D&D Grp. Corp.*, No. 1:23-CV-001179-JRR, 2023 WL 4134408, at *1 (D. Md. June 22, 2023) (citing *Hoover v. Gershman Inv. Corp.*, 774 F. Supp. 60, 63 (D. Mass. 1991) and *Addison v. N. Carolina Dep't of Crime & Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994)). The Eastern District properly exercised its authority to remand this case to the Supreme Court of New York County and Defendant's cry that "there was no time to wait for the Eastern District Clerk to mail a certified copy of the Remand Order to the parties" [ECF 19 ¶ 4] is a self-inflicted choice in utter disregard to the judicial economy of the Eastern District by taking the law into its own hands.

10. Defendant is misreading 28 U.S.C. § 1391 to allow a Defendant to choose the venue where a claim should be situated. This is erroneous because Plaintiff's choice of forum is entitled to great weight, and it is not Defendant's right to veto that decision unilaterally. See *Albright v. Terraform Labs, Pte. Ltd.*, 641 F. Supp. 3d 48, 56 (S.D.N.Y. 2022).

11. Defendant's speculation of diversity jurisdiction that it is a residence in Pennsylvania is not entitled to any weight as the Second Notice of Removal did not provide diversity jurisdiction as a basis for removal. The Defendant may not supplement or correct its Second Notice of Removal in its Opposition, nor may the Defendant correct the Second Notice of Removal after the time to remove has expired.

12. Furthermore, Defendant's failure to satisfy the requirements of Article III in its Second Notice of Removal goes to the heart of subject matter jurisdiction. Defendant did not articulate which facts of the complaint confer Article III jurisdiction warrants remanding the case. *Mohadeb v. Credit Corp Sols. Inc.*, No. 22CV5017RPKSJB, 2022 WL 17832856, at *2 (E.D.N.Y.

Dec. 21, 2022). The complaint alleges a violation, that the Defendant pursued collection of a debt after knowing that the debt is disputed, without verifying the validity of the debt. The fact that the complaint is not demanding a sum certain is immaterial, the Defendant has not shown that the FDCPA violation results in a particular injury, such as causing the consumer to alter its response to the debt. *Id*. The Defendant cannot pinpoint as to which factual allegation(s) in the complaint, assumed in Plaintiff's favor, is the basis for Article III standing. Thus, this case must be remanded for want of jurisdiction.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter and Order remanding this case to the to the Supreme Court of the State of New York, for the County of New York, under the Index Number 158686/2023.

Dated: Brooklyn, NY
November 13, 2023

Levi Huebner & Associates, PC

/s/ Levi Huebner
By: Levi Huebner

488 Empire Blvd Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555

*Attorneys for Plaintiff*