The Honorable Judge Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Shlomo Braun v. The Chartwell Law Offices, LLP,* **United States District Court for the Southern District of New York, Civil Action No. 23-CV-8887(DEH) Joint Pretrial Letter**

Honorable Judge Ho:

Pursuant to the Court's Notice of Pretrial Conference issued on November 6, 2023 (ECF No. 18), the parties submit this joint letter of their positions:

**Plaintiff's Position Statement:**

1. **Brief Statement of Nature of Action, Principal Defenses, and Major Issues.**

The Plaintiff, Rabbi Shlomo Braun, is a victim of a series of forgeries, whose false signature was used to steal title to two different properties.[1]  PS Funding Inc. ("PS Funding") financed the forgeries by encumbering the title of property belonging to Plaintiff.  These properties have belonged to Plaintiff since the 1970s and serve as the primary residence of Plaintiff and several of his immediate family members.

On August 17, 2022, Plaintiff brought a lawsuit in the Eastern District of New York, *1567 56th Street, LLC, 1569 56th Street, LLC and Shlomo Braun et al. v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz,* Case No. 22-4873-CV ("Title Action". On September 2, 2023, the Title Action was served on PS Funding.

On September 22, 2022, the Defendant, a debt collector, representing itself as the attorneys for PS Funding, filed a motion in a foreclosure proceeding, initiating its efforts to hold Plaintiff liable for the forgeries that PS Funding encumbered on Plaintiff's properties. The Defendant, as a debt collector, proceeded to collect a debt against the Plaintiff despite having actual knowledge that Plaintiff has filed the Title Action disputing the forgeries and its debt.

Under the FDCPA, the Defendant was obligated to cease collection of the debt until Defendant could verify the validity of the debt, meaning until the Title Action determines whether the Plaintiff's signatures were forgeries.

On August 31, 2023, Plaintiff filed the Summons and Complaint in the Supreme Court of New York, for the County of New York, under the index number 158686/2023 (the "State

---

[1] Recently, on November 14, 2023, Governor Hochul signed into law the passage of New York Senate Bill No. 6577, enacted a series of protections designed to stay any eviction or foreclosure proceedings where there is a genuine claim of title theft.

Case") alleging that Defendant violated Plaintiff's rights under the FDCPA. On September 11, 2023, the Summons and Complaint in the State Case was duly served upon the Defendant. On October 10, 2023, while this case was still before the Eastern District of New York, under the docket number 1:23-cv-07241-OEM-TAM, the Defendant filed a second notice of removal in the State Case that it removes this case from State Court to the Southern District of New York.

### 2. Brief Explanation of Jurisdiction and Venue.

The FDCPA procedures that Defendant violated are technical in nature. The complaint did not allege any imminent injury that arose from the fact that Defendant is collecting a disputed debt. Rather, any injury that Plaintiff may suffer would be subject to hypothetical events, such as that Plaintiff's properties were foreclosed prior to judgment in the Title Action. Such hypothetical scenario is contingent on events that may never happen. For instance, if Defendant ceases collecting the debt against Plaintiff pending the Title Action, at best, Plaintiff would only be to recover for statutory damages of $1,000 and attorney fees.

This kind of an FDCPA case requires that this Court finds the presence of an Article III injury before assuming jurisdiction. The absence of an Article III injury deprives the Court of jurisdiction from hearing this case. The second notice of removal does not specify how the Court has Article III jurisdiction as required pursuant to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021) and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). Plaintiff contests that this controversy between the parties has yet to mature an actual or imminent injury to enable Article III jurisdiction.

Equally unavailing is Defendant's argument for diversity jurisdiction, because the injury amount is not yet $75,000 and is contingent upon events that has yet to happen and most likely will never happen.

Also impeding the Court's jurisdiction is the Defendant's premature filing of the second notice of removal of the State case at a time when this case was not before the State Court, but was still in the Eastern District of New York, under the docket number 1:23-cv-07241-OEM-TAM. On October 10, 2023, the day the Defendant filed the second notice of removal, the Clerk for Eastern District did not certify the order remanding the case to the State Court as required pursuant to 28 U.S.C.A. 1447(c).

These uncontroverted facts call for this Court to decide the motion for remand prior to assuming jurisdiction and deciding the Defendant's motion for summary judgment.

The Defendant's motion for summary judgment cannot be entertained before discovery. In a case of summary judgment without discovery, the Court of Appeals for the Second Circuit held that the relevant standard is that "summary judgment should only be granted 'if after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). "The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Id*. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Id* citing *Meloff v. New York Life Ins. Co*., 51 F.3d 372, 375 (2d Cir. 1995).

This case alleges an FDCPA violation that occurred on September 22, 2022. As strange as it may be, Defendant claims that the FDCPA violation occurred sometime in 2021, when the foreclosure actions were filed though the Plaintiff was not named as a party to the foreclosures. These are facts that require further factual development through discovery as to how any FDCPA violation occurred to Plaintiff without Plaintiff's knowledge.

There are also other issues requiring discovery. For instance, Defendant claims that the mortgages placed on Plaintiff's property were valid, despite the fact that they were forgeries. Discovery is necessary to establish whether these mortgages are Plaintiff's debt despite being a forgery from which Plaintiff received no consideration. Defendant also contends that Plaintiff is not a consumer, which in itself is a question requiring discovery, since Plaintiff's complaint alleges that the affected properties are the homes of Plaintiff and his immediate family.

Likewise, the Defendant does not address the fact that under 15 U.S.C. § 1692g(b) it was required to cease collection of the debt pending the Title Action. Its argument that a filing in a civil action is not a communication does not apply to the requirements of 1692g(b) since the Defendant had knowledge of the consumer's dispute. *See* 1692g(d).

Wherefore, it is Plaintiff's position that the Court decide the issue of remanding this case to the State Court prior to considering any other pleadings advanced by the parties. Should the Court find that it has jurisdiction to hear this case, Plaintiff asks that the Court extend the deadline to thirty (30) after the close of discovery for the opportunity to file an opposition to Defendant's motion for summary judgment. Plaintiff's Position Summarized:

**Plaintiff's Position Summarized:**

Based on the foregoing, Plaintiff's positions are:

- The motion to remand the case should be decided before briefing the motion to dismiss.

- The basis for remanding the case to State court arises from the fact that the notice of removal does not show a basis for an Article III injury and that the case was not before the State Court when the Defendant attempted to bring the case before this Court.

- If the motion for remand is denied, Plaintiff requests discovery as set forth in the attached Civil Case Management Program.

- Plaintiff respectfully requests that the Court enter an order deciding the issue of remand prior to entering any Civil Case Management Plan And Scheduling Order.

**Defendants Position Statement**

**1. Brief Statement of Nature of Action, Principal Defenses, and Major Issues.**

Plaintiff, Shlomo Braun ("Braun") commenced this action by filing a complaint against the Defendant, The Chartwell Law Offices, LLP ("Chartwell"), in the Supreme Court of New York in and for New York County (the "State Court") on August 31, 2023, at Index No. 158686/2023, sounding under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 -1692p

(the "FDCPA" and "FDCPA Complaint"), which was docketed at Index No. 158686/2023 (the "FDCPA Action").  On September 28, 2023, Chartwell filed a Notice of Removal of the FDCPA Action to the United States District Court for the Eastern District of New York, at Civil Action No. 1:23-cv-07241-OEM-TAM.  On October 10, 2023, the Honorable Orelia E. Merchant entered a Summary Remand Order remanding the FDCPA Action to the State Court, holding that it should have been filed in the Southern District.  Chartwell filed a Notice of Removal to this Court the same day, thereby initiating the above-captioned matter.

**2. Brief Explanation of Jurisdiction and Venue.**

Defendant asserts that federal question jurisdiction exists by virtue of the Plaintiff's FDCPA-based claims against it.  Defendant also asserts that, should Plaintiff ever plead the actual damages sought, and such alleged damages were to exceed $75,000, diversity jurisdiction would also exist pursuant to 28 U.S.C. § 1332 (a).

Defendant asserts that the United States District Court for the Eastern District of New York is an appropriate venue for the disposition of the FDCPA Complaint, because significant factual and legal issues thereby presented are identical to, and dependant upon disposition of a separate legal action, one in which Chartwell was not named or joined as a defendant, styled as *1567 56th Street, LLC, 1569 56th Street, LLC and Shlomo Braun et al. v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, 1567 56 NY LLC, Dekel Abstract LLC, Abraham Titlebaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz,* Case No. 22-4873-CV (the "RICO Action"), which was commenced by Plaintiff and his related entities on August 17, 2022 (the "RICO Complaint").

Plaintiff asserts that venue is proper in the Southern District of New York because the FDCPA Complaint was filed in New York County, which lies within the Southern District.  Defendant agrees that venue is proper venue, but that the Eastern District is a preferable venue because of the RICO Action there.

**3. Brief Description of All Outstanding Motions.**

Defendant filed a Motion to Dismiss the FDCPA Complaint, or alternatively transfer it to the Eastern District for consolidation with the RICO Action.

Plaintiff filed a Motion for Remand to the State Court.

Defendant filed a Motion to have both Motions heard together.

**4. Brief Description of Discovery Taken or Required for Meaningful Settlement Negotiations.**

No discovery has been undertaken.  Defendant does not believe that any is required at this time.

**5. Statement Confirming Parties' Discussion of Use of Alternative Dispute Resolution.**

The parties have not had any discussions of the use of alternative dispute resolution.

**6. Brief Description of Prior Settlement Discussions.**

There have been no settlement discussions to date.

**7. Other Useful Information Regarding Dispositive or Novel Issues.**

Plaintiff asserts that Defendant's removal to the Southern District was procedurally defective. Defendant asserts that any such defects are curable, and have been cured.

Please advise as to any questions or comments the Court may have about the foregoing. Thank you for your attention to this matter.

Respectfully submitted,

Levi Huebner & Associates PC

    / s / Levi Huebner
By: _____
Levi Huebner
488 Empire Blvd., Suite 100
Brooklyn, NY 11225
Telephone: (212) 354-5555

*Attorneys for Plaintiff*

**THE CHARTWELL LAW OFFICES, LLP**
THE CHARTWELL LAW OFFICES, LLP
d/b/a Chartwell Law

By: /s/ Matthew Burrows
Matthew Burrows, Esquire (NY ID 4861523)
John J. Winter, Esquire (Pro Hac Vice)
One Battery Plaza, Suite 701
Brooklyn, NY 10004-1445
Telephone: (212) 968-2300

*Attorneys for Defendant*