# Levi Huebner & Associates, PC

**Attorneys and Counselors at Law**
488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tel: **(212) 354-5555**
Fax: **(718) 636-4444**
Email: newyorklawyer@msn.com

December 4, 2023

Honorable Judge Dale E.
Ho United States District
Court Southern District of
New York 500 Pearl Street
New York, NY 10007

      Re:    **Shlomo Braun v. Chartwell, 1:23-cv-08887-DEH-OTW**

Honorable Judge Ho:

      We represent the Plaintiff, Rabbi Shlomo Braun.

      Plaintiff respectfully requests reconsideration of the Court's Order [ECF 27, 28; dated December 1, 2023] denying holding in abeyance the Defendant's Motion to Dismiss, [ECF 6 – 9] and stay all deadlines in this case, pending the Court's decision of the Plaintiff's motion to remand [ECF 13 – 14] for the reasons denoted below.

      The law is that the "jurisdictional issue must be resolved before the merits issue." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.A.R.L,* 790 F.3d 411, 417 (2d Cir. 2015).

      All the District Court's in this Circuit that have addressed the issue have held that a District Court must decide on a motion to remand prior to deciding a motion to dismiss. "Although Defendants' motion to dismiss the Complaint was filed before Plaintiff's motion for remand, the Court first must decide the motion for remand since it raises questions of subject matter jurisdiction." *Marc J. Bern & Partners LLP v. U.S. Legal Support, Inc*., No. 17 CIV. 6771 (ER), 2018 WL 2943784, at *3 (S.D.N.Y. June 11, 2018).  Also see *Macro v. Indep. Health Ass'n, Inc*., 180 F. Supp. 2d 427, 431 (W.D.N.Y. 2001) (citing *University of South Alabama v. The American Tobacco Company*, 168 F.3d 405, 410 (11th Cir. 1999), *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir.1998)), *Abdale v. N. Shore–Long Island Jewish Health Sys., Inc*., No. 13 Civ. 1238 (JS) (WDW), 2014 WL 2945741, at *2 (E.D.N.Y. June 30, 2014), *Tavener v. Johnson & Johnson*, No. 519CV0459GTSTWD, 2019 WL 2754423, at *8 (N.D.N.Y. July 2, 2019), *NOCO Inc. v. Rochester Gas & Elec. Corp*., No. 13-CV-6487L, 2015 WL 1097406, at *3 (W.D.N.Y. Mar. 11, 2015)("Questions relating to the court's subject matter jurisdiction must be addressed before moving on to the merits of a claim"), *Appell v. Fleet Norstar/Fin. Grp.*, 104 F.3d 352 (2d Cir. 1996).

Here, the Petitioner's motion for remand has raised two jurisdictional issues calling for remand. First, on the day when Respondent filed the second notice of removal, the case was present in another federal court, the Eastern District of New York.  The removal statutes are only available for a case when "pending" in the State Court, see 28 U.S.C.A. § 1446(a). Second, neither the notice of removal not the complaint show the District Court would have subject matter jurisdiction pursuant to the elements required under Article III pursuant to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021) and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), *Libertas Funding, LLC v. ACM Dev., LLC*, No. 22CV00787HGMMH, 2022 WL 6036559, at *3 (E.D.N.Y. Oct. 7, 2022).

Accordingly, Plaintiff requests that the Court reconsider its briefing schedule and stay all discovery and briefing deadlines pending a decision on the motion to remand.

        Respectfully submitted,

        / s / Levi Huebner

        By: Levi Huebner