**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
Matthew Burrows (NY ID 4861523)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for The Chartwell Law Offices LLP)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHLOMO BRAUN,** | ) Case No. 1:23-cv-08887-DEH |
| Plaintiff, | ) |
| | ) **AFFIRMATON IN FURTHER** |
| | ) **SUPPORT OF THE CHARTWELL** |
| | ) **LAW OFFICES, LLP's MOTION TO** |
| v. | ) **DISMISS** |
| | ) |
| **THE CHARTWELL LAW OFFICES, LLP,** | ) |
| Defendant. | ) |

**I, MATTHEW BURROWS,** am over the age of eighteen, have personal knowledge of, and am competent to testify to the facts set forth below, and declare the following to be true and correct to the best of my knowledge, information and belief, pursuant to 28 U.S.C. § 1746:

1. I am a member of the New York Bar and of counsel for the firm, The Chartwell Law Offices, LLP (d/b/a Chartwell Law) ("Chartwell"), and counsel for Chartwell in this action. I submit this affirmation in reply to Plaintiff's opposition to the motion of Defendant, The Chartwell Law Offices, LLP's ("Chartwell") to Dismiss Pursuant Fed.R.Civ.P, Rules 12(b)(1) and (b)(6) (the "Dismissal Motion").

2. Plaintiff's opposition fails to establish any claim against the Defendant, nor does it address the merits of the Dismissal Motion. The arguments relating to Plaintiff's motion for

1

remand (the "Remand Motion") have already been addressed in Chartwell's opposition to the Remand Motion, which Chartwell agrees should be decided prior to the Dismissal Motion, although Chartwell never consented to the Dismissal Motion being held in abeyance.

3. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*quoting Ashcroft*, 556 U.S. at 678). Although the pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) [*4]. *See Mueller v I.C. Sys.*, LEXIS 70342, at *3-4 [E.D.N.Y. Apr. 25, 2019, No. 18-CV-336 (AMD) (RML)])

### The Plaintiff Does Not Have Standing to Bring This Action.

4. The debt that is the subject of this action is not owed by Plaintiff, but in fact owed by limited liability companies that were the titled owners of the subject properties, and the nature of that debt is commercial. Plaintiff, in its complaint at paragraphs 14-17, 40, 49, 50-53, 59, and 90-94, and once again in paragraph 26 of his opposition states "the title belongs to Plaintiff's LLCs", thereby admitting that the properties are not owned by an individual consumer, despite title to the properties now being in Plaintiff's individual capacity, Plaintiff has completely failed to establish that these debts were incurred for an individual consumer's personal or household purposes.

5. Plaintiff's reliance on *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 83

(2d Cir. 2018) is misplaced. In *Cohen*, it was held that a foreclosure against an obligor was an attempt to collect a debt. The case at bar is easily distinguished by the sheer fact that Plaintiff is not an obligor, and was neither the mortgagor, nor a guarantor on of the subjection loans. Plaintiff's purported acquisition of title to the Properties was after recording of the subject mortgages, and only after the commencement of the foreclosures and recording of *lis pendens*. Plaintiff was actually served and made a party to the foreclosures so as to provide him his opportunity to raise any claims relating to his alleged ownership of the properties, and to extinguish those claims so as to clear title. Such joinder was not, as Plaintiff's counsel alleges in his opposition, to impose any personal liability on the Plaintiff.

6. Notably, Plaintiff commenced the Rico action, which contains a count seeking to quiet title, alleging fraudulent transfers of the subject properties. In his opposition Plaintiff, sets forth a plethora of facts detailing how the underlying issues of this matter are closely related to his pending Rico action.

7. Not being personally obligated with respect to the subject loans, Plaintiff simply cannot be a "consumer" for the purposes of the FDCPA, and thus lacks standing to sue under many provisions of the Act. See 15 U.S.C. § 1692a ("consumer" means "any natural person obligated or allegedly obligated to pay any debt"); *Barasch v. Estate Info. Servs., LLC,* 2009 U.S. Dist. LEXIS 79338, (E.D.N.Y. Sept. 3, 2009) ("[C]ourts have found that only a 'consumer' has standing to sue under particular sections of the FDCPA that specifically regulate communications 'with the consumer.'") (quoting *Bank v. Pentagroup Financial*, No., 2009, at *4 (E.D.N.Y. June 9, 2009)). *Cunningham v Channer*, LLC, 2018 US Dist. LEXIS 165430, at *11 (W.D.N.Y. Sep. 26, 2018). (holding that a "non-debtor" that does not stand in the shoes of the debtor lacks standing to bring an action for an alleged FDCPA violation.).

8. Plaintiff wrongly alleges in his opposition that in moving to amend its complaints and join plaintiff to the foreclosure actions, Defendant did so seeking to hold Plaintiff personally liable for repayment of the subject loans. This is disingenuous. The affirmations of Matthew Burrows filed in support of such motions for joinder clearly stated that the purpose was to provide Plaintiff with an opportunity to air his claims, and then to extinguish those claims as being junior to the mortgages being foreclosed. This transparent attempt to transmogrify the plain language of the subject affirmations into a mischaracterization of the debts involved must fail. *Compare, Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 254 (S.D.N.Y. 2011) (attempt to collect a debt from a non-debtor constitutes "false representation" as to the character or status of the debt in violation of 15 U.S.C. § 1692(e); *Valdez v. Capital Mgmt. Servs., LP*, No. 09-246, 2010 U.S. Dist. LEXIS 121483, 2010 WL 4643272, at *12 (S.D. Tex. Nov. 16, 2010) (attempting to collect a debt from a person whom the debt collector knows does not owe the debt misrepresents the character or legal status of the debt, and is actionable under 15 U.S.C. § 1692e").

9. Plaintiff is manifestly attempting to create an FDCPA violation where none exists.

10. Plaintiff lacks standing to bring this action as the Second Circuit has held that, "at the very least, a plaintiff who 'is not the debt consumer' and 'neither stands in the shoes of a consumer . . . nor has pleaded injurious exposure to the debt collection'" attempts at issue "lacks standing to bring an action." *Schwartz v. Resurgent Capital Servs., LP*, 2009 U.S. Dist. LEXIS 103903, at *3 (E.D.N.Y. Nov. 9, 2009) (quoting *Sibersky v. Goldstein*, 155 F. App'x 10, 12 (2d Cir. 2005) (summary order)).

11. The FDCPA, 15 U.S.C. § 1692a, merely defines a "consumer" to be a natural person obliged or allegedly obliged to pay a debt, id. § 1692a(3). *McKinley v Everest Receivable*

*Servs.,* 2022 US Dist LEXIS 26236, at *24 W.D.N.Y. Feb. 14, 2022, No. 19-CV-1289S] (holding that a non-debtor does not have standing to sue for alleged violations). Here, there is no natural person obliged to pay the debt.

### The Alleged Debt is Commercial and NOT a Consumer Debt.

12. Plaintiff does not address Chartwell's arguments regarding the commercial status of the loans and thus the inapplicability of the FDCPA. Instead, Plaintiff reiterates his remand arguments, improperly, and then goes on to establish that the underlying facts and circumstances in this action arise out of the same underlying actions complained of in the Rico Action., thus admitting that this action, if it is not dismissed, should be transferred to the E.D.N.Y. Plaintiff is trying to confuse the commercial loan facts by focusing on the foreclosures themselves and by failing to address the undisputed facts.

13. The FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Although the statute does not define the term "transaction," "at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value.'" *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (quotations and citation omitted); *accord Beauvoir v. Israel*, 794 F.3d 244, 247 (2d Cir. 2015); *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 170 (2d Cir. 2015). Thus, when the obligation or alleged obligation to pay money does not "arise as a result of the rendition of a service or purchase of property or other item of value," it does not constitute a 'debt' for purposes of the FDCPA. *Beauvoir*, 794 F.3d at 247-48 (quoting *Beggs*, 145 F.3d at 512); *see also Polanco*, 930 F. Supp.

2d at 550 ("The FDCPA applies only to conduct in connection with the collection of a consumer debt."); *Orenbuch v. Leopold, Gross & Sommers, P.C.*, 586 F. Supp. 2d 105, 107-08 (E.D.N.Y. 2008) (dismissing the plaintiff's FDCPA claim because "there was no consumer transaction that gave rise to the debt."). Here, the Plaintiff was not a part of in the loans and was not part of the transactions. The loans were not for the Plaintiff's purchase of the properties in question nor for any goods or services.

14. "What matters in the context of an FDCPA claim is the asserted basis for the obligation to pay." *Beauvoir*, 794 F.3d at 248 (quotations and citation omitted); *see also Eades*, 799 F.3d at 170 ("In determining whether an obligation is a 'debt' under the FDCPA, the relevant consideration is whether the obligation arose out of a transaction of the type specified in the FDCPA[.]"); *Polanco*, 930 F. Supp. 2d at 551 ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction. . . . What is dispositive in determining the applicability of the FDCPA is not the form of the obligation but whether the debt, regardless of form, arose from a consumer transaction.")

15. "[A]ctions arising out of commercial debts are not covered by the protective provisions of the FDCPA." *Goldman v. Cohen*, 445 F.3d 152, 154 n. 1 (2d Cir. 2006); *see also Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 103 (2d Cir. Feb. 11, 2016) (summary order) ("The FDCPA does not cover actions arising out of commercial debts." (quotations and citation omitted)); *Shetiwy v. Midland Credit Mgmt.*, 15 F. Supp. 3d 437, 444 (S.D.N.Y. 2014) ("Because only transactions for 'personal, family, or household purposes' are covered, actions arising out of 'commercial debts' are excluded.") *Cohen v. Potenza*, No. 15-CV-3825 (SJF)(AYS), 2016 U.S. Dist. LEXIS 153244, at *22-24 (E.D.N.Y. Nov. 3, 2016) (dismissing an FDCPA case on the grounds that the debt was not a consumer

debt). The debt at issue in the present matter is a commercial debt, and thus as set forth in the cases cited above, the FDCPA does not apply to this transaction and this action must be dismissed.

16. "To determine whether a particular debt is commercial or personal in nature, courts examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended[.]" *Anderson v. Granoff, Walker & Forlenza, P.C.*, No. 11-cv-4178, 2012 U.S. Dist. LEXIS 64543, 2012 WL 1066801, at * 3 (S.D.N.Y. Mar. 27, 2012), *reconsideration denied*, 2012 U.S. Dist. LEXIS 66050, 2012 WL 1659186 (S.D.N.Y. May 9, 2012) (quotations and citation omitted); *accord Scarola Malone & Zubatov LLP v. Verizon Commc'ns, Inc.*, No. 14-cv-4518, 2015 U.S. Dist. LEXIS 82053, 2015 WL 3884211, at * 4 (S.D.N.Y. June 24, 2015), *aff'd*, 638 F. App'x 100 (2d Cir. Feb. 11, 2016). *Id.*

17. The loans at issue herein were not made to the Plaintiff, and Plaintiff disproves his allegations of being entitled to the protections of the FDCPA by his own words.

18. The fact that Plaintiff has transferred the Properties to himself does not change the commercial nature and purpose of the underlying loans. *See generally Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 293 (6th Cir. 2012) (holding that "the relevant point in time for determining the character of the obligation [under the FDCPA] is when the loan is made, rather than when collection efforts begin."); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 874-75 (7th Cir. 2000) (holding that the relevant time for determining the nature of the debt for purposes of the FDCPA is "when the loan is made, not when collection is attempted. . . . The Act regulates the debt collection tactics employed against personal borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods. . . . Businessmen don't

need the warnings.

19. "A businessman who converts a business purchase [or loan] to personal use does not by virtue of that conversion lose his commercial sophistication and so acquire a need for statutory protection." (quotations, emphasis and citations omitted)); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) ("When classifying a loan, courts typically examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether the transaction was primarily consumer or commercial in nature." (quotations and citation omitted)); *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 335 (4th Cir. Jan. 31, 2012) (fact that state court action to collect credit card debt was initiated against the plaintiff in his personal capacity was "not dispositive because a person can be sued in his or her individual capacity even for business debts.").

20. Braun is clearly an experienced businessman and real estate investor, and his FDCPA-based allegations are simply disingenuous, and Chartwell's motion to dismiss should be granted.

Respectfully submitted,

Dated: New York, NY
      January 16, 2024      **CHARTWELL LAW**

By:     /s/ Matthew Burrows
Matthew Burrows, Esquire (NY ID 4861523)
One Battery Park Plaza, Suite 710
New York, NY 10004-1445
Telephone: (212) 968-2300
e-mail: mburrows@chartwelllaw.com
      and
John J. Winter, Esquire (*Pro Hac Vice*)
700 American Avenue, Suite 303
King of Prussia, PA 19406
Telephone: (610) 666-8437
Facsimile: (610) 666-7704
e-mail: jwinter@chartwelllaw.com
*(Attorneys for The Chartwell Law Offices, LLP)*